**IN THE UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF OHIO – Western Division at Cincinnati**

| | | |
|---|---|---|
| **HUNTER DOSTER,** | : | Case No.: 1:22-CV-84 |
| **JOE DILLS,** | | |
| **JASON ANDERSON,** | : | |
| **MCKENNA COLANTANIO,** | | |
| **PAUL CLEMENT**, | : | |
| **BENJAMIN LEIBY,** | | |
| **BRETT MARTIN,** | : | |
| **CONNOR MCCORMICK,** | | |
| **HEIDI MOSHER,** | : | |
| **PETER NORRIS,** | | |
| **PATRICK POTTINGER,** | : | |
| **ALEX RAMSPERGER,** | | |
| **DANIEL REINEKE,** | : | |
| **BENJAMIN RINALDI**, | | |
| **DOUGLAS RUYLE,** | : | |
| **CHRISTOPHER SCHULDES,** | | |
| **EDWARD STAPANON, III** | : | |
| **ADAM THERIAULT** | | |
| | : | |
| *On behalf of themselves and others similarly situated* | : | |
| c/o Christopher Wiest, Esq. | | |
| 25 Town Center Blvd, Ste. 104 | : | |
| Crestview Hills, KY 41017 | | |
| | : | |
| Plaintiffs | | |
| v. | : | |
| | | |
| **Hon. FRANK KENDALL** | : | |
| *In his official capacity as* | | |
| *Secretary of the Air Force* | : | |
| 1670 Air Force Pentagon | | |
| Washington, DC 20310-1670 | : | |
| | | |
| and | : | |
| | | |
| **Lt. General ROBERT I. MILLER** | : | |
| *In his official capacity as* | | |
| *Surgeon General of the Air Force* | : | |
| 1780 Air Force Pentagon | | |
| Falls Church, VA 22041 | : | |
| | | |
| and | : | |

1

**Lt. General MARSHALL B. WEBB**   :
*in his official capacity as Commander*
*Air Education and Training Command* :
1 F Street, Suite 1
JSBA Randolph, TX 78150-4324  :

And            :

**Lt. General RICHARD W. SCOBEE**  :
*In his official capacity as Commander,*
*Air Force Reserve Command*   :
555 Robins Parkway, Ste. 250
Robins Air Force Base, GA 31098  :

and            :

**Lt. General JAMES C. SLIFE**   :
*In his official capacity as Commander,*
*Air Force Special Operations Command* :
100 Bartley St, Ste. 301
Hulburt Field, FL 32544    :

and            :

**United States of America**    :
c/o U.S. Attorney SDOH and
U.S. Attorney General     :

  Defendants      :

## PLAINTIFFS' VERIFIED CLASS ACTION COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

  Plaintiffs, through Counsel, for themselves and others similarly situated, states for their

Verified Complaint as follows:

### Introduction

1. This action involves the systematic effort of the Defendants, and those who report to them, to

  flagrantly violate federal law, and specifically the Religious Freedom and Restoration Act, 42

  U.S.C. § 2000bb through 42 U.S.C. § 2000bb-4 ("RFRA"), in a concerted and deliberate effort

  to violate the rights of members of the Air and Space Force.  All of the Plaintiffs have

documented, sincerely held religious beliefs from the Defendants' COVID-19 vaccination requirement. None of them have had their requests accommodated. In several cases, they face imminent irreparable harm. All of the Plaintiffs have had their requests processed by and through their chain of command. As part of that process, all of them were interviewed at least once by an Air Force Chaplain to determine the sincerity of their beliefs and that the mandates substantially burdened those beliefs. The result of each interview confirmed the sincerity of their beliefs and that the Department of the Air Force's vaccination policy substantially burdened those beliefs.

2. On a perfunctory basis, requests for the religious exemption were denied, citing force protection requirements; in fact, the Department of the Air Force has failed to approve all but a small handful of religious accommodation requests, and those requests, upon information and belief, are for airmen who are close to the terminal end of their service. While at the same time, the Department of the Air Force has approved thousands of administrative or medical exemptions to the same requirements.

## **Parties – The Plaintiffs**

### Active-Duty Plaintiffs

3. Plaintiff Hunter Doster is a Second Lieutenant (O-1), on active duty in the United States Air Force, and is currently assigned to Wright-Patterson Air Force Base, who resides in this District and Division.

