IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO – Cincinnati Division

| | | |
|---|---|---|
| **HUNTER DOSTER, et. al.** | : | Case No.: 1:22-cv-00084 |
| Plaintiff | : | |
| v. | : | |
| **Hon. FRANK KENDALL**, et. al. | : | |
| Defendants | : | |

### PLAINTIFFS' MOTION FOR AN EMERGENCY TEMPORARY RESTRAINING ORDER FOR PLAINTIFF HUNTER DOSTER WITH THE DECLARATION OF HUNTER DOSTER IN SUPPORT

Today, February 28, 2022, Plaintiff Doster received notice that his appeal from the Air Force Surgeon General was denied, and he was given an order, to either become vaccinated in the next five days (by March 5, 2022), or for him to separate from the Air Force.[1] That, in turn, gives rise to the need for emergency relief prior to the April 1, 2022 date previously discussed between the parties and the Court.

We have previously moved for preliminary injunctive relief, and restraining order relief [DE#13], setting forth the applicable law and applicable facts. We did not move for a temporary restraining order for Lt. Doster at that point in time, because we determined that he was not facing debilitating irreparable harm in the next 14 days at the time that motion was filed. That has changed with today's developments.

We anticipate that the Air Force will begin administrative actions against Lt. Doster, with a Letter of Reprimand ("LOR"), which could be issued as soon as Monday March 7, 2022. He

---

[1] Any such separation raises serious concerns for Lt. Doster, as he is a 2020 Air Force Academy Graduate, and such separation would trigger recoupment of potentially hundreds of thousands of dollars in educational benefits.

1

will be afforded 3 days to respond to that, by March 10, 2022, at which point we anticipate, based on past Air Force practice, his commander will confirm the LOR.  <u>We view the March 10, 2022 date as the operative irreparable harm date</u>.  That paperwork is as a practical matter, likely career-ending and would likely preclude his ability to promote, which would otherwise occur in May of this year (one supposes, if TRO relief is not granted, the Court could order that the LOR be removed from his files as part of any preliminary injunctive relief awarded in this matter).

Following typical Air Force practice, Lt. Doster will then be given another order to be vaccinated within five days, or be separated, at which point the Air Force will escalate disciplinary measures.

We have previously explained the merits of the claims, and we have previously outlined the law and irreparable harm.  We incorporate by reference the entirety of that prior filing. [DE#13].

We also supplement this filing with Notice of Supplemental Authority, namely a decision issued this morning by Judge Rose in the matter of *Poffenbarger v. Kendall*.

We have attached a proposed order outlining the narrow, proposed relief, we are seeking for Lt. Doster.

                Respectfully submitted,

                /s/ Christopher Wiest_____
                Christopher Wiest (OH 0077931)
                Chris Wiest, Atty at Law, PLLC
                25 Town Center Blvd, Suite 104
                Crestview Hills, KY 41017
                513/257-1895 (c)
                859/495-0803 (f)
                chris@cwiestlaw.com

                /s/Aaron Siri_____
                Siri Glimstad, LLP
                Aaron Siri (admitted PHV)

Elizabeth Brehm (admitted PHV)
Wendy Cox (PHV pending)
200 Park Avenue, 17th Floor
New York, NY 10166
(212) 532-1091 (v)
(646) 417-5967 (f)
aaron@sirillp.com

/s/Thomas Bruns_____
Thomas Bruns (OH 0051512)
4750 Ashwood Drive, STE 200
Cincinnati, OH 45241
tbruns@bcvalaw.com
513-312-9890
**Attorneys for Plaintiff**

## CERTIFICATION UNDER FRCP 65

Pursuant to FRCP 65(b)(1)(A), the Temporary Restraining Order, limited only to preserving the *status quo*, and precluding Defendants from taking punitive actions against Lt. Doster, herein should be granted without notice because the rights involved are irreparable, as explained previously.  The Government is aware of this request, in that they have been served with same, and we indicated in a telephonic status call with the Court that we would be moving for such relief today, February 28, 2022.  Given time constraints and the significant consequences to this Plaintiff at stake, additional notice was not feasible.

/s/ Christopher Wiest_____
Christopher Wiest (OH 0077931)

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing by CM/ECF, this 28 day of February, 2022.

/s/ Christopher Wiest_____
Christopher Wiest (OH 0077931)