**IN THE UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF OHIO – Western Division at Cincinnati**

| | | |
|---|---|---|
| **HUNTER DOSTER, et. al.** | : | **Case No.: 1:22-cv-00084** |
| *On behalf of themselves and others similarly situated* | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| **Hon. FRANK KENDALL, et. al.** | : | |
| Defendants | : | |

<u>**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND MEMORANDUM OF LAW IN SUPPORT WITH THE DECLARATION OF CHRISTOPHER WIEST IN SUPPORT**</u>

Pursuant to Fed. R. Civ. P. 23(a) and (b)(1) and (b)(2), Plaintiffs, except Plaintiff Theriault, by and through their undersigned counsel, hereby move this Court for an order certifying this case as a class action and in support hereof state as follows:

<u>**Introduction**</u>

Since September, 2021, the United States Air Force has denied thousands of religious accommodations to its vaccine mandate. At the same time, it has granted thousands of administrative and medical exemptions. Plaintiffs now seek an injunctive relief class, pursuant to FRCP 23(a) and (b)(1) and (2). The action involves the systematic effort of the Defendants, and those who report to them, to flagrantly violate federal law, and specifically the Religious Freedom and Restoration Act, 42 U.S.C. § 2000bb through 42 U.S.C. § 2000bb-4 ("RFRA"), as well as the First Amendment, in a concerted and deliberate effort to violate the rights of Air Force service members. A memorandum in support is attached hereto, and a proposed order is attached.

1

<u>**MEMORANDUM IN SUPPORT**</u>

## I.     FACTS

This case involves claims under the First Amendment and RFRA, for 18 Air Force

Members, all of whom submitted religious accommodation requests to the Air Force's COVID-

19 vaccination policy, all of whom had Air Force Chaplains confirm the sincerity of their beliefs,

and all of whom have either had their accommodation requests be denied, or who had their

requests not be acted on, in contravention of Department of Defense Instructions.

## II.     LAW AND ARGUMENT

Class actions constitute "an exception to usual rule that litigation is conducted by and on

behalf of the individual named parties only." *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1978).

"In order to justify a departure from that rule, 'a class representative must be part of the class and

possess the same interest and suffer the same injury as the class members.'" *Wal-Mart Stores,*

*Inc. v. Dukes*, 564 U.S. 338, 348-49 (2011) (*quoting E. Tex. Motor Freight Sys., Inc. v.*

*Rodriguez*, 431 U.S. 395, 403 (1977)). To obtain class certification, a plaintiff must meet each of

the four prerequisites contained in Federal Rule of Civil Procedure 23(a)—numerosity,

commonality, typicality, and adequate representation. *Zehentbauer Family Land, LP v.*

*Chesapeake Expl. LLC*, 935 F.3d 496, 503 (6th Cir. 2019).

"[C]ertification is proper only if the trial court is satisfied, after a rigorous analysis, that

the prerequisites of Rule 23(a) have been satisfied." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33

(2013). This rigorous analysis may require "the court to probe behind the pleadings before

coming to rest on the certification question." *Id.* However, courts do not have "license to engage

in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013).

In addition to meeting the four criteria in Rule 23(a), a plaintiff must demonstrate that the putative class complies with at least one of the requirements of Rule 23(b). *Id.* Here, Plaintiffs seek certification of the class pursuant to Rule 23(b)(1) and (2).

First, under Rule 23(b)(1), certification is appropriate if "prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests."  Rule 23(b)(1)(A) takes in cases where the party is obliged by law to treat the members of the class alike or where the party must treat all alike as a matter of practical necessity.  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997).  The Government's compliance with RFRA and the First Amendment presents such a case.

A court may certify a class under Rule 23(b)(2) if (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.  A (b)(2) class would also be appropriate here, since it involves claims for declaratory and injunctive relief against official capacity defendants.  *Clemons v. Norton Healthcare Inc.*, 890 F.3d 254, 280 (6th Cir. 2018).

A. <u>Class Definition</u>

Plaintiffs seek a class of: "All active-duty, and active reserve members of the United States Air Force who: (i) submitted a religious accommodation request to the Air Force from the Air Force's COVID-19 vaccination requirement, where the request was submitted or was pending, from September 1, 2021 to the present; (ii) were confirmed as having had a sincerely held religious belief by or through Air Force Chaplains; and (iii) either had their requested accommodation denied or have not had action on that request."

The proposed class definition is adequate and readily identifies the class members by objective criteria. *See Neumont v. Monroe County, Fla.*, 198 F.R.D. 554, 556 (S.D.FL. 2000) *citing O'Connor v. Boeing North American, Inc.*, 184 F.R.D. 311, at 319, (C.D.Cal. 1998) ("a class will be found to exist if the description of the class is definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member").

B. <u>Numerosity</u>

While there is no strict numerical threshold, "[o]ften, a class of 40 or more members is sufficient to meet the numerosity requirement.'" *Dillow v. Home Care Network, Inc.*, No. 1:16-cv-612, 2017 U.S. Dist. LEXIS 85788, 2017 WL 2418738, at *2 (S.D. Ohio June 5, 2017). There are 18 members who meet the class definition alone, and, as the Plaintiffs' submittals indicate [DE#13-2], there have been 12,623 requests, with 3,180 denied, and 8 approved.[1] Clearly, numerosity is met.

---

[1] The Government has conceded that the approvals were individuals who were nearing the end of their term of service and otherwise qualified for an administrative exemption, on the record, in *Poffenbarger v. Kendall*, SDOH Case No. 3:22-cv-00001. We have ordered the transcript of this proceeding.

C. Commonality and Typicality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Although the Rule "speaks of 'questions' in the plural," the Sixth Circuit has held that "one question common to the class" satisfies this requirement. *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998). As the Supreme Court explained in *Tyson Foods, Inc. v. Bouaphakeo*, "[a]n individual question is one where 'members of a proposed class will need to present evidence that varies from member to member,' while a common question is one where 'the same evidence will suffice for each member to make a *prima facie* showing [or] the issue is susceptible to generalized, class-wide proof.'" 577 U.S. 442 (2016) (*quoting* 2 W. Rubenstein, Newberg, Newberg on Class Actions § 4:50, pp. 196-197 (5th ed. 2012)).

Commonality does not require "the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Zehentbauer Family Land, LP*, 935 F.3d 496, 503 (6th Cir. 2019) (*quoting Wal-Mart*, 564 U.S. at 350). Said another way, commonality is met when determining the "truth or falsity" of a common contention " that will resolve an issue that is central to the validity of each one of the claims in one stroke," advancing the litigation. *Wal-Mart*, 564 U.S. at 350; *Sprague*, 133 F.3d at 397.

Federal Rule of Civil Procedure 23(a)(3) requires plaintiffs to demonstrate that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." "Typicality is met if the class members' claims are 'fairly encompassed by the named plaintiffs' claims.'" *Hendricks v. Total Quality Logistics, LLC*, No. 1:10-cv-649, 2019 U.S. Dist. LEXIS 96940, 2019 WL 2387206, at *7 (S.D. Ohio Mar. 22, 2019) (*quoting Sprague*, 133 F.3d at 399). The purpose of the requirement is to ensure that the representatives' interests and the interests of

the class members are aligned. *Id.* "Many courts have found typicality if the claims or defenses of the representatives and the members of the class stem from a single event or a unitary course of conduct, or if they are based on the same legal or remedial theory." *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 509 (6th Cir. 2015) (*quoting* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 7A Federal Practice and Procedure § 1764 (3d ed. 2005)).

All of the claims here involve what is, essentially, claims of religious discrimination and are centered upon the Government's granting of thousands of administrative and medical exemptions, and systemic denial of religious exemptions. Said another way, we anticipate common elements of proof to prove the claims at issue for each Plaintiff and for the class. And, while the details of an individual accommodation may differ, the seventeen class representative Plaintiffs represent reservists and active-duty members, pilots, technicians, and students, in a host of settings, with common claims stemming from the defendant's course of conduct in denying religious accommodation requests of all Air Force members (the class).

D. Adequacy

The adequacy of representation requirement of Rule 23(a)(4) ensures that "the representative parties will fairly and adequately protect the interests of the class." This requirement has two components: (1) the representatives must have common interests with the unnamed class members, and (2) it must appear that the representatives will vigorously prosecute the class action through qualified counsel. *See Rikos v. Procter & Gamble*, No. 1:11-cv-225, 2018 U.S. Dist. LEXIS 72722, 2018 WL 2009681, at *5 (S.D. Ohio Apr. 30, 2018) (*citing Senter v. Gen. Motors Corp.*, 532 F.2d 511, 524-25 (6th Cir. 1976)).[2]

---

[2] We seek to exclude SSgt Theriault as a class Plaintiff.

Here, Plaintiffs and the Class Members possess the same interest and suffered the same injury: each of them requested a religious accommodation and have either had it denied, or have not had it acted upon, notwithstanding Department of Defense Instructions that contained timelines for processing such requests that have been violated. Accordingly, Plaintiffs are adequate Class Representatives and satisfy the first prong of the adequacy requirement. *See Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 626 (6th Cir. 2007) ("Class representatives are adequate when it appears that they will vigorously prosecute the interest of the class through qualified counsel . . . which usually will be the case if the representatives are part of the class and possess the same interest and suffer the same injury as the class members").

Further, Plaintiffs are represented by qualified counsel with extensive experience prosecuting class actions, constitutional matters, and religious freedom cases. (See Declaration Wiest). Accordingly, the second prong of the adequacy requirement is met. *See Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000).

## III. CONCLUSION

Plaintiffs therefore respectfully move this court to certify that this action may proceed as a class action on behalf of the class defined above.

Respectfully submitted,

/s/ Christopher Wiest_____
Christopher Wiest (OH 0077931)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
513/257-1895 (c)
859/495-0803 (f)
chris@cwiestlaw.com

/s/Aaron Siri
Siri Glimstad, LLP
Aaron Siri (admitted PHV)
Elizabeth Brehm (admitted PHV)
Wendy Cox (admitted PHV)
200 Park Avenue, 17th Floor
New York, NY 10166
(212) 532-1091 (v)
(646) 417-5967 (f)
aaron@sirillp.com

/s/Thomas Bruns
Thomas Bruns (OH 0051512)
4750 Ashwood Drive, STE 200
Cincinnati, OH 45241
tbruns@bcvalaw.com
513-312-9890
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon all Counsel of record, by filing same with the Court via CM/ECF, this 2 day of March, 2022.

/s/ Christopher Wiest
Christopher Wiest (OH 0077931)