**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION**

|  |  |
|---|---|
| **HUNTER DOSTER,** *et al.,*<br><br>            *Plaintiffs,*<br><br>v.<br><br>**FRANK KENDALL,** *et al.,*<br><br>            *Defendants.* | No. 1:22-cv-00084<br>Hon. Matthew W. McFarland |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

ARGUMENT ........................................................................................................................2

    I.     The Court Should Dismiss Claims Arising from Any Alleged Delay in
           Processing Religious Accommodation Requests. ...............................................2

    II.    Plaintiffs' Claims Are Not Ripe. .........................................................................2

          A.     Plaintiffs Without a Final Decision on Their Religious
                 Accommodation Requests Do Not Have Ripe Claims. ...........................2

          B.     Plaintiffs Who Have Not Been Disciplined Do Not Have Ripe
                 Claims. ...................................................................................................4

    III.   Plaintiffs Have Failed to Exhaust Their Administrative Remedies...............................5

          A.     Sixth Circuit Precedent Requires Exhaustion. .......................................5

          B.     No Exception to Exhaustion Applies. ......................................................8

          C.     Exhaustion Includes Pursuing Available Appeals, including the Air
                 Force Board for Correction of Military Records...............................11

    IV.   Jurisdictional Discovery Is Not Necessary To Dismiss. ...................................13

CONCLUSION ....................................................................................................................14

# TABLE OF AUTHORITIES

## CASES

*Adair v. England*,
    183 F. Supp. 2d 31 (D.D.C. 2002) ...........................................................................................12

*Aikens v. Ingram*,
    652 F.3d 496 (4th Cir. 2011) ....................................................................................................8

*Bickel v. The Del. Air Nat'l Guard*,
    No. 2:18-CV-00119, 2018 WL 2183296 (S.D. Ohio May 11, 2018), *denying mot. to vacate*,
    2022 WL 899703 (S.D. Ohio Mar. 28, 2022) ..........................................................................12

*Bois v. Marsh*,
    801 F.2d 462 (D.C. Cir. 1986) ...........................................................................................8, 12

*Brannum v. Lake*,
    311 F.3d 1127 (D.D.C. 2002) ..................................................................................................12

*Burwell v. Hobby Lobby Stores, Inc.*,
    573 U.S. 682 (2014) ...................................................................................................................9

*Chappell v. Wallace*,
    462 U.S. 296 (1983) .................................................................................................................13

*City of Lakewood v. Plain Dealer Publ'g Co.*,
    486 U.S. 750 (1988) ...................................................................................................................3

*Covill v. United States*,
    959 F.2d 58 (6th Cir. 1992) .....................................................................................................12

*Crawford v. Tex. Army Nat'l Guard*,
    794 F.2d 1034 (5th Cir. 1986) .................................................................................................12

*Cunningham v. Tenn. Cancer Specialists, PLLC*,
    957 F. Supp. 2d 899 (E.D. Tenn. 2013) ...................................................................................2

*Darby v. Cisneros*,
    509 U.S. 137 (1993) .................................................................................................................12

*Davis v. United States*,
    589 F.3d 861 (6th Cir. 2009) .............................................................................................11, 12

*Dilly v. Alexander*,
603 F.2d 914 (D.C. Cir. 1979), *decision clarified*, 627 F.2d 407 (D.C. Cir. 1980) ..................................12

*Doe v. Ball*,
725 F. Supp. 1210 (M.D. Fla. 1989), *aff'd sub nom. Doe v. Garrett*, 903 F.2d 1455
(11th Cir. 1990) ...................................................................................................................................8

*Doster v. Kendall*,
---F. Supp. 3d---, 2022 WL 982299 (S.D. Ohio Mar. 31, 2022) ....................................................8, 9

*Downen v. Warner*,
481 F.2d 642 (9th Cir. 1973) ....................................................................................................12, 13

*Harkness v. Sec'y of the Navy*,
858 F.3d 437 (6th Cir. 2017) ..................................................................................................1, 5, 6

*Heidman v. United States*,
414 F. Supp. 47 (N.D. Ohio 1976) .............................................................................................8, 12

*Hitchcock v. Cumberland Univ. 403(b) DC Plan*,
851 F.3d 552 (6th Cir. 2017) .......................................................................................................1, 6

*Hodges v. Callaway*,
499 F.2d 417 (5th Cir. 1974) ...............................................................................................8, 10, 12

*In re Navy Chaplaincy*,
850 F. Supp. 2d 86 (D.D.C. 2012) ..................................................................................................12

*Layman v. Harvey*,
No. 8:05-cv-2208, 2007 WL 430678 (M.D. Fla. 2007) ..................................................................12

*Maryville Baptist Church, Inv. V. Beshear*,
957 F.2d 610 (6th Cir. 2020) ..........................................................................................................10

*Mass. Mut. Life Ins. Co. v. Russel*,
473 U.S. 134 (1985) .........................................................................................................................9

*McCarthy v. Madigan*,
503 U.S. 140 (1992) .......................................................................................................................10

*Mindes v. Seaman*,
453 F.2d 197 (5th Cir. 1971) ......................................................................................................5, 12

*Montgomery v. Sanders*,
No. 3:07-cv-470, 2008 WL 4546262 (S.D. Ohio Aug. 18, 2008) ......................................................12

*Navy SEAL 1 v. Austin*,
   No. CV 22-0688 (CKK), 2022 WL 1294486 (D.D.C. Apr. 29, 2022) ..................................................6

*Parisi v. Davidson*,
   405 U.S. 34 (1972) ........................................................................................................6, 7, 10

*Parker v. Levy*,
   417 U.S. 733 (1974) ....................................................................................................................8

*Robert v. Austin*,
   No. 21-CV-02228-RM-STV, 2022 WL 103374 (D. Colo. Jan. 11, 2022), *appeal filed*, No.
   22-1032 (10th Cir. Feb. 2, 2022) .............................................................................................14

*Roberts v. Roth*,
   --- F.3d ----, 2022 WL 834148 (D.D.C. Mar. 21, 2022) ....................................................4, 14

*Roth v. Austin*,
   No. 8:22CV3038, 2022 WL 1568830 (D. Neb. May 18, 2022), *appeal filed*, No. 22-2058
   (8th Cir. May 20, 2022) ...........................................................................................................11

*Rucker v. Sec'y of the Army*,
   702 F.2d 966 (11th Cir. 1983) .................................................................................................12

*Schlesinger v. Councilman*,
   420 U.S. 738 (1975) .........................................................................................................7, 8, 10

*Seepe v. Dep't of Navy*,
   518 F.2d 760 (6th Cir. 1975) .....................................................................................................7

*Shaw v. Austin*,
   539 F. Supp. 3d 169 (D.D.C. 2021) .....................................................................................4, 14

*Short v. Berger*,
   No. 22-cv-01151, 2022 WL 1051852 (C.D. Cal. Mar. 3, 2022), *appeal filed*, No. 22-55339
   (9th Cir. Apr. 5, 2022) ..............................................................................................................5

*Smith v. Harvey*,
   541 F. Supp. 2d 8 (D.D.C. 2008) ..............................................................................................5

*U.S. Navy SEAL 1–26 v. Biden*,
   27 F.4th 336 (5th Cir. 2022) ......................................................................................................8

*Vance v. Wormuth*,
   No. 3:21-CV-730-CRS, 2022 WL 1094665 (W.D. Ky. Apr. 12, 2022) ...............................3, 4, 14

*Vaughan v. Ky. Army Nat'l Guard*,
   No. CIV.A. 3:12-35-DCR, 2013 WL 211075 (E.D. Ky. Jan. 18, 2013) ...................................4, 5, 12

iv

*Villegas de la Paz v. Holder*,
 614 F.3d 605 (6th Cir. 2010), *opinion amended and superseded,* 640 F.3d 650 (6th Cir. 2010) .................9

*Von Hoffburg v. Alexander*,
 615 F.2d 633 (5th Cir. 1980) ........................................................................................................... 8, 11

## OTHER AUTHORITIES

DAF COVID-19 Statistics—May 24, 2022,
 https://perma.cc/W74N-ZELG................................................................................................................8

## INTRODUCTION

Plaintiffs' memorandum in opposition to Defendants' motion to dismiss includes significant concessions and admissions, and fails to demonstrate why dismissal should not be granted. Memo in Opp'n to Defs.' MTD, ECF No. 60 ("Opp'n").

First, Plaintiffs do not respond at all to Defendants' explanation that no Plaintiff has standing to assert a claim for any purported delay in processing religious accommodation requests. *See* Mot. to Dismiss, ECF No. 51 at Pg. ID 3388 ("MTD"). Plaintiffs also failed to respond to the argument that delay in deciding an exemption request cannot form the basis of a First Amendment or RFRA claim. *See id.* Those issues should be deemed conceded, and any claim based on purported delay in processing religious exemption requests should be dismissed.

Second, Plaintiffs' brief confirms that eight Plaintiffs have not received a final decision on their religious accommodation request. Opp'n at Pg. ID 4244–45. Based on those undisputed facts alone, the claims of those Plaintiffs are not ripe and should be dismissed.

Third, Plaintiffs concede that under binding Sixth Circuit precedent, their constitutional claims are subject to an administrative exhaustion requirement. Opp'n at Pg. ID 4254–55 (discussing *Harkness v. Sec'y of the Navy*, 858 F.3d 437, 444 (6th Cir. 2017)). But Plaintiffs continue to argue that the Sixth Circuit does not require exhaustion for statutory claims like those brought pursuant to the Religious Freedom Information Act ("RFRA"). Opp'n at Pg. ID 4253 (citing to *Hitchcock v. Cumberland Univ. 403(b) DC Plan*, 851 F.3d 552 (6th Cir. 2017)). Sixth Circuit precedent, however, requires administrative exhaustion for *any* claim challenging military decision-making, whether that claim is based on the constitution, a statute, or a regulation. *See Harkness*, 858 F.3d at 444. Plaintiffs' reliance on *Hitchcock,* an ERISA decision issued before *Harkness*, is misplaced, as *Hitchcock* does nothing to limit the exhaustion requirements set out in *Harkness*. Opp'n at Pg. ID 4253–56. As there is no dispute that Plaintiffs have not exhausted available intra-service remedies, this Court should dismiss

all of Plaintiffs' claims.

For the reasons set out in Defendants' motion to dismiss and explained more fully below, the Court should dismiss Plaintiffs' complaint.

## ARGUMENT

### I. The Court Should Dismiss Claims Arising from Any Alleged Delay in Processing Religious Accommodation Requests.

Plaintiffs offer no response to the arguments set forth in section III of Defendants' motion to dismiss, which explained that Plaintiffs lack standing to raise claims based on delay in processing their religious exemption request and that Plaintiffs failed to plead a valid RFRA or constitutional violation based on that supposed delay. MTD at Pg. ID 3388–89. Those claims should be dismissed for all the reasons Defendants advanced in their motion.

Additionally, the Court should deem any claim based on delay as conceded. "It is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Cunningham v. Tenn. Cancer Specialists, PLLC*, 957 F. Supp. 2d 899, 921 (E.D. Tenn. 2013) (collecting cases). Here, Defendants' motion argued that claims based on delay should be dismissed for lack of standing and for failure to state a claim. *See* MTD at Pg. ID 3388–89. Plaintiffs did not address either of those arguments in their opposition, so this Court should consider those claims conceded and dismiss any delay-based RFRA or First Amendment claims.

### II. Plaintiffs' Claims Are Not Ripe.

#### A. Plaintiffs Without a Final Decision on Their Religious Accommodation Requests Do Not Have Ripe Claims.

Plaintiffs' opposition admits that eight Plaintiffs have not received a final decision from the Air Force regarding their religious accommodation request—and four of them have not even received an initial decision. *See* Opp'n at Pg. ID 4244–45. Plaintiffs assert a claim that their constitutional and

RFRA rights have been violated because the Air Force supposedly has not accommodated their religious beliefs. But the Air Force has not made a final decision on their religious accommodation requests and any harm can only occur from future administration action that has not, and may not happen. Those claims are not ripe and should be dismissed.

No case cited by Plaintiffs suggests that the claims of these individuals are ripe. Plaintiffs rely on inapposite cases where parties brought facial challenges to policies. *See id.* at Pg. ID 4249–50. Those cases are inapplicable because Plaintiffs here bring as-applied claims, challenging the application of the vaccine mandate to each particular Plaintiff—claims that are not ripe until the government first decides how it will apply its policy to that individual. Plaintiffs cite no binding or persuasive authority where a court found a ripe claim even though a plaintiff had not yet completed the available accommodation process.

Plaintiffs also rely on cases discussing prior restraints on speech to argue that they may challenge the Air Force's vaccine policy now without waiting for the Air Force to decide whether to grant a religious exemption. Opp'n at Pg. ID 4250 (citing *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 755–56 (1988)). But this case bears no resemblance to a prior restraint challenge where the very existence of a licensing regime is being challenged as inhibiting protected speech. Prior restraint cases challenges the existence of the licensing process itself, whereas Plaintiffs here do not argue that the existence of a religious accommodation process is improper. Instead, they argue that the government should apply their accommodation requests differently. And unlike prior restraint cases where plaintiffs cannot not engage in desired speech without a license, Plaintiffs here can seek a religious accommodation from the COVID-19 vaccine requirement and are exempt from that requirement while their requests are pending. Nothing warrants a facial challenge to the policy in these circumstances, particularly where no adverse action has yet to be taken.

Similar arguments were rejected by the court in *Vance v. Wormuth*, No. 3:21-CV-730-CRS, 2022

WL 1094665, at *7 (W.D. Ky. Apr. 12, 2022). Plaintiff in that case "contend[ed] that he need not delay in seeking relief from the Court until the Army's review process is complete because it is a foregone conclusion that the Army will deny his appeal and will immediately begin separation proceedings against him for his refusal to receive the COVID-19 vaccine." *Id.* at *2. But the court rejected that argument because "Vance's request for accommodation may be granted" and the "development of a factual record" regarding his request "is crucial." *Id.* at *7. The court in *Vance* recognized that plaintiff faced no imminent harm because "[n]o separation proceedings have been implemented nor are they imminent as his appeal . . . [is] pending, so he is not, at present, being put to any further choice in the matter." *Id.* The court held that Vance's claims "are not ripe and therefore subject matter jurisdiction is lacking." *Id.* Plaintiffs have no response to the core holding of *Vance* other than to point out that the plaintiff in that case had a parallel medical process that was proceeding alongside his religious accommodation request. Opp'n at Pg. ID. 4251 n.22. But that has nothing to do whether a facial challenge is ripe, and in any event the *Vance* court did not base its ripeness decision on that medical process—it principally relied on the still-pending religious accommodation request.

### B. Plaintiffs Who Have Not Been Disciplined Do Not Have Ripe Claims.

Although ten Plaintiffs have received a final decision on their accommodation request, none has received a final decision from the military about what, if any, consequence they might receive for failure to receive the COVID-19 vaccine. Those facts are not in dispute, and those claims likewise are not ripe.

Plaintiffs argue that final discipline is not necessary for a ripe claim so long as consequences are "certainly impending." Opp'n at Pg. ID 4250. Plaintiffs assert that "[i]t is a question of imminence." *Id.* But any consequences for these plaintiffs are not imminent, as many courts have already held. *See Roberts v. Roth*, --- F.3d ----, 2022 WL 834148, at *5 (D.D.C. Mar. 21, 2022); *Shaw v. Austin*, 539 F. Supp. 3d 169, 183 (D.D.C. 2021); *Vaughan v. Ky. Army Nat'l Guard*, No. CIV.A. 3:12-

35-DCR, 2013 WL 211075, at *6 (E.D. Ky. Jan. 18, 2013); *Smith v. Harvey*, 541 F. Supp. 2d 8, 13 (D.D.C. 2008); *see also Short v. Berger*, 22-cv-01151, 2022 WL 1051852, at *4 (C.D. Cal. Mar. 3, 2022), *appeal filed*, No. 22-55339 (9th Cir. Apr. 5, 2022). Plaintiffs make no effort to distinguish the facts of this case from these other decision where courts have held that RFRA and First Amendment claims were not ripe when plaintiffs had not yet completed the discharge or separation process.

## III. Plaintiffs Have Failed to Exhaust Their Administrative Remedies.

Plaintiffs admit that eight Plaintiffs have not received a decision on their religious accommodation request and do not dispute that no Plaintiff has received final notice of any discipline for failure to receive a COVID-19 vaccine. These admissions are sufficient to show that Plaintiffs have failed to exhaust available administrative remedies and that all claims should be dismissed.

### A. Sixth Circuit Precedent Requires Exhaustion.

Plaintiffs appear to concede that the Sixth Circuit's *Harkness* decision requires them to first exhaust intra-service administrative remedies before bringing First Amendment claims. Opp'n at Pg. ID 4254–55 (citing *Harkness*, 858 F.3d 437). Plaintiffs admit that "*Harkness* did discuss exhaustion for a First Amendment claim," but they argue that because *Harkness* "did not involve any claims under RFRA," the exhaustion requirement should not apply to their RFRA claim. *Id.*

Plaintiffs' argument ignores the text of *Harkness*, which explicitly requires exhaustion for constitutional, regulatory, and statutory claims:

> As a threshold matter, . . . an internal military decision is unreviewable unless two initial requirements are satisfied: (a) an allegation of the deprivation of a constitutional right, *or an allegation that the military had acted in violation of applicable statutes* or its own regulations, and (b) exhaustion of available intraservice corrective measures.

*Harkness*, 858 F.3d at 444 (quoting *Mindes v. Seaman*, 453 F.2d 197, 201 (5th Cir. 1971)) (emphasis added).

Plaintiffs are also incorrect to suggest that the Sixth Circuit has a general rule that "[e]xhaustion is not required for a statutory claim that does not contain an exhaustion requirement." Opp'n at Pg.

ID 4253 (citing *Hitchcock*, 851 F.3d 552). The Sixth Circuit did not set out any such general rule in *Hitchcock*—that opinion clarified the circumstances in which certain ERISA claims were subject to exhaustion requirements, and made clear that other ERISA claims *were still* subject to the exhaustion requirements. *Hitchcock*, 851 F.3d at 565. Tellingly, the Sixth Circuit has never held that its reasoning in *Hitchcock* excuses failure to exhaust any claim outside of ERISA. And Plaintiffs fail to explain how an earlier-decided ERISA case could silently limit the military exhaustion requirements explicitly laid out in *Harkness* (which never mentions *Hitchcock* or suggests that any prior holding places limits on required military exhaustion).

It does not matter whether the text of RFRA requires exhaustion, as Plaintiffs contend. Opp'n at Pg. ID 4252–56. Defendants have not argued that the exhaustion requirement comes from RFRA; rather, exhaustion of remedies is a prudential requirement for military claims. *See Harkness*, 858 F.3d at 444. As the Sixth Circuit explained, "Several justifications for this [prudential] rule exist: lack of expertise, deference to the unique role of the military in our constitutional structure, and the practical difficulties that would arise if every military duty assignment was open to judicial review." *Harkness*, 858 F.3d at 443 (6th Cir. 2017); *see also Navy SEAL 1 v. Austin*, No. CV 22-0688 (CKK), 2022 WL 1294486, at *6 (D.D.C. Apr. 29, 2022) (citing *Harkness*, 858 F.3d at 444–45) (explaining that while not all military judgments are nonjusticiable, deference is due when the judgment involves military expertise, especially in assessing compelling interests and least restrictive means of RFRA claims), *appeal filed*, No. 22-5114 (D.C. Cir. May 5, 2022). Plaintiffs point to no case that has carved out a RFRA exception to the prudential exhaustion requirement for military claims set out in *Harkness*.

Plaintiffs next argue that the Supreme Court decided in *Parisi v. Davidson*, 405 U.S. 34 (1972), that exhaustion is not required "in the religious freedom context." *See* Opp'n at Pg. ID 4255. Plaintiffs are again incorrect. The plaintiff in *Parisi* exhausted his administrative remedies, including appealing to the Army Board for Correction of Military Records ("BCMR"). Here, in contrast, Plaintiffs have

failed to exhaust available remedies—including through the BCMR. In fact, Parisi's administrative

exhaustion was a foundational fact of the Court's holding:

> In holding as we do today that the pendency of court-martial proceedings must not delay a federal district court's prompt determination of the conscientious objector claim of a serviceman *who has exhausted all administrative remedies*, we no more than recognize the historic respect in this Nation for valid conscientious objection to military service.

*Parisi*, 405 U.S. at 45 (emphasis added). Plaintiffs left out the italicized text when quoting this

sentence in their opposition at PageID 4255. Indeed, the Sixth Circuit has consistently cited to *Parisi*

for the holding that exhaustion is *required*, not that it may be excused. *See, e.g.*, *Seepe v. Dep't of Navy*,

518 F.2d 760, 765 (6th Cir. 1975) (citing *Parisi* for the holding that exhaustion is required before

judicial review of military decisions).

The question in *Parisi* was whether, under principles of comity, a federal court should consider

a habeas petition to be released from compulsory military service while an independent military court-

martial proceeding was pending. *Id.* at 41–42. The Court held that the petitioner had exhausted

administrative remedies, and because the court-martial proceeding could not give the relief sought by

the petitioner (a conscientious discharge), a court need not wait for the court-martial process to

conclude before deciding the petition. *Id.* That reasoning does not apply here because Plaintiffs seek

relief that can be granted by allowing the military to first decide what—if any—adverse action to take

for failure to receive a COVID-19 vaccine: to remain in the military without consequence for failure

to comply with the COVID-19 vaccine mandate. And even if there were a court-martial proceeding,

unlike the process in *Parisi*, that process could vindicate Plaintiffs' religious rights. *See Schlesinger v.*

*Councilman*, 420 U.S. 738, 758 (1975) ("*[I]t must be assumed* that the military court system will vindicate

servicemen's constitutional rights." (emphasis added)).[1]

---

[1] As noted in Defendants Opposition to Potential Intervenor's Motion for Preliminary Injunction motion, ECF No. 58 at Pg. ID 4074–75, the (speculative) possibility of court-martial does not warrant judicial interference by this Court. *See Schlesinger* at 758 ("[W]hen a serviceman charged with crimes by military authorities can show no harm other than that

Finally, Plaintiffs make no effort to distinguish the facts or the law of the many decisions requiring administrative exhaustion that Defendants cited in their motion to dismiss. *See, e.g.*, *Heidman v. United States*, 414 F. Supp. 47, 48 (N.D. Ohio 1976) (citing *Schlesinger*, 420 U.S. 738); *Parker v. Levy*, 417 U.S. 733 (1974); *Von Hoffburg v. Alexander*, 615 F.2d 633, 637–38 (5th Cir. 1980); *Bois v. Marsh*, 801 F.2d 462, 468 (D.C. Cir. 1986); *Doe v. Ball*, 725 F. Supp. 1210, 1211 (M.D. Fla. 1989), *aff'd sub nom. Doe v. Garrett*, 903 F.2d 1455 (11th Cir. 1990).[2] Administrative exhaustion is required in this case.

### B. No Exception to Exhaustion Applies.

Without any factual dispute that Plaintiffs have failed to exhaust and Circuit precedent requiring administrative exhaustion, Plaintiffs are left to argue that this case should fall into one of the limited exceptions to the exhaustion requirement. None of these exceptions apply.

Plaintiffs principally argue that exhaustion would be futile. Defendants acknowledge that this Court has concluded, at least preliminarily, "exhaustion in this instance is futile." *Doster v. Kendall*, --- F. Supp. 3d---, 2022 WL 982299, at *9 (S.D. Ohio Mar. 31, 2022).[3] Defendants respectfully disagree. The Air Force has granted at least 85 religious accommodation requests, and the number has steadily increased as the Air Force works through a historic surge in religious accommodation requests. DAF COVID-19 Statistics—May 24, 2022, https://perma.cc/W74N-ZELG. Plaintiffs continue to quote the Fifth Circuit's decision in *U.S. Navy SEAL 1–26 v. Biden*, 27 F.4th 336, 341–42 (5th Cir. 2022). But the Fifth Circuit found futility based on the Navy having granted no exemptions at that time. *Id.* And merely raising the *possibility* that exhaustion might be futile is not enough to survive a motion to dismiss. *See Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011); *Von Hoffburg*, 615 F.2d at 638 (affirming dismissal despite Plaintiff's futility arguments); *Hodges v. Callaway*, 499 F.2d 417, 424 (5th Cir. 1974)

attendant to resolution of his case in the military court system, the federal district courts *must* refrain from intervention, by way of injunction or otherwise." (emphasis added)).

[2] Plaintiff Dills does not contest that he did not appeal his reassignment to the IRR, thereby failing to exhaust available administrative remedies. There should be no dispute that he does not have a justiciable claim.

[3] Plaintiffs do not contest that the futility exception only relates to administrative exhaustion and cannot create standing. MTD at Pg. ID 3381.

(similar).

Requiring exhaustion also allows the Air Force to develop the record necessary for this Court to review Plaintiffs' claims. As this Court explained: "Defendants 'must articulate a compelling interest in vaccinating' the Plaintiffs before this Court." *Doster*, 2022 WL 982299, at *13 (quoting *Hobby Lobby,* 573 U.S. 682, 726–27 (2014)). The Air Force must have the opportunity to articulate a compelling interest in vaccinating a particular Plaintiff and decide whether or not that any less restrictive means exist for each individual. The individualized records for those plaintiffs do not yet exist, and until those decisions and records are made, it is not possible for this Court to assess whether the Air Force has met its burden.

Plaintiffs next argue that their failure to exhaust should be excused because the Air Force has taken longer than the processing timelines set out in Department of Defense Instruction 1300.17, Table 1. *See* Opp'n at Pg. ID 4257 (citing *Mass. Mut. Life Ins. Co. v. Russel*, 473 U.S. 134, 144 (1985) and *Villegas de la Paz v. Holder*, 614 F.3d 605, 608 (6th Cir. 2010), *opinion amended and superseded,* 640 F.3d 650 (6th Cir. 2010)). This argument ignores that those awaiting a decision on their religious accommodation request are temporarily exempt from the requirement and suffer no harm from waiting for a decision. Moreover, neither case cited by Plaintiffs excuses their failure to exhaust. *Massachusetts Mutual* involved an ERISA claim and a regulation that "a claim may be treated as having been denied" after a 60-day period has elapsed. 473 U.S. at 144. But no regulation concerning deemed denial applies here. *Id.* The citation to *Villegas de la Paz* is likewise irrelevant—the cited opinion was later superseded and the language quoted in Plaintiff's brief does not appear in the amended, operative opinion. *Compare* 614 F.3d 605, 608 *with* 640 F.3d 650. Regardless, *Villegas de la Paz* considered whether the deadline to appeal began when an immigration order was issued or when the appellant received a copy. *Id.* at 607–08. Nothing like that is at issue in this case.

Plaintiffs also argue that their failure to exhaust should be excused when available

administrative remedies are supposedly inadequate because "the administrative body is shown to be biased or has otherwise predetermined the issue before it." Opp'n at Pg. ID 4261 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 148 (1992)). This is an extremely high standard to meet, and is satisfied when the decision-maker has actually pre-determined the issue. *See McCarthy*, 503 U.S. at 148 (citing example that appeal to Attorney General who already determined that the challenged rules were validly and correctly applied to petitioner would be futile). And in the military context, this standard is even higher. *See* MTD at Pg. ID 3382 (discussing *Hodges*, 499 F.2d at 423). Plaintiffs have not cleared that hurdle.

Finally, Plaintiffs assert that they will suffer irreparable injury if they are required to exhaust because completing the administrative process itself is supposedly irreparable harm. Plaintiffs cite to no case that supports that argument. Opp'n at Pg. ID 4261–62 (citing *Parisi*, 405 U.S. 34 and *Maryville Baptist Church, Inv. V. Beshear*, 957 F.2d 610 (6th Cir. 2020)). As discussed above, the plaintiff in *Parisi* exhausted all available remedies, including appealing to the BCMR. And the other case cited, *Maryville Baptist*, does not support the argument that going through an administrative process is irreparable harm because (1) that case did involve exhaustion of administrative remedies and (2) it was a facial challenge to the Kentucky Governor's order, not an as-applied challenge. 957 F.3d at 613. Plaintiffs' argument—that being subject to an administrative process causes irreparable harm, which in turn excuses exhaustion of administrative remedies—if accepted, would essentially eliminate any administrative exhaustion requirements. Plaintiffs' argument is also undermined by the Supreme Court, which has made clear that there is "no injustice in requiring [a member of the military] to submit to a system established by Congress and carefully designed to protect not only military interests but his legitimate interests as well." *Schlesinger*, 420 U.S. at 759–60. The law does not support Plaintiffs.

The facts also undermine Plaintiffs' argument that the administrative process itself is somehow irreparable harm. Plaintiffs with pending requests are temporarily exempt from the requirement, and

therefore suffer no irreparable injury warranting immediate review.  Those Plaintiffs whose requests have been denied, but who have not received any final adverse action, also have not suffered irreparable injury for the reasons Defendants previously explained.  *See Defs.' Opp'n to Intervenor Prelim. Inj.*, ECF No. 58 at Pg. ID 4083–86; *see also Roth v. Austin*, No. 8:22CV3038, 2022 WL 1568830, at *29 (D. Neb. May 18, 2022), *appeal filed*, No. 22-2058 (8th Cir. May 20, 2022) (denying preliminary injunction to Air Force service members challenging COVID-19 vaccination mandate in part because plaintiffs failed to establish irreparable harm).[4]

Plaintiffs' arguments also conflate what administrative remedies Plaintiffs are required to exhaust.  While focusing on the religious accommodation process, Plaintiffs make no attempt to show that the extensive processes related to reassignment to the IRR, separation proceedings, or the AFBCMR, *see* MTD at 3383–86, are futile, biased, or a foregone conclusion.  These processes can result in a service member not being discharged or reassigned to the IRR, and as discussed more below, the AFBCMR has the authority to reverse those decisions.  It is *these* administrative remedies that case law says must also be exhausted, and Plaintiffs provide no evidence that requiring Plaintiffs to exhaust these administrative processes and remedies will be futile.[5]

## C.  Exhaustion Includes Pursuing Available Appeals, including the Air Force Board for Correction of Military Records.

Defendants provided significant authority that exhaustion of intra-service remedies requires seeking review from the Air Force BCMR.  MTD at Pg. ID 3387–88 (citing *Davis v. United States*, 589

---

[4] Plaintiffs make the speculative argument that they may be irreparably harmed by being imprisoned, and they continue to suggest that Airmen are being "imprison[ed] in Leavenworth" for not receiving the COVID-19 vaccine.  Opp'n at Pg. ID 4252.  But that suggestion is completely unfounded.  As of the date of the Hernandez declaration, "no service member in the Department of the Air Force has had court-martial charges preferred against him or her for failing to obey a lawful order by refusing the COVID-19 vaccine."  Hernandez Decl., ¶ 14, ECF No. 58-2, Pg ID 4157 (footnote omitted).  The Air Force policy for consequences for failure to vaccinate is set out in the Secretary of the Air Force Memo dated December 7, 2021. ECF No. 27-8 at Pg. ID 1656, and Assistant Secretary of the Air Force, Manpower and Reserve Affairs (SAF/MR) Memo, dated April 26, 2022.

[5] Plaintiffs also cite to a Fifth Circuit opinion to argue that Plaintiffs raising a "substantial constitutional question" do not need to exhaust administrative remedies.  Opp'n at 4262 (citing *Von Hoffburg v. Alexander*, 615 F.2d 633, 638 (5th Cir. 1980).  That is not the law in this Circuit.

F.3d 861, 865 (6th Cir. 2009); *Covill v. United States*, 959 F.2d 58, 60 (6th Cir. 1992) (same); *Bickel v. The Del. Air Nat'l Guard*, No. 2:18-CV-00119, 2018 WL 2183296, at \*7 (S.D. Ohio May 11, 2018), *denying mot. to vacate*, 2022 WL 899703 (S.D. Ohio Mar. 28, 2022); *Montgomery v. Sanders*, No. 3:07-cv-470, 2008 WL 4546262, at \*5 (S.D. Ohio Aug. 18, 2008); *Vaughan*, No. 3:12-35, 2013 WL 211075, at \*3; *Heidman*, 414 F. Supp. at 49); *see also Rucker v. Sec'y of the Army*, 702 F.2d 966, 970 (11th Cir. 1983). *Bois*, 801 F.2d at 468; *Crawford v. Tex. Army Nat'l Guard*, 794 F.2d 1034, 1036 (5th Cir. 1986); *Hodges*, 499 F.2d at 420; *Mindes*, 453 F.2d at 198; *Layman v. Harvey*, No. 8:05-cv-2208, 2007 WL 430678, at \*6-10 (M.D. Fla. 2007)).

In response, Plaintiffs claim that appeal to the Air Force BCMR is not necessary. Opp'n at Pg. ID 4256. But none of the cited cases supports that argument. The Supreme Court in *Darby v. Cisneros* interpreted the statutory text "final agency action" in the Administrative Procedure Act—it did not involve the question of what remedies must be exhausted before a claim challenging military decision-making could be brought in federal court. 509 U.S. 137 (1993). In *Dilly v. Alexander*, the plaintiffs first exhausted remedies through the BCMR before coming into court, so if anything, that case supports Defendants. 603 F.2d 914, 919 (D.C. Cir. 1979) (explaining that military never challenged exhaustion until on appeal), *decision clarified*, 627 F.2d 407 (D.C. Cir. 1980). In *Adair v. England*, 183 F. Supp. 2d 31 (D.D.C. 2002), the court later clarified that exhaustion is required for challenges to "discrete personnel actions," including denial of an individual religious accommodation request or adverse personnel action. *See In re Navy Chaplaincy*, 850 F. Supp. 2d 86, 105 (D.D.C. 2012). Since Plaintiffs bring as-applied challenges under RFRA and the First Amendment, the reasoning from *In re Navy Chaplaincy* supports the need for exhaustion. And in *Brannum v. Lake*, while the court of appeals held that a jurisdictional challenge could be raised without exhaustion, it affirmed dismissal of all other claims. 311 F.3d 1127 (D.D.C. 2002). Another case cited by Plaintiffs, *Downen v. Warner*, was issued in a jurisdiction that had not adopted the prudential requirement that military claimants first

exhaust their administrative remedies, and, moreover it was a facial challenge, not a fact-specific, individualized challenge like RFRA. *See* 481 F.2d 642 (9th Cir. 1973) (alleging Marine Corps policy that applied only to women was unconstitutional). None of this authority excuses Plaintiffs' failure to exhaust all available remedies before suing in this Circuit.

Underscoring the importance of fully exhausting available remedies, the Supreme Court has recognized that the BCMR "provides another means with which an aggrieved member of the military may" pursue relief, including "retroactive back pay and retroactive promotion." *Chappell v. Wallace*, 462 U.S. 296, 303 (1983). "Board decisions are subject to judicial review and can be set aside if they are arbitrary, capricious or not based on substantial evidence." *Chappell*, 462 U.S. at 303. The federal courts have a role to play to protect service member rights, but it is only *after* the military processes have concluded.

## IV. Jurisdictional Discovery Is Not Necessary To Dismiss.

In a final bid to save their unripe, unexhausted claim, Plaintiffs ask this Court to permit them to proceed with discovery. Opp'n at Pg. ID 4248–49. But the sufficiency of the Complaint in establishing jurisdiction through a motion to dismiss obviously can be challenged before discovery. No further fact development is needed to decide that these claims are unripe and that Plaintiffs have not exhausted their remedies. Nothing in Plaintiffs' opposition changes the undisputed facts, as admitted by Plaintiffs in their latest filing, Opp'n at Pg. ID 4244–45, that many Plaintiffs have not received any decision on their accommodation request and none have received any final decision on what—if any—consequences will be imposed on these specific plaintiffs for failure to comply with the COVID-19 vaccination requirement. Accordingly, it is undisputed the Plaintiffs have not challenged these administrative actions at the AFBCMR (because the administrative actions at issue have not happened yet).

Requiring the Plaintiffs to exhaust their remedies is therefore the appropriate course—not

discovery. *See Shaw*, 539 F. Supp. 3d at 183–84 (D.D.C. 2021) (rejecting argument that separation was a "foregone conclusion" and requiring plaintiff to first exhaust available military remedies). This Court should follow the lead of numerous other courts and dismiss these claims now without any further discovery. *See Vance*, 2022 WL 1094665, at *7; *Robert v. Austin*, No. 21-CV-02228-RM-STV, 2022 WL 103374, at *3 (D. Colo. Jan. 11, 2022), *appeal filed*, No. 22-1032 (10th Cir. Feb. 2, 2022); *cf. Roberts*, 2022 WL 834148, at *6.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' Complaint.

Dated: May 31, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Branch Director
Federal Programs Branch

*/s/ Zachary A. Avallone*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
STUART J. ROBINSON
Senior Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
LIAM HOLLAND
CATHERINE YANG
CASSANDRA SNYDER
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-2705
Email: zachary.a.avallone@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2022, I electronically filed the foregoing paper with the Clerk

of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

*/s/ Zachary A. Avallone*
ZACHARY A. AVALLONE
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-2705
Email: zachary.a.avallone@usdoj.gov