# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# CINCINNATTI DIVISION

**HUNTER DOSTER**, *et al.*,

      Plaintiffs,

v.

**FRANK KENDALL**, *et al.*,

      Defendants.

No. 1:22-cv-00084

Hon. Matthew W. McFarland

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully notify the Court of the attached decision in *Knick v. Austin*, No. 1:22-cv-01267, WL 2157066 (D.D.C. June 15, 2022), in connection with Defendants' Motion to Dismiss, Dkt. 51, and Defendants' Opposition to Potential Intervenors' Motion for a Preliminary Injunction, Dkt. 58.

In *Knick*, the court denied a preliminary injunction similar to Plaintiffs' requested relief and Potential Intervenors' requested injunction seeking to prevent the United States Air Force from enforcing the COVID-19 vaccination mandate against the plaintiff under the Religious Freedom Restoration Act ("RFRA") and the Free Exercise Clause of the First Amendment.[1] *Knick* represents the fourteenth such denial or outright dismissal of similar requests for relief.[2] The case

---

[1] The plaintiff in *Knick* also brought claims under Title VII of the Civil Rights Act, the Administrative Procedure Act, and the Fifth Amendment.

[2] *See Creaghan v. Austin*, No. 22-cv-0981 (CKK), 2022 WL 1500544 (D.D.C. May 12, 2022), *appeal filed*, No. 22-5135 (D.C. Cir. May 20, 2022); *Navy SEAL 1 v. Austin*, --- F. Supp. 3d ---, 2022 WL 1294486 (D.D.C. Apr. 29, 2022), *appeal filed*, No. 22-5114 (D.C. Cir. May 5, 2022); *Roberts v. Roth*, 21-cv-1797, 2022 WL 834148 (D.D.C. Mar. 21, 2022); *Roth v. Austin*, No. 8:22CV3038, 2022 WL 1568830 (D. Neb. May 18, 2022), *appeal filed*, No. 22-2058 (8th Cir. May 20, 2022); *Church v. Biden*, --- F. Supp. 3d ---, 2021 WL 5179215 (D.D.C. Nov. 8, 2021); *Thomas Short v. Berger*, No. 22-cv-00444, 2022 WL 1203876 (D. Ariz. Apr. 22, 2022), *appeal filed*, No. 22-15755 (9th Cir. May 18, 2022); *Vance v. Wormuth*, No. 3:21-cv-730-CRS, 2022 WL 1094665 (W.D. Ky. Apr. 12, 2022); *Mark Short v. Berger*, No. 22-cv-

bears on the ripeness and exhaustion analyses in Defendants' Motion to Dismiss, Dkt. 51, as well as Plaintiffs' inability to establish likelihood of success on the merits and irreparable harm as discussed in Defendants' Response in Opposition to Motion to Intervene and Proposed Intervenors' Motion for Temporary Restraining Order, Dkt. 55, and Defendants' Opposition to Potential Intervenors' Motion for a Preliminary Injunction, Dkt. 58.

First, the court in *Knick* noted that there are "significant questions regarding ripeness and administrative exhaustion, because no disciplinary action has been taken, let alone any appeal process thereof completed." *Knick*, WL 2157066 at *3.

Next, the court found that "additional problems undermine any likelihood of success on the merits" of the plaintiffs' RFRA and First Amendment claims. *Id.* at *4. In particular, the court held that the Air Force had a compelling interest in vaccinating the plaintiff. The court rejected the plaintiff's argument that medical and administrative exemptions undermine that compelling interest, and noted that "the exemption categories rely on objectively defined circumstances and do not include a catch-all discretionary category allowing defendants to subjectively favor *ad hoc* non-secular exceptions." *Id*. Moreover, the court concluded that there were no lesser restrictive alternatives than vaccination, especially given the requisite "deference to the military's professional judgments about how to satisfy the services' readiness requirements." *Id*. In particular, the court explained that "[t]he record contains no reason to second-guess . . . the Air Force's determination that plaintiff's particular role is unsuitable for telework or 'adequate distancing,' nor can the fact that some incrementally helpful measures of prevention exist, such as

---

1151, 2022 WL 1051852 (C.D. Cal. Mar. 3, 2022); Ex. 31, *Dunn v. Austin*, No. 22-cv-00288 (E.D. Cal. Feb. 22, 2022) ("Dunn Op."); *Robert v. Austin*, 21-cv-02228, 2022 WL 103374 (D. Colo. Jan. 11, 2022); *Oklahoma v. Biden*, --- F. Supp. 3d ---, 2021 WL 6126230 (W.D. Okla. Dec. 28, 2021); *Guettlein v. U.S. Merch. Marine Acad.*, --- F. Supp. 3d ---, 2021 WL 6015192 (E.D.N.Y. Dec. 20, 2021); *Doe #1-#14 v. Austin*, --- F. Supp. 3d ---, 2021 WL 5816632 (N.D. Fla. Nov. 12, 2021).

masking and hand-washing, give reason to opt out from the overwhelmingly more effective measure of vaccination." *Id.* at *4–5.

Finally, the court found that the plaintiff could not establish irreparable harm despite his allegation of ongoing constitutional injury. The court explained that "to date, plaintiff has been able, and will continue to be able, to follow his own religious convictions and refuse the vaccine," and that "[t]he potential harm to plaintiff arises only through the potential, *reversible* consequences to his military career." *Id.* at *6 (emphasis added).

Dated: June 17, 2022

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

Respectfully submitted,

/s/ *Cassandra M. Snyder*
ANDREW E. CARMICHAEL
Senior Trial Counsel
ZACHARY A. AVALLONE
CASSANDRA M. SNYDER (DC Bar No. 1671667)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 451-7729
Fax: (202) 616-8460
Email: cassandra.m.snyder@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that on June 17, 2022, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

                                     */s/ Cassandra M. Snyder*
CASSANDRA M. SNYDER (DC Bar No. 1671667)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 451-7729
Fax: (202) 616-8460
Email: cassandra.m.snyder@usdoj.gov