IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | |
|---|---|
| **HUNTER DOSTER,** *et al.,* <br><br> *Plaintiffs,* <br><br> v. <br><br> **FRANK KENDALL,** *et al.,* <br><br> *Defendants.* | No. 1:22-cv-00084 <br> Hon. Matthew W. McFarland |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL DEVELOPMENTS**

Defendants submit this notice to alert the Court about two important developments: two plaintiffs have now satisfied the COVID-19 vaccine requirement and should be dismissed from the case; and six proposed intervenors have filed a separate lawsuit in South Carolina raising similar challenges to the military's COVID-19 vaccine requirement, so they should not be permitted to intervene in this suit.

    1.    <u>Two Plaintiffs Have Satisfied the COVID-19 Vaccine Requirement.</u>

Two named plaintiffs in this case, Connor McCormick and Alex Ramsperger, have completed their second dose of the Covaxin COVID-19 vaccine and have now satisfied the military's COVID-19 vaccination requirements. These facts are relevant to Defendants' pending motion to dismiss, ECF No. 51. First, the claims of these two individuals are now moot and they should be dismissed from the case. Second, and as previously explained, these developments demonstrate why Plaintiffs do not have ripe claims. Future events did not occur as Plaintiffs Ramsperger and McCormick anticipated when they filed their complaint—these two Plaintiffs have now satisfied the military's COVID-19 vaccine requirement in a manner that conforms with their religious beliefs. These facts also underscore why courts should allow the military's administrative process play out before issuing any

injunction: although McCormick's religious accommodation appeal was denied, Opp'n to MTD, ECF No. 60, Pg. ID 4245, he did not exhaust available intraservice administrative remedies before coming into full compliance, and he does not face any discipline or adverse action based on the COVID-19 vaccine requirement. In any event, the claims of these two individuals should now be dismissed.

  2.  At Least Six Proposed Intervenors Have Filed Separate Lawsuits.

On June 29, 2022, 24 plaintiffs filed a lawsuit in the District of South Carolina against federal officials, including the Secretary of Defense and the Secretary of the Air Force, challenging various aspects of the military's COVID-19 vaccine requirement. *Clements et al. v. Austin et al.*, 2:22-cv-2069-DCN (D.S.C.). That lawsuit brings claims challenging the military's COVID-19 requirement pursuant to the Religious Freedom Restoration Act, the First Amendment's Free Exercise Clause, and the Administrative Procedures Act. Six of the plaintiffs in *Clements* previously moved to intervene in this lawsuit: Judson Babcock, Josiah Beggs, Jake Ford, Ezra Paul, Caleb Pym, and Rachel Shaffer. Since these individuals are now plaintiffs in another action pending in a different district that challenges the same policies on many of the same theories, the Court should not permit them to intervene in this case.

These individuals have now chosen a forum to seek to litigate their claims regarding the military's COVID-19 vaccine requirement—the District of South Carolina and thus should not be allowed to intervene here. Allowing them to intervene here while they seek to proceed in South Carolina would amount to impermissible claim-splitting. The purpose of preventing claim-splitting is "to protect the defendant from being harassed by repetitive actions based on the same claim *See Davis v. Sun Oil Co.*, 148 F.3d 606, 613 (6th Cir. 1998); *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1365 (7th Cir. 1988) ("the federal definition of a cause of action, when combined with the rule against claim-splitting, requires that a plaintiff allege in one proceeding all claims for relief arising out of a single core of operative facts, or be precluded from pursuing those claims in the future."); *Vanover v. NCO*

*Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) ("The claim-splitting doctrine thereby "ensures that a plaintiff may not 'split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails."). Accordingly, these six individuals should not be permitted to intervene in this case.

Dated: July 1, 2022  Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Branch Director
Federal Programs Branch

*/s/ Zachary A. Avallone*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
STUART J. ROBINSON
Senior Counsel
ZACHARY A. AVALLONE
LIAM HOLLAND
CATHERINE YANG
CASSANDRA SNYDER
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-2705
Email: zachary.a.avallone@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2022, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

*/s/ Zachary A. Avallone*
ZACHARY A. AVALLONE
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-2705
Email: zachary.a.avallone@usdoj.gov