IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| HUNTER DOSTER, et. al., | : Case No. 1:22-cv-84 |
| Plaintiffs, | : Judge Matthew W. McFarland |
| v. | : |
| Hon. FRANK KENDALL, et. al., | : |
| Defendants. | : |

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS (Doc. 51)

This matter is before the Court on Defendants' Motion to Dismiss (Doc. 51). Plaintiffs filed a response in opposition to Defendants' Motion (Doc. 60), to which Defendants replied (Doc. 63). Thus, the motion is fully briefed and ripe for review. As explained below, Defendants' Motion to Dismiss is **DENIED**.

## BACKGROUND

This action involves eighteen active duty and active reservist Airmen stationed across the United States ("Plaintiffs"). Plaintiffs seek injunctive relief from being required by the Air Force to receive the COVID-19 vaccine in violation of their sincerely held religious beliefs and despite having applied for religious exemptions from the vaccine. Plaintiffs bring this action against numerous Air Force officials, including the Secretary and Surgeon General of the Air Force ("Defendants"), claiming statutory and constitutional violations of their rights to free exercise of religion.

On August 24, 2021, "the Secretary of Defense issued a mandate for all members of the Armed Forces under the Department of Defense authority on active duty or in the Ready Reserve, including the National Guard, to immediately begin full vaccination against COVID-19." (COVID-19 Mandatory Vaccination Implementation Guidance for Service Members, Doc. 27-7, Pg. ID 1632.) The COVID-19 vaccination mandate, however, allows for medical, administrative, and religious exemptions. (*Id.* at 1646-47, 1649.)

Defendants submitted the Declaration of Colonel Elizabeth M. Hernandez in connection with their Response in Opposition to Plaintiffs' Motion for a Preliminary Injunction to explain the consequences Airmen face if they refused to get vaccinated without receiving an exemption. (Declaration of Colonel Elizabeth M. Hernandez in Support of the Government's Response in Opposition to Plaintiffs' Motion for a Preliminary Injunction ("Col. Hernandez Dec."), Doc. 27-14, Pg. ID 1940-46.) Col. Hernandez explained that "[p]otential dispositions for failing to obey a lawful order to receive the COVID-19 vaccination include adverse administrative actions, non-judicial punishment, administrative demotions, administrative discharges, and courts-martial." (*Id.* at Pg. ID. 1941.)

The Air Force provides their COVID-19 virus statistics on the Air Force's website. These statistics include the total number of COVID-19 cases, percentage of Airmen vaccinated, approved medical and administrative exemptions, and number of pending, approved, and denied religious exemption requests, both at the initial and appeals stage. (DAF COVID-19 Statistics – June 6, 2022.) As of June 6, 2022, 98.5% of active duty Airmen were fully vaccinated, 93.8% of the Guard Airmen were fully vaccinated, and 94.9% of

Reserve Airmen were fully vaccinated. (*Id.*) Thus, 97.1% of the Air Force was fully vaccinated as of June 6, 2022. (*Id.*) Additionally, as of June 6, 2022, the Air Force had approved 729 medical exemptions and 1,006 administrative exemptions. (*Id.*)

Also as of June 6, 2022, the Air Force had received 9,062 religious accommodation requests, granting 86 requests while denying 6,343 requests. (*Id.*) Following such denials, the Air Force had received 3,837 appeals from Airmen whose initial religious accommodation requests were denied. (*Id.*) As of June 6, 2022, the Air Force has granted only 23 of those appeals, denying 2,978. (*Id.*) Thus, by way of initial requests or appeals, the Air Force has granted only 109 religious exemption requests. (*Id.*) Thus, the Air Force has granted only approximately 1% of religious accommodation requests between September 1, 2021, when the Air Force vaccine requirement went into effect, and June 6, 2022. (*Id.*)

Here, each Plaintiff in this case has, at a minimum, filed a religious exemption request with the Air Force. (Ver. Compl., Doc. 1, Pg. ID 7-11.) Each Plaintiff was interviewed by an Air Force Chaplain, who confirmed (in writing) the sincerity of each Plaintiff's religious belief. (*Id.*) Based on the most recent filings with this Court, four Plaintiffs, Maj. Paul Clement, 1LT Brett Martin, 1LT Alex Ramsperger, and Capt. Benjamin Rinaldi, have had their religious exemption requests denied and currently have appeals of such denials pending with the Air Force Surgeon General.[1] Additionally, ten

---

[1] Plaintiffs Maj. Clement, 1LT Martin, 2LT Ramsperger, and Maj. Reineke's religious exemption requests were denied after Plaintiffs' filed their Verified Complaint and, thus, was filed at a later date. (*see* Verified Complaint ("Ver. Compl."), Doc. 1, Pg. ID 8-10; *see also* Decision Regarding Maj. Clement Religious Accommodation Request, Doc. 60-1, Pg. ID 4281; Decision Regarding 1LT Martin Religious

3

Plaintiffs, 1LT Hunter Doster, A1C McKenna Colantonio, 1LT Connor McCormick, Lt. Col. Daniel Reineke, Lt. Col. Edward Stapanon, III, SSgt Adam Theriault, SRA Joe Dills, Maj. Heidi Mosher, Maj. Patrick Pottinger, and SMSgt Chris Schuldes, have had their initial religious exemption request denied, as well as their appeal of such denial to the Air Force Surgeon General denied.[2] Four Plaintiffs, Col. Jason Anderson, Maj. Benjamin Leiby, Capt. Peter Norris, and Lt. Col. Douglas Ruyle, have religious accommodation requests submitted and such requests are pending. (Ver. Compl., Doc. 1, Pg. ID 8-10.)

As described by Col. Hernandez, Plaintiffs face administrative actions, non-judicial punishment, administrative demotions, administrative discharges, and courts-martial if Plaintiffs continue to refuse to get the COVID-19 vaccine. (Col. Hernandez Dec., Doc. 27-14, Pg. ID 1941.)

Plaintiffs filed the Verified Complaint on February 16, 2022, bring a violation of the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1(a)-(b), and violation of the First Amendment of the United States Constitution. (Ver. Compl., Doc. 1, Pg. ID 17-18.) Additionally, Plaintiffs filed a Motion for a Preliminary Injunction (Doc. 13), which this

---

Accommodation Request, Doc. 60-1, Pg. ID 4301; Decision Regarding 2LT Ramsperger Religious Accommodation Request, Doc. 60-1, Pg. ID 4324; Decision Regarding Maj. Reineke Religious Accommodation Request, Doc. 60-1, Pg. ID 4334.)

[2] Plaintiffs 2LT Doster, 1LT McCormick, Maj. Reineke, Lt. Col. Stapanon, Maj. Moster, and Maj. Pottinger's appeals of the denial of their religious requests were denied after Plaintiff filed their Verified Complaint and, thus, were filed at a later date. (*See* Ver. Compl., Doc. 1, Pg. ID 7-12; *see also* Decision Regarding 2LT Doster Religious Accommodation Appeal, Doc. 19-1, Pg. ID 944; Decision Regarding 1LT McCormick Religious Accommodation Appeal, Doc. 60-1, Pg. ID 4319; Decision Regarding Maj. Reineke Religious Accommodation Appeal, Doc. 60-1, Pg. ID 4334; Decision Regarding Lt. Col. Edward Stapanon, III Religious Accommodation Appeal, Doc. 60-1, Pg. ID 4359; Decision Regarding Maj. Mosher Religious Accommodation Appeal, Doc. 38-1, Pg. ID 2631; Decision Regarding Maj. Pottinger Religious Accommodation Appeal, Doc. 60-1, Pg. ID 4320.)

4

Court granted in part on March 31, 2022. Plaintiffs have also filed a Motion for Class Certification (Doc. 21), a Motion to Intervene (Doc. 52), as well as multiple motions seeking injunctive relief on behalf of the Proposed Intervenors (*see* Docs. 53 & 54). Defendants filed the Motion to Dismiss (Doc. 51) on April 25, 2022. Lastly, in additional to the Motion to Dismiss, Defendants have filed a Motion to Sever (Doc. 35).

## LAW

Defendants move to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). First, Fed. R. Civ. P. 12(b)(1) allows for dismissal for lack of subject matter jurisdiction. "A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). Defendants' challenge pursuant to Fed. R. Civ. P. 12(b)(1) is a factual attack. (Defendants' Motion to Dismiss, Doc. 51, Pg. ID 3373.) "In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Id.* at 759-60. Plaintiffs have the burden of establishing that subject matter jurisdiction exists in this case. *Id.* at 760.

Second, considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court accepts all allegations of material fact as true and construes them in the light most favorable to the non-moving party. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true,

5

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." *Twombly*, 550 U.S. at 555 (cleaned up).

## ANALYSIS

Approaching identical to the Government's arguments for why the Court should have denied Plaintiffs' Motion for a Preliminary Injunction, the Government argues that this case should be dismissed because: (1) it is not ripe for the Court's review, and (2) not all Plaintiffs have exhausted their administrative remedies with the Air Force.

### I. Plaintiffs' Claims are Ripe.

The ripeness doctrine "prevent[s] the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985) (citation omitted). The Sixth Circuit further identified the following factors to determine if a constitutional violation claim is ripe: "(1) the likelihood that the harm alleged by the plaintiffs will ever come to pass; (2) whether the factual record is sufficiently developed to produce a fair adjudication of the merits of the

6

parties' respective claims; and (3) the hardship to the parties if judicial relief is denied at this stage in the proceedings." *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012). Additionally, "[i]n the First Amendment context, we evaluate the likelihood of the harm factor by focusing on how imminent the threat of prosecution is and whether the plaintiff has sufficiently alleged an intention to refuse to comply with the statute." *Id.*

Again, as this Court held in its Order Granting in Part Plaintiffs' Motion for a Preliminary Injunction (Doc. 47), Plaintiffs' claims are ripe for review. As to the first prong, there is a substantial likelihood that the harm to Plaintiffs will come to pass. Plaintiffs continue to face serious repercussions by refusing to get the COVID-19 vaccine. Potential punishment for the Airmen includes but is not limited to: "adverse administrative actions, non-judicial punishment, administrative demotions, admirative discharges, and courts-martial." (Col. Hernandez Dec, Doc. 27-14, Pg. ID 1940.) Thus, there is a substantial likelihood that the harm Plaintiffs alleged will come to pass.

As to the second prong, at this stage of litigation, the record is sufficiently developed for the Court to fairly adjudicate the merits of the motions before the Court. Each party provided significant briefing on each motion filed thus far, together with numerous declarations and evidence in support of their positions, and multiple additional filings regarding the status of each Plaintiff's religious accommodation request. Additionally, the factual record will continue to develop over the course of this litigation, since discovery has not begun. Thus, at this stage, the second factor outlined in *Berry* is satisfied.

Finally, Plaintiffs stand to face significant hardship if the Court does not address

7

the issue at this time. Plaintiffs face severe punitive action due to their refusal to receive the COVID-19 vaccine. The Government would have the Court allow the Government to violate Plaintiffs constitutional rights, punish Plaintiffs, and then get involved. However, like in *Berry*, Plaintiffs' are faced with a present quandary—refuse to get vaccinated now and face punishment, including criminal prosecution and prison, or get vaccinated in violation of their sincerely held religious beliefs. *See Berry*, 688 F.3d at 298. The Court need not wait for punishment to occur when such punishment is inevitable without intervention.

Accordingly, the Court concludes that Plaintiffs' claims are ripe for adjudication.

## II. Plaintiffs' Claims are Reviewable.

The Government again argues that Plaintiffs' claims are unreviewable because not all Plaintiffs have exhausted their administrative remedies. "An internal military decision is unreviewable unless two initial requirements are satisfied: (a) an allegation of the deprivation of a constitutional right, or an allegation that the military has acted in violation of applicable statutes or its own regulations, and (b) exhaustion of available intraservice corrective measures." *Harkness*, 858 F.3d at 444 (citing *Mindes v. Seaman*, 453 F.2d 197, 201 (5th Cir. 1971)). Plaintiffs alleged the deprivation of a constitutional right, (Ver. Compl., Doc. 1, Pg. ID 1, 17-18), and so only the question of exhaustion is at issue. "If the plaintiff meets both prerequisites, then four factors must be weighed to determine justiciability: (1) the nature and strength of the plaintiff's challenge; (2) the potential injury to the plaintiff of withholding review; (3) the degree of anticipated interference with the military function; and (4) the extent to which military experience or discretion is

8

involved." *Id.*

"The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Parisi v. Davidson*, 405 U.S. 34, 38 (1972). However, the Sixth Circuit has adopted exceptions to this general rule, including futility, which occurs "where pursuit of administrative remedies would be a futile gesture." *Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1093 (6th Cir. 1981).

Exhaustion here is futile. As of June 6, 2022, the Air Force had received 9,062 religious accommodation requestions, granting 86 of those requests while denying 6,343 requests. (DAF COVID-19 Statistics – June 7, 2022.) Following such denials, the Air Force had received 3,837 appeals from Airmen whose initial religious accommodation requests were denied. (*Id.*) As of June 6, 2022, the Air Force has granted only 23 of those appeals, denying 2,978. (*Id.*) In light of the statistics, this Court finds that the Air Force "has effectively stacked the deck" against service members seeking religious exemptions, and thus further finds that exhaustion of the Air Force proceedings on any religious exemptions is futile. *See U.S. Navy Seals 1-26 v. Biden*, 27 F.4th 336, 346 (5th Cir. 2022).

Next, the Court must turn to the applicable four factors. *Harkness*, 858 F.3d at 444. First, the nature and strength of the plaintiff's challenge weighs in favor of judicial review. Plaintiffs are challenging the Air Force's administration of its COVID-19 vaccination mandate, including the administration of religious exemption. The challenge involves free exercise of religion protections under both the RFRA and the First

9

Amendment. The Court has previously found that Plaintiffs have a likelihood of success on the merits of their RFRA and First Amendment claim based on their overt policy to deny substantially all religious accommodation requests. Accordingly, the first factor weighs in favor of justiciability.

Second, the potential injury to the plaintiff of withholding review also weighs in favor of judicial review. Again, if the Court withholds review and, instead, allows Defendants to punish Plaintiffs first, Plaintiffs would be required to choose between their First Amendment freedoms and their career in the Air Force. And Plaintiffs could face criminal charges due to their refusal to receive the COVID-19 vaccine. Thus, the second factor weighs in favor of justiciability.

Third, the Court finds that the degree of anticipated interference with military function does not weigh against reviewability. "Interference per se is insufficient since there will always be some interference when review is granted . . . ." *Mindes*, 453 F.2d at 201. And "courts ought to abstain only where the interference would be such as to seriously impede the military in the performance of vital duties." *U.S. Navy Seals 1-26*, 27 F.4th at 348 (internal quotations omitted). Any interference with military function would be minimal because of the small percentage of Air Force service members remain unvaccinated. As of June 6, 2022, 97.1% of the Air Force is fully vaccinated. (DAF COVID-19 Statistics, June 6, 2022.) Of the remaining unvaccinated, as of June 6, 2022, the Air Force has granted 729 medical exemptions and 1,006 administrative exemptions. (*Id.*) Thus, the Court is unpersuaded that allowing Plaintiffs to remain unvaccinated in accordance with their religious beliefs throughout the course of this litigation would seriously

impede military performance, especially when unvaccinated Airmen received accommodations for secular purposes. Thus, the third factor does not weigh against justiciability.

Lastly, the fourth factor asks this Court to examine the extent to which military experience or discretion is involved. Here, "the particular issues and constitutional questions presented here are not so foreign to those outside the military as to give the Court serious concern about its ability to decide the case." *Poffenbarger*, 2022 WL 594810 at *9. The questions pending in this case are far from foreign, and it is appropriate for the Court to make determinations on constitutional violation questions and allegations. Determining whether the Air Force's denial of substantially all religious accommodation requests violates the Constitution does not require military experience or discretion. Thus, the fourth factor does not weigh against justiciability.

Plaintiffs assert serious constitutional violations, exhaustion of administrative remedies is futile, and the remaining factors weigh in favor of this Court's present review of these issues. Accordingly, the Court finds that this matter is justiciable.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 51) is **DENIED.**

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *[signature]*
JUDGE MATTHEW W. McFARLAND