4. Plaintiff Jason Anderson is a Colonel (O-6), on active duty in the United States Air Force, and is currently assigned to Wright-Patterson Air Force Base, who resides in this District and Division.

5. Plaintiff Paul Clement is a Major (O-4), on active duty in the United States Air Force, and is currently assigned to Wright-Patterson Air Force Base, who resides in this District and Division.

6. Plaintiff McKenna Colantanio is an Airman First Class (E-3), on active duty in the United States Air Force, and is currently assigned to Hulburt Field, Florida. She resides in Tampa, Florida.

7. Plaintiff Benjamin Leiby is a Major (O-4), on active duty in the United States Air Force, and is currently assigned to Wright-Patterson Air Force Base, who resides in this District and Division.

8. Plaintiff Brett Martin is a Second Lieutenant (O-1), on active duty in the United States Air Force, and is currently assigned to Wright-Patterson Air Force Base, who resides in this District and Division.

9. Plaintiff Connor McCormick is a Second Lieutenant (O-1), on active duty in the United States Air Force, and is currently assigned to Wright-Patterson Air Force Base, who resides in this District and Division.

10. Plaintiff Peter Norris is a Captain (O-3), on active duty in the United States Air Force, and is currently assigned to Wright-Patterson Air Force Base, who resides in this District and Division.

11. Plaintiff Alex Ramsperger is a Second Lieutenant (O-1), on active duty in the United States Air Force, and is currently assigned to Wright-Patterson Air Force Base, who resides in this District and Division.

12. Plaintiff Daniel Reineke is a Major (O-4), on active duty in the United States Air Force, and is currently assigned to Randolph Air Force Base. He resides in Cibolo, Texas.

13. Plaintiff Benjamin Rinaldi is a Captain (O-3), on active duty in the United States Air Force, and is currently assigned to Wright-Patterson Air Force Base, who resides in this District and Division.

14. Plaintiff Douglas Ruyle is a Lt. Colonel (O-5), on active duty in the United States Space Force, and is currently assigned to Wright-Patterson Air Force Base, who resides in this District and Division.

15. Plaintiff Edward Stapanon is a Lt. Colonel (O-5), who is on active duty in the United States Air Force, and is currently assigned to Randolph Air Force Base, Texas.  He resides in New Braunfels, Texas.

16. Plaintiff Adam Theriault is a Staff Sergeant (E-5), on active duty in the United States Air Force, and is currently assigned to Hulburt Field, Florida.  He resides in Gulf Breeze, Florida.

<u>Active Reservist Plaintiffs</u>

17. Plaintiff Joe Dills is a Senior Airman (E-4), who is either an active reservist in the United States Air Force, or was an active reservist until the actions complained of herein, and was recently transferred or faces such transfer imminently to the Individual Ready Reserve in violation of federal law, and is, or was currently assigned to Wright-Patterson Air Force Base.  He resides in Clermont County, Ohio, in both this District and Division.

18. Plaintiff Heidi Mosher, is a Major (O-4), who is an active reservist in the United States Air Force, and is assigned to Dobbins ARB, Georgia.  She resides in Tyron, North Carolina.

19. Plaintiff Patrick Pottinger, is a Major (O-4), who is an active reservist in the United States Air Force, and is currently assigned to Randolph Air Force Base, Texas.  He resides in New Braunfels, TX.

20. Plaintiff Christopher Schuldes is a Senior Master Sergeant (E-8), who is either an active reservist in the United States Air Force, or was an active reservist until the actions complained of herein, and was recently transferred or faces such transfer imminently to the Individual Ready Reserve in violation of federal law; he is, or was until the actions complained of, assigned to March Air Reserve Base. He resides in Lake Forest, California.

21. Defendants are the duly installed Secretary of the United States Air Force ("SECAF") (Defendant Kendall), whose office is located in the District of Columbia, the Surgeon General of the Air Force ("SG") (Defendant Miller), the Commander of U.S. Air Force Reserve Command ("AFRC") (Defendant Scobee), the Commander of Air Education and Training Command ("AETC") (Defendant Webb), and Commander, Air Force Special Operations Command ("AFSOC") (Defendant Slife), all of whom are sued in their official capacities, as well as the United States.

## Jurisdiction and Venue

22. Subject matter jurisdiction over the federal claims and causes of action asserted by the Plaintiff in this action is conferred on this Court pursuant to 28 U.S.C. §1331, 28 U.S.C. §1346(a)(2), 28 U.S.C. §1361, 28 U.S.C. § 2201, 28 U.S.C. § 2202, 42 U.S.C. 2000bb-1(c), and other applicable law.

23. Venue is proper in this District under the provisions of 28 U.S.C. § 1391(e)(1)(C) in that at least one Plaintiff resides in this District and Division. Venue is proper in this division under 28 U.S.C. § 1391(e)(1)(C) in that at least one Plaintiff resides in this District and Division.

## Facts

24. On or about September, 2021, Defendant Kendall, Secretary of the Air Force, issued an order to members of the Air Force and Space Force to be vaccinated for COVID-19.

25. On November 29, 2021, the Air Force placed a hold on any Permanent Change of Stations related to the vaccination requirement, effectively pausing duty changes, and career progression, for personnel who had pending vaccination exemptions.  Many of the Plaintiffs who are currently pursuing Masters or PhD work at Air University at AETC at Wright Patterson Air Force Base, received an email to this effect soon thereafter.

26. All of the Plaintiffs have sought religious exemptions from that vaccination requirement, as outlined in the following paragraphs, and pursuant to the federal Religious Freedom Restoration Act ("RFRA") (42 USC 2000bb), and its implementing regulations, including, without limitation, Department of Defense Instruction ("DoDI") 1300.17.[1]

The Plaintiffs Religious Accommodation Requests[2]

Active-Duty Plaintiffs

27. Plaintiff Hunter Doster submitted his religious accommodation request to Lt. General Webb on September 7, 2021; an Air Force Chaplain interviewed Lt. Doster on October 1, 2021, and confirmed the sincerity of his beliefs. Lt. General Webb denied Lt. Doster's request for an accommodation on January 6, 2022 (though he was notified on January 11, 2022), well outside the 30-day timeframe for processing under DodI 1300.17; and Lt. Doster then appealed that denial to Lt. General Miller, on January 18, 2022, where it remains pending.

---

[1] https://www.esd.whs.mil/Portals/54/Documents/DD/issuances/dodi/130017p.pdf (last visited 2/16/2022).  Page 10 of this Instruction contains processing timelines for religious accommodation requests, that require action within 30 days for Active-Duty Personnel, and 60 days for Reservists from the relevant action authority (i.e. the General Court Martial Convening Authority); and, for appeals, 60 days from submission.

[2] We are filing, separately, an appendix that contains true and accurate copies of the relevant administrative materials, including the Plaintiffs' religious accommodation requests and adjudications thereon, as well as other relevant materials.

28. Plaintiff Jason Anderson submitted his religious accommodation request to Lt. General Webb in September, 2021; an Air Force Chaplain interviewed Colonel Anderson on October 14, 2021, and confirmed the sincerity of his beliefs. In contravention of the timelines contained in DodI 1300.17, Colonel Anderson's request remains pending with Lt. General Webb as of the date of the filing of this Complaint.

29. Plaintiff Paul Clement submitted his religious accommodation request to Lt. General Webb on September 28, 2021; an Air Force Chaplain interviewed Major Clement on October 5, 2021, and confirmed the sincerity of his beliefs. In contravention of the timelines contained in DodI 1300.17, Major Clement's request remains pending with Lt. General Webb as of the date of the filing of this Complaint.

30. Plaintiff McKenna Colantanio submitted her religious accommodation request to Lt. General Slife on September 20, 2021; an Air Force Chaplain interviewed A1C Colantanio on September 30, 2021, and confirmed the sincerity of her beliefs. Lt. General Slife denied A1C Colantanio's request for an accommodation on December 2, 2021 well outside the 30-day timeframe for processing under DodI 1300.17; and A1C Colantanio appealed that denial to Lt. General Miller, on December 9, 2021, who then denied her appeal on January 6, 2022.

31. Plaintiff Benjamin Leiby submitted his religious accommodation request to Lt. General Webb in September, 2021, which was updated on November 29, 2021; an Air Force Chaplain interviewed Major Leiby and confirmed the sincerity of his beliefs on October 19, 2021. In contravention of the timelines contained in DodI 1300.17, Major Leiby's request remains pending with Lt. General Webb as of the date of the filing of this Complaint.

32. Plaintiff Brett Martin submitted his religious accommodation request to Lt. General Webb in September 22, 2021; an Air Force Chaplain interviewed Lt. Martin and confirmed the

sincerity of his beliefs in October, 2021. In contravention of the timelines contained in DodI 1300.17, Lieutenant Martin's request remains pending with Lt. General Webb as of the date of the filing of this Complaint.

33. Plaintiff Connor McCormick submitted his religious accommodation request to Lt. General Webb on September 8, 2021; an Air Force Chaplain interviewed Lt. McCormick and confirmed the sincerity of his beliefs on October 4, 2021. In contravention of the timelines contained in DodI 1300.17, Lieutenant McCormick's request remains pending with Lt. General Webb as of the date of the filing of this Complaint.

34. Plaintiff Peter Norris submitted his religious accommodation request to Lt. General Webb on September 28, 2021; an Air Force Chaplain interviewed Captain Norris and confirmed the sincerity of his beliefs in October, 2021. In contravention of the timelines contained in DodI 1300.17, Captain Norris' request remains pending with Lt. General Webb as of the date of the filing of this Complaint.

35. Plaintiff Alex Ramsperger submitted his religious accommodation request to Lt. General Webb on September 3, 2021; an Air Force Chaplain interviewed Lt. Ramsperger and confirmed the sincerity of his beliefs on October 21, 2021. In contravention of the timelines contained in DodI 1300.17, Lt. Ramsperger's request remains pending with Lt. General Webb as of the date of the filing of this Complaint.

36. Plaintiff Daniel Reineke submitted his religious accommodation request to Lt. General Webb on September 20, 2021; an Air Force Chaplain interviewed Major Reineke on September 21, 2021, and confirmed the sincerity of his beliefs. Lt. General Webb denied Major Reineke's request for an accommodation on January 28, 2022, well outside the 30-day timeframe for

processing under DodI 1300.17; and Maj. Reineke appealed that denial to Lt. General Miller, on February 11, 2022, where it remains pending.

37. Plaintiff Benjamin Rinaldi submitted his religious accommodation request to Lt. General Webb on September 14, 2021; an Air Force Chaplain interviewed Captain Rinaldi and confirmed the sincerity of his beliefs on September 28, 2021. In contravention of the timelines contained in DodI 1300.17, Captain Rinaldi's request remains pending with Lt. General Webb as of the date of the filing of this Complaint.

38. Plaintiff Douglas Ruyle submitted his religious accommodation request to Lt. General Webb on September 27, 2021; an Air Force Chaplain interviewed Lt. Colonel Ruyle and confirmed the sincerity of his beliefs on October 28, 2021. In contravention of the timelines contained in DodI 1300.17, Lt. Colonel Ruyle's request remains pending with Lt. General Webb as of the date of the filing of this Complaint.

39. Plaintiff Edward Stapanon, III submitted his religious accommodation request to Lt. General Webb on September 13, 2021; an Air Force Chaplain interviewed Lt. Colonel Stapanon on September 21, 2021, and confirmed the sincerity of his beliefs; his accommodation request was denied by Lt. General Webb on January 7, 2022 well outside the 30-day timeframe for processing under DodI 1300.17, and he submitted an appeal to Lt. General Miller on January 19, 2022, where it remains pending.

40. Plaintiff Adam Theriault submitted his religious accommodation request to Lt. General Slife on September 3, 2021; an Air Force Chaplain interviewed him and confirmed the sincerity of his beliefs. On November 5, 2021, Lt. General Slife denied the accommodation well outside the 30-day timeframe for processing under DodI 1300.17, and Plaintiff Theriault then

appealed that denial on November 19, 2021. Lt. General Miller then denied that appeal on January 21, 2022.

41. Being filed contemporaneously herewith is an Appendix, authenticated through the Declaration of the undersigned Counsel, as well as through Plaintiffs' verifications filed herewith, that contain true and accurate copies of the administrative materials cited herein.

<u>Plaintiffs Theriault and Colantanio face imminent, irreparable harm</u>

42. Plaintiff Theriault received a Letter of Reprimand from his commander on February 8, 2022, and has been told that the Air Force will institute proceedings under Article 15 (10 U.S.C. § 815), imposing non-judicial punishment, as soon as February 21, 2022. For the avoidance of all doubt, this includes the possibility of restriction on his liberty, reduction in grade, and forfeiture of pay, and follow-on separation from the Air Force.

43. Plaintiff Colantanio faces a Letter of Reprimand from her commander in the next week, which will then be followed by proceedings under Article 15 (10 U.S.C. § 815), imposing non-judicial punishment. For the avoidance of all doubt the Article 15 proceedings includes includes the possibility of restriction on her liberty, reduction in grade, and forfeiture of pay, and follow-on separation from the Air Force.

<u>Active Reservist Plaintiffs</u>

44. Plaintiff Joe Dills submitted his religious accommodation request to Lt. General Scobee in October 2, 2021; an Air Force Chaplain interviewed Senior Airman Dills and confirmed the sincerity of his beliefs; his accommodation request was denied by both Lt. General Scobee, and he submitted an appeal that was denied by Lt. General Miller.

45. Plaintiff Heidi Mosher submitted her religious accommodation request to Lt. General Scobee on October 16, 2021; an Air Force Chaplain interviewed Major Mosher that same date and

confirmed the sincerity of her beliefs; her accommodation request was denied by Lt. General Scobee on January 31, 2022 well outside the 60-day timeframe for processing under DodI 1300.17, and she wrote an appeal on February 2, 2022, which was submitted to Lt. General Miller on February 7, 2022, and is still pending.

46. Plaintiff Patrick Pottinger submitted his religious accommodation request to Lt. General Scobee on September 13, 2021; an Air Force Chaplain interviewed Major Pottinger on October 1, 2021, and confirmed the sincerity of his beliefs; his accommodation request was denied by Lt. General Scobee on January 7, 2022 well outside the 60-day timeframe for processing under DodI 1300.17, and he submitted an appeal to Lt. General Miller on January 19, 2022, which is still pending.

47. Plaintiff Christopher Schuldes submitted his religious accommodation request to Lt. General Scobee on October 2, 2021; an Air Force Chaplain interviewed SMSgt Schuldes on October 5, 2021, and confirmed the sincerity of his beliefs; his accommodation request was denied by Lt. General Scobee on October 22, 2021, and he submitted an appeal to Lt. General Miller on October 30, 2021, which was denied by Lt. General Miller of December 16, 2021. He faces imminent transfer to the individual ready reserves and the loss of retirement.

Many of the Plaintiffs have documented natural immunity from prior infection from COVID-19

48. In addition to the foregoing, many of the Plaintiffs have previously been infected from COVID-19, and have natural immunity, as well as antibody tests demonstrating this robust, ongoing, natural immunity. Specifically, Plaintiffs Lt. Hunter Doster, Major Paul Clement, Lt. Brett Martin, Lt. Connor McCormick, Major Heidi Mosher, Lt. Alex Ramsperger, Captain Benjamin Rinaldi, Lt. Colonel Douglas Ruyle, Major Patrick Pottinger, and Lt.

Colonel Edward Stapanon all have been previously infected with COVID-19, and have natural immunity as a result.

<u>The Air Force employs a double standard for exemption requests, granting thousands of medical and administrative requests, while denying all but a handful of religious exemptions</u>

49. As of the date of this Complaint, the Air Force has received 12,623 requests for religious accommodation, has only approved 8, has denied 3,222, has had 1,176 appeals, and has denied 443 of those, while approving only one.  In the meantime, the Air Force has granted 1,476 medical exemptions, and 1,837 administrative exemptions.[3]  The Air Force has begun discharging such airmen.[4]

50. The granting of more than one thousand medical and administrative exemptions belies any assertion that vaccination is mission-critical and that no exemptions can be granted.

51. Upon information and belief, Defendant Kendall gave directives to Commanders, through official and/or unofficial channels, that religious accommodations were not to be granted to the COVID-19 vaccination policy.  The evidence for this includes, without limitation, a declaration filed in a related matter, in which an Air Force Colonel testified that the Air Force was reserving its exemptions for medical and administrative reasons.

52. Defendants Kendall, Scobee, Miller, Webb, and Slife each have failed to grant (or even meaningfully consider) numerous religious accommodation requests, while processing and approving medical and/or administrative accommodations, including for job duties similar in risk from the COVID-19 perspective to the Plaintiffs; but each, in violation of RFRA

---

[3] https://www.af.mil/News/Article-Display/Article/2919591/daf-covid-19-statistics-feb-8-2022/ (last visited 2/14/2022).
[4] *Id.*; https://www.cnn.com/2021/12/13/politics/air-force-troops-discharged-covid-19-vaccine/index.html (last visited 1/2/2022).

nevertheless have taken, continue to take, and threaten to take additional actions against the Plaintiffs, including the threat of punitive actions including court-martial.

53. Because the order in question violates Plaintiffs' fundamental dictates of religion, they are unable to comply with it, and cannot adhere to it, even if it means federal prison through the UCMJ process.

54. To be clear, and without limitation, the Air Force has accommodated numerous airmen, at least from a medical or administrative perspective. The Air Force has granted medical waivers to vaccination requirements, belying any claim that vaccination is a must for mission accomplishment.

55. The Air Force has also accommodated persons with HIV, providing waivers to permit them to remain in the service, demonstrating the ability to accomplish the mission.

56. Furthermore, the vaccination requirement, including with respect to COVID-19, does not prevent infection, as breakthrough cases are increasingly becoming more prevalent.

57. However, the government must prove, but cannot prove, that it has a compelling interest to mandate a vaccine that has not demonstrated prevention or transmission of a virus.

58. Among other methods, the Air Force could accommodate the Plaintiffs' requests for accommodation by, without limitation:

    a. Requiring testing to determine infection;

    b. Temperature checks and/or other screening to determine infection;

    c. Permitting the Plaintiffs to demonstrate they have robust and long-lasting natural immunity;

    d.    Provide an exemption anyways in that vaccination will not guarantee immunity, and there are members who are currently serving who are not immune to diseases they were vaccinated for, yet they remain able to serve and deploy;

    e.    Requiring isolation to keep Plaintiffs away from those with the disease;

    f.    Place Plaintiffs in a position and/or Air Force Specialty Code that is available for remote work or telework, and not in contact with other airmen;

    g.    Given the significant level of vaccine compliance within the military, accommodating the few numbers of religious exemption requests by providing an exemption (which they *are* already doing for medical and administrative exemptions), which is not a burden;

    h.    As a second to last final option, place Plaintiffs in non-deployable status and/or assignment to a unit that does not deploy overseas; and/or

    i.    As a final option, Honorably discharge Plaintiffs and waive any active duty service commitments they may owe.

### **Injunctive Relief Allegations**

59. Plaintiffs have and continue to have their fundamental constitutional and statutory rights violated by these official capacity Defendants, each of whom is personally involved with the enforcement and/or threatened enforcement of the challenged orders. Plaintiffs will be irreparably harmed if injunctive relief is not issued. Further, the public interest is served by the vindication of constitutional and statutory rights, and the weighing of harms warrants issuing injunctive relief. Because the scope of the violations extends to numerous other members of the Air Force who are similarly situated, Plaintiffs seeks an injunction that similarly covers others similarly situated to remedy the violations at issue.

### Class Action Allegations

60. Plaintiffs reincorporates the preceding Paragraphs as if fully written herein.

61. The actions and violations herein complained of thousands of active or active-reserve airmen.

62. Pursuant to FRCP 23(a), (i) the class is so numerous that joinder of all members is impracticable (with thousands of potential Plaintiffs); (ii) there are questions of law or fact common to the class; (iii) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (iv) the representative parties will fairly and adequately protect the interests of the class.

63. Pursuant to FRCP 23(b): (i) prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; and (ii) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

64. Plaintiffs seeks a Plaintiff class, consisting of those persons who: (i) have been confirmed by Air Force Chaplains to have a sincerely held religious belief against the Air Force's vaccination requirements; (ii) have submitted paperwork demonstrating and seeking a religious accommodation; and (iii) have had their accommodation requests denied, by the relevant Air Force convening authority, or on appeal to Defendant Miller.

## <u>CLAIM I – Violation of the Religious Freedom Restoration Act</u>

65. Plaintiff reincorporates the foregoing as if fully written herein.

66. Pursuant to 42 U.S.C. 2000bb-1(a), "[i]n general Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b)."

67. Pursuant to 42 U.S.C. 2000bb-1(b), "Exception.  Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person— (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."

68. Defendants have, and continue, to substantially burden Plaintiffs' exercise of religion, in light of their vaccine mandates, along with their refusal to timely process certain of the Plaintiffs accommodation requests to that requirement (even though this is required by applicable regulation), do so not in furtherance of a compelling governmental interest, and do so in a manner that is not the least restrictive means of furthering any compelling governmental interest.

69. Pursuant to 42 U.S.C. 2000bb-1(c), "[a] person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government."

70. Further, Plaintiffs seek injunctive relief, to halt the ongoing violations of law and to obtain compliance by the Defendants with same.

71. Further, Plaintiffs seeks their reasonable attorney fees and costs pursuant to 42 U.S.C. 1988(b) (providing that attorney fees and costs awards are available against the federal government and its officials pursuant to RFRA claims).

## CLAIM II – Violation of the First Amendment of the United States Constitution

72. Plaintiffs reincorporates the foregoing as if fully written herein.

73. The First Amendment of the Constitution protects the "free exercise" of religion. Fundamental to this protection is the right to gather and worship. *See W. Va. State Bd. of Educ. v. Barnette*, 319 U.S. 624, 638 (1943) ("The very purpose of a Bill of Rights was to withdraw certain subjects from the vicissitudes of political controversy, to place them beyond the reach of majorities and officials and to establish them as legal principles to be applied by the courts...[such as the] freedom of worship and assembly.").  As the Supreme Court has noted, "a law burdening religious practice that is not neutral or not of general application must undergo the most rigorous of scrutiny." *Church of the Lukumi Babalu Aye, Inc.v. Hialeah*, 508U.S. 520, 546 (1993).

74. Defendants' actions, as described herein, including hostility towards religious beliefs, as well as the creation of secular exemptions from its policies, while refusing to accommodate religious exemptions, constitute a violation of the First Amendment's Free Exercise Clause. *Roberts v. Neace*, 958 F.3d 409 (2020).

75. Plaintiffs thus seek declaratory and injunctive relief under 28 USC § 2201 and 28 USC § 2202 for these First Amendment violations, and reasonable attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants as prayed for, including:

A. That this Court issue preliminary injunctive and/or restraining order relief, to preclude Defendants from taking enforcement/punitive action against Plaintiffs, or others similarly situated, during the pendency of this matter (or until or unless Defendants' rescind their

current no-religious accommodation policy) related to their religious accommodation request;

B.  That this Court issue a declaration that the challenged orders are unconstitutional and illegal under RFRA and/or the First Amendment, as applied to those submitting accommodations that substantially burden sincerely held religious beliefs;

C.  That this Court direct injunctive relief to order timely and good faith processing of such accommodation requests, pursuant to existing DoD Instructions and RFRA;

D.  That this Court direct injunctive relief to order Defendants to grant Plaintiffs' accommodation requests pursuant to RFRA and the First Amendment;

E.  That this Court certify the class as prayed for;

F.  That Plaintiffs be awarded their costs in this action, including reasonable attorney fees under 42 U.S.C. § 1988 and other applicable law; and

G.  Such other relief as this Court shall deem just and proper.

Respectfully submitted,

/s/ Christopher Wiest
Christopher Wiest (OH 0077931)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
513/257-1895 (c)
859/495-0803 (f)
chris@cwiestlaw.com

/s/Aaron Siri
Siri Glimstad, LLP
Aaron Siri (PHV forthcoming)
Elizabeth Brehm (PHV forthcoming)
Wendy Cox (PHV forthcoming)
200 Park Avenue, 17th Floor
New York, NY 10166
(212) 532-1091 (v)
(646) 417-5967 (f)

aaron@sirillp.com

/s/Thomas Bruns_____
Thomas Bruns (OH 0051512)
4750 Ashwood Drive, STE 200
Cincinnati, OH 45241
tbruns@bcvalaw.com
513-312-9890
**Attorneys for Plaintiffs**

## VERIFICATION

Pursuant to 28 U.S.C. 1746, I, Hunter Doster, declare under penalty of perjury that I have read the foregoing Verified Complaint, and state that the factual statements therein are true and accurate and the documents attached are true and accurate copies of what they purport to be.

Executed on 02/13/2022

Hunter Doster

<u>VERIFICATION</u>

Pursuant to 28 U.S.C. 1746, I, Adam Theriault, declare under penalty of perjury that I have read the foregoing Verified Complaint, and state that the factual statements therein are true and accurate and the documents attached are true and accurate copies of what they purport to be.

Executed on 14 Feb 2022 .

Adam Theriault