IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | |
|---|---|
| **HUNTER DOSTER,** *et al.,*<br><br>*Plaintiffs*,<br><br>v.<br><br>**FRANK KENDALL,** *et al.,*<br><br>*Defendants.* | No. 1:22-cv-00084<br>Hon. Matthew W. McFarland |

**DEFENDANTS' OPPOSITION TO CLASS-WIDE PRELIMINARY INJUNCTION**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 3

    I.    A Class-wide Injunction Would Interfere with Ongoing Legal Proceedings. ................ 3

    II.    Plaintiffs Fail to Meet Evidentiary Burden on Threshold RFRA Elements. .................. 4

    III.    Plaintiffs Cannot Demonstrate the Availability of Less Restrictive Means for Every Class Member. ...................................................................................................... 6

    IV.    No Other Common Questions Show Likelihood of Success on the Merits. ................. 8

    V.    Equities and Public Interest Strongly Disfavor a Class-wide Injunction. ..................... 9

    VI.    Scope of Any Potential Order. ......................................................................................... 9

## TABLE OF AUTHORITIES

**CASES**

*Air Force Off. v. Austin*,
   ---F. Supp. 3d---, 2022 WL 468799 (M.D. Ga. Feb. 15, 2022) ............................................. 6

*Austin v. U.S. Navy SEALs 1-26*,
   142 S. Ct. 1301 (2022) ................................................................................................. 2, 8, 9

*Burwell v. Hobby Lobby Stores, Inc.*,
   573 U.S. 682 (2014) ............................................................................................................ 6

*Creaghan v. Austin*,
   --- F. Supp. 3d ---, 2022 WL 1500544 (D.D.C. May 12, 2022),
   *appeal filed* No. 22-5135 (D.C. Cir. May 20, 2022) ........................................................... 3

*Dunn v. Austin*,
   142 S. Ct. 1707 (2022) ........................................................................................................ 3

*Dunn v. Austin*,
   No. 22-15286, 2022 WL 1136043 (9th Cir. Apr. 1, 2022) .................................................. 3

*EEOC v. R.G. & G.R. Harris Funeral Homes, Inc.*,
   884 F.3d 560 (6th Cir. 2018) .............................................................................................. 2

*In re Navy Chaplaincy*,
   306 F.R.D. 33 (D.D.C. 2014) ............................................................................................. 9

*Knick v. Austin*,
   No. 22-1267, 2022 WL 2157066 (D.D.C. June 15, 2022) .............................................. 3, 7

*Navajo Nation v. U.S. Forest Serv.*,
   535 F.3d 1058 (9th Cir. 2008) ......................................................................................... 4, 6

*Navy SEAL 1 v. Austin*,
   ---F. Supp. 3d---, 2022 WL 1294486 (D.D.C. Apr. 29, 2022),
   *appeal filed*, No. 22-5114 (D.C. Cir. May 5, 2022) ........................................................... 8

*Poffenbarger v. Kendall*,
   --- F. Supp. 3d ----, 2022 WL 594810 (S.D. Ohio Feb. 28, 2022) .................................... 10

*Roman Cath. Diocese of Brooklyn v. Cuomo*,
   141 S. Ct. 63 (2020) ............................................................................................................ 6

*Roth v. Austin*,
   --- F. Supp. 3d ---, 2022 WL 1568830 (D. Neb. May 18, 2022),
   *appeal filed*, No. 22-2058 (8th Cir. May 20, 2022) ........................................................ 3, 7

*Schlesinger v. Councilman*,
    420 U.S. 738 (1975) ...................................................................................................... 10

*United States v. Mendoza*,
    464 U.S. 154 (1984) ........................................................................................................ 3

*U.S. Navy Seals 1–26 v. Austin*,
    --- F. Supp. 3d. ----, 2022 WL 1025144 (N.D. Tex. Mar. 28, 2022),
    *appeal filed*, *U.S. Navy SEALs 1-26 v. Biden*, No. 22-10534 (5th Cir. May 31, 2022) ............. 8

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ........................................................................................................ 9

**RULES**

Fed. R. Civ. P. 23 .................................................................................................................. 4

Fed. R. Civ. P. 65 ................................................................................................................ 10

**OTHER AUTHORITIES**

CDC, CDC Recommends Novavax's COVID-19 Vaccine for Adults (July 19, 2022),
    https://perma.cc/H6ZQ-3ZBH ........................................................................................ 6

DoDI 1332.45,
    https://perma.cc/9FNU-ZR89 ........................................................................................ 7

FDA, *Coronavirus (COVID-19) Update: FDA Authorizes Emergency Use of Novavax COVID-19
    Vaccine, Adjuvanted* (July 13, 2022),
    https://perma.cc/CJ3N-8SAE ........................................................................................ 1

J. Jenkins, *New Novavax Shot Could Appeal to Pro-Life Christian Skeptics*,
    Christianity Today (Feb. 18, 2022),
    https://perma.cc/275N-YH8U ................................................................................... 1, 5

**INTRODUCTION**

On July 14, 2022, this Court certified a class of certain members[1] of the Air Force and Space Force who had submitted a religious accommodation request, where a Chaplain recommended a finding of religious sincerity, and whose requests were denied or still pending. Order Regarding Pending Motions, ECF No. 72 ("Class Order"), PgID # 4468–69. The Court issued a TRO "prohibiting Defendants from enforcing the vaccine mandate against any Class Member." *Id.* at PgID # 4469. The Court also ordered Defendants to file a supplemental brief identifying why this Court should not grant a class-wide preliminary injunction. *Id.* In addition to the reasons already explained in previous filings and incorporated into this opposition,[2] the Court should not grant a class-wide injunction because it would interfere with ongoing legal proceedings and would otherwise be improper, particularly in light of significant new developments.

The FDA granted emergency use authorization to the Novavax vaccine, which uses traditional vaccine technology. FDA, *Coronavirus (COVID-19) Update: FDA Authorizes Emergency Use of Novavax COVID-19 Vaccine, Adjuvanted* (July 13, 2022), https://perma.cc/CJ3N-8SAE. "No human fetal-derived cell lines or tissue, including HEK293 cells, are used in the development, manufacture or production of the Novavax COVID-19 vaccine candidate." J. Jenkins, *New Novavax Shot Could Appeal to Pro-Life Christian Skeptics*, Christianity Today (Feb. 18, 2022) https://perma.cc/275N-YH8U. Those class members whose religious objections were based on mRNA technology or the use of fetal-derived cell lines are no longer substantially burdened by the COVID-19 vaccine requirement because this option is now available. And since Plaintiffs cannot show that every class member's religious beliefs are still substantially burdened, they cannot make the required showing of likelihood of success on every element of their RFRA and First Amendment claims for each class member, which is necessary for a class-wide injunction.

---

[1] As discussed below, the definition of the class is not clear whether it includes the Air National Guard.
[2] *See* ECF No. 27; ECF No. 55; ECF No. 58; *see also* ECF No. 34; ECF No. 35; ECF No. 51.

1

The number of religious exemptions granted continues to increase while medical and administrative exemptions continue to decrease. In Active Duty Air and Space Force, there are 109 religious exemptions, 286 medical exemptions, and 22 administrative exemptions. In the Air Force Reserve,[3] there are 22 religious exemptions, 145 medical exemptions, and 83 administrative exemptions. *See* Ex. 2. Medical and administrative exemptions will likely continue to trend lower as medical conditions resolve and those with administrative exemptions retire or otherwise separate, underscoring that these types of temporary exemptions are materially different from the permanent religious exemptions that plaintiffs seek in this case.

Expanding the injunction to cover thousands of individuals will also "severely undermine military readiness and cause irreparable harm to military operations," it "would significantly increase risk to accomplishing the Air Force mission while causing substantial and lasting harm to military order and discipline." *See* Declaration of Lt. Gen. Kevin Schneider, Ex. 1. And an injunction prohibiting the Air Force "from enforcing the vaccine mandate" would improperly encroach on the military's ability to make strategic and operational decisions necessary to discharge its mission. *See Austin v. U.S. Navy SEALs 1-26*, 142 S. Ct. 1301, 1302 (2022) (Kavanaugh, J., concurring).

Courts should exercise extreme caution before granting a preliminary injunction in a large class-action case such as this one, where class-wide preliminary injunctive relief effectively amounts to a nationwide injunction, and especially so in a RFRA case, where each service member's claims must be resolved "to the person." *EEOC v. R.G. &. G.R. Harris Funeral Homes, Inc.*, 884 F.3d 560, 590 (6th Cir. 2018). The Supreme Court has explicitly affirmed the importance of percolation in the lower courts—particularly when the government is involved—saying that "[g]overnment litigation frequently involves legal questions of substantial public importance," and a rule allowing one court to issue a definitive ruling against the government in such cases "would substantially thwart the

---

[3] The statistics for the Reserve do not include the Air National Guard. Most pending religious requests are from the Guard, with many requests awaiting State-level action.

2

development of important questions of law by freezing the first final decision rendered on a particular legal issue. Allowing only one final adjudication would deprive this Court of the benefit it receives from permitting several courts of appeals to explore a difficult question before this Court grants certiorari." *See United States v. Mendoza*, 464 U.S. 154, 160 (1984).

## ARGUMENT

### I. A Class-wide Injunction Would Interfere with Ongoing Legal Proceedings.

A class-wide preliminary injunction would interfere with multiple, ongoing cases in other jurisdictions where courts—including the Supreme Court—have already concluded that class members are not entitled to a preliminary injunction on the basis of RFRA or the First Amendment. A class-wide injunction would, for example, have the effect of reversing the Supreme Court's decision that class member Lt. Col. Jonathan Dunn (a member of the Air Force Reserve) is not entitled to preliminary relief. *Dunn v. Austin*, 142 S. Ct. 1707 (2022). The district court found Dunn was unlikely to succeed on the merits, explaining that he is "not medically ready to deploy to certain areas of the world where he might be required to deploy" and that less restrictive means "are not viable options." Prelim. Inj. Hrg. & Order, *Dunn v. Austin*, 2:22-cv-288, ECF No. 22 (E.D. Cal. Feb. 2, 2022). The Ninth Circuit and the Supreme Court both denied Dunn's request for an injunction pending appeal. *See Dunn v. Austin*, No. 22-15286, 2022 WL 1136043, at *1 (9th Cir. Apr. 1, 2022). Other courts, with the benefit of individualized records, have reached similar conclusions for other members of this class.[4] There is no good reason why this Court should overrule these other courts.

The Air Force is not currently subject to any conflicting orders because courts have thus far cabined their jurisdiction to the individuals properly before it. *Contra* Class Order, PgID # 4463–65

---

[4] *Roth v. Austin*, --- F. Supp. 3d ---, 2022 WL 1568830, at *31 (D. Neb. May 18, 2022) (denying request for a preliminary injunction, finding that plaintiffs were unlikely to succeed on the merits of "either their RFRA claim or their Free Exercise of Religion claim"), *appeal filed*, No. 22-2058 (8th Cir. May 20, 2022); *Knick v. Austin*, No. 22-1267, 2022 WL 2157066, at *3, 31 (D.D.C. June 15, 2022) (similar); *Creaghan v. Austin*, --- F. Supp. 3d ---, 2022 WL 1500544 (D.D.C. May 12, 2022), *appeal filed* No. 22-5135 (D.C. Cir. May 20, 2022) (similar).

(discussing Rule 23(b)(1)(A)). Courts have independently reviewed extensive individual records and decided based on those individualized facts whether specific plaintiffs were entitled to preliminary injunctions, with most courts finding plaintiffs did not demonstrate a substantial likelihood of success. Because the purpose of certifying a class under Rule 23(b)(1)(A) is to prevent "inconsistent or varying adjudications with respect to individual class members," this Court's class-certification ruling is incompatible with the individualized, case-specific assessments that RFRA demands. This Court should not compound the error in its class-certification ruling by issuing a class-wide injunction that *would* subject the Air Force to conflicting judicial rulings and effectively nullify the decisions of other courts, including the Supreme Court.

## II.     Plaintiffs Fail to Meet Evidentiary Burden on Threshold RFRA Elements.

Even assuming that every single class member has a sincerely held religious belief, Plaintiffs still must show that the vaccination requirement substantially burdens each and every individual class member's religious beliefs. "If the plaintiff cannot prove" that the government action substantially burdens the plaintiff's exercise of religion, the "RFRA claim fails." *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1068 (9th Cir. 2008). Particularly given the availability of a new vaccine not developed from fetal cell lines, Plaintiffs cannot make out a *prima facie* RFRA claim for each class member.

Religious beliefs of class members are varied. For example, many have religious-based objections based on abortion and the "use [of] stem cells derived from aborted humans in both development and production" of certain vaccines. ECF No. 11-16, PgID # 498.[5] Some class members object to mRNA vaccines, for example, believing that use of those types of vaccines "asserts that God did not understand how to make an immune system." ECF No. 11-9, PgID # 430. Others object to COVID-19 vaccines because they believe that their bodies are "the temples of God" and

---

[5] The current record demonstrates that Plaintiffs are unlikely to show that the fetal-derived HEK-293 cell lines used in some testing of Pfizer/BioNTech and Moderna vaccines came from voluntary abortions as opposed to spontaneous abortion (miscarriage). *See* ECF No. 45, Tr. 26:22–27:5, PgID # 3089–90.

4

vaccination "would constitute a desecration of the temple." ECF No. 11-10, PgID # 438. Still others base their religious objections on "a personal connection with God in which He instructed [them] to deny vaccination against the COVID-19 virus." ECF No. 11-15, PgID # 494. Separate analyses are required for whether each belief is substantially burdened by the vaccination requirement. Class-wide relief is improper in these circumstances and certainly not supported by such a sparse record.

Even among those with similar religious objections, differences persist among the class members about whether beliefs are substantially burdened. There is no dispute, for example, that class members who have objected to vaccination based on the use of fetal-derived cell lines do not share a uniform view of Novavax. Some class members maintain that Novavax is inconsistent with their faith.[6] While others, like class member Adam Theriault, have concluded that receiving the Novavax vaccine would be consistent with their faith. ECF No. 30-2 ¶ 3, PgID #2147–48. Plaintiff Joe Dills likewise testified that he "would take [Novavax] if it was available in the United States," and now it is. ECF No. 48, Hearing Tr., 75:9–14, PgID # 3280. Since the COVID-19 vaccine requirement does not substantially burden Theriault's or Dills' religious exercise now that Novavax is approved in the United States, there is no basis to grant a preliminary injunction that covers them or similar class members.[7]

Moreover, religious beliefs of service members who object to vaccination based on mRNA technology are not substantially burdened by the Novavax and Johnson & Johnson vaccines, which

---

[6] But no Plaintiff whose religious objection is based on the use of fetal-derived cell lines has carried their factual burden to show that taking Novavax would substantially burden their religious exercise. Novavax has confirmed that "[n]o human fetal-derived cell lines or tissue, including HEK293 cells, are used in the development, manufacture or production of the Novavax COVID-19 vaccine candidate." Christianity Today, https://perma.cc/275N-YH8U. Plaintiffs ask this Court to ignore the company's statement, and instead rely on a website, Children of God for Life, which claims that a paper published in Science analyzing the Novavax vaccine candidate references HEK-293 cells. *See* ECF No. 30-19 ¶3 & n.1. But those objections do not withstand scrutiny; Novavax explained that "[t]he reference in the Science paper to HEK293 cells was based on well-established scientific knowledge, did not include our vaccine protein, and is completely independent of Novavax COVID-19 vaccine development." Christianity Today, https://perma.cc/275N-YH8U. Plaintiffs who object to the use of fetal-derived cell lines cannot show that Novavax would substantially burden their religion on this record.
[7] Two other plaintiffs decided to receive two doses of the COVID-19 vaccine Covaxin, bringing them in full compliance with the vaccine mandate. ECF No. 68. Before they came into compliance, they too would have been in the class.

do not use mRNA technology. Novavax uses a technology that has "been used for more than 30 years in the United States" in vaccines for the flu and whooping cough. CDC, CDC Recommends Novavax's COVID-19 Vaccine for Adults (July 19, 2022), https://perma.cc/H6ZQ-3ZBH.

Plaintiffs' failure to carry their threshold obligation to show substantial burden for every class member is enough to deny a class-wide injunction. *See Navajo Nation*, 535 F.3d at 1068.

### III. Plaintiffs Cannot Demonstrate the Availability of Less Restrictive Means for Every Class Member.

Even if they had sufficient evidence to show every class member was likely to succeed on the threshold RFRA elements, Plaintiffs still would not be entitled to an injunction because the Air Force indisputably has a compelling interest. "It would be a waste of time and wrong to state that '[s]temming the spread of COVID-19' isn't a compelling interest—the Supreme Court has already decided it is." *Air Force Off. v. Austin*, ---F. Supp. 3d---, 2022 WL 468799, at *9 (M.D. Ga. Feb. 15, 2022) (citing *Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020)).

Plaintiffs have not shown that less restrictive means are available to every single member of the class, and there is no common question that could resolve this issue for every class member simultaneously. RFRA and First Amendment questions of less restrictive means must be decided "to the person." *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 726 (2014). To start, for pending religious exemption requests, it is premature for this Court to step in and decide that there are less restrictive means, particularly when the Air Force has not made a determination and those decisions impact military readiness. *See e.g.*, ECF No. 51, PgID # 3375–79. For others, the Air Force has already determined that no less restrictive means are available, which is entitled to significant deference. *See, e.g.*, ECF No. 55, PgID #3882–84 (discussing how Air Force personnel, including Chaplains, unanimously determined that there was "no comparable less restrictive means" for two class members (citation omitted)). And even if these individual decisions were subject to further review, they still do not justify a class-wide injunction. The fact other courts have found that at least 39 class members

6

*have not* demonstrated a substantial likelihood of success (including whether less restrictive means were available) clearly demonstrates Plaintiffs have already failed to carry their burden on a class-wide basis.

Plaintiffs argue that the Air Force's granting of medical and administrative exemptions show that less restrictive means are available for everyone. But the Government has repeatedly debunked this meritless argument. Permanent religious exemptions are materially different than temporary medical and administrative exemptions. Medical exemptions are short-term and protect service members' health, which furthers the compelling interest in military readiness. "'[G]iving a vaccine to a service member who has medical contraindications to the vaccine would harm the member's health, *detracting* from the military's interests in ensuring readiness and the health and safety of members.'" *Knick*, 2022 WL 2157066, at *4 (citation omitted). And anyone whose medical exemption lasts longer than 12 months is subject to a retention review, where the Air Force may decide not to retain that individual. *See* DoDI 1332.45 ¶ 1.2(b), https://perma.cc/9FNU-ZR89. Administrative exemptions are also temporary and allow a service member to complete a limited term of service before retiring or separating. Those who receive medical and administrative exemptions remain subject to restrictions because of their unvaccinated status, including limits on travel and deployment.

In contrast, Plaintiffs' religious accommodation requests seek a permanent exemption from vaccination (although they argue it's only "temporary," none identify a foreseeable end-date to their requested exemption). Plaintiffs also argue that they should be permitted to serve without any restrictions that account for their unvaccinated status, such as limits on travel, training, deployment, and other restrictions that apply to all unvaccinated service members. In short, they seek nothing like the kind of treatment granted to persons with medical or administrative exemptions, but entirely distinct, permanent, preferential treatment that undermines the military's efforts to protect the health of the force. *See Roth*, 2022 WL 1568830, at *20.

Finally, the Air Force has treated requests for all types of exemptions similarly, carefully

7

analyzing the individual factors applicable to each request. The Air Force has granted 135 religious exemption requests, with 109 of those for Active Duty Air Force—compare that number with 286 current Active Duty medical exemptions and just 22 current Active Duty administrative exemptions. Ex. 2. Given that there are nearly *five times* the number of religious exemptions as administrative exemptions in Active Duty Air Force, there is no factual basis to conclude that the Air Force has an "overt policy to deny virtually all religious accommodation requests." Class Order, PgID # 4459.

This Court should not look to the reasoning of the decision in *U.S. Navy Seals 1–26 v. Austin*, because those facts were strikingly different—at the time of that order, "[e]xactly zero requests ha[d] been granted" by the Navy. --- F. Supp. 3d. ----, 2022 WL 1025144, at *5 (N.D. Tex. Mar. 28, 2022), *appeal filed*, *U.S. Navy SEALs 1-26 v. Biden*, No. 22-10534 (5th Cir. May 31, 2022). And, of course, that reasoning was in support of an injunction that was stayed in significant part by the Supreme Court, which recognized the military's discretion to consider vaccination status in making deployment, assignment, and other operational decisions. *Navy SEALs 1-26*, 142 S. Ct. at 1301. As one district court observed, in granting this stay, the Supreme Court implicitly held "the Government is likely to succeed on the merits" of RFRA claims similar to those brought by plaintiffs here, which constitutes "the most persuasive authority on which a District Court may rely." *Navy SEAL 1 v. Austin*, ---F. Supp. 3d---, 2022 WL 1294486, at *4 (D.D.C. Apr. 29, 2022), *appeal filed*, No. 22-5114 (D.C. Cir. May 5, 2022). Thus, the district court's decision in *Navy SEALs 1-26* (N.D. Tex.) should not be considered on any merits issue, let alone whether Plaintiffs have satisfied their burden to show that less restrictive means are available for every single member of the Air Force class.

**IV.    No Other Common Questions Show Likelihood of Success on the Merits.**

Plaintiffs have not provided any other common proof that shows that the entire class is entitled to a preliminary injunction. Plaintiffs have not provided any evidence, let alone "[s]ignificant proof," that the Air Force "operated under a general policy of discrimination." *Wal-Mart Stores, Inc. v.*

8

*Dukes*, 564 U.S. 338, 353 (2011) (citation omitted); *see In re Navy Chaplaincy*, 306 F.R.D. 33, 48 (D.D.C. 2014) ("In this case, just as in *Walmart*, Plaintiffs do not allege that the Navy ever had an express policy" of discrimination). At best, Plaintiffs provide "statistical" differences between religious and medical/administrative exemptions, which are negligible when broken out by active duty/reserve. The Supreme Court has found this type of evidence is "insufficient to establish that respondents' theory can be proved on a classwide basis." *Wal-Mart*, 564 U.S. at 356. Regardless, none of that is relevant to the elements that need to be proven under RFRA or shows that any particular religious accommodation request—much less *all* of them—were incorrectly decided.

**V.    Equities and Public Interest Strongly Disfavor a Class-wide Injunction.**

A preliminary injunction would not be equitable or in the public interest for all the reasons Defendants previously explained, but those reasons are amplified given the immense scope of this proposed order. "[E]ven accepting that RFRA applies in this particular military context, RFRA does not justify judicial intrusion into military affairs" and there is "no basis in this case for employing the judicial power in a manner that military commanders believe would impair the military of the United States as it defends the American people." *Navy SEALs 1-26*, 142 S. Ct. at 1302 (Kavanaugh, J., concurring). As three-star general, Lt. Gen. Kevin Schneider, Director of Staff for the Headquarters of the Air Force, explains: "In my opinion, if a large number of Department of Air Force Service members were to be exempt from the COVID-19 vaccine mandate, it would pose a significant and unprecedented risk to military readiness and our ability to defend the nation." Ex. 1, ¶ 6. An injunction at this scale would amplify harm "across the Force, creating significant and irreparable harm to good order and discipline, force health protection, and military readiness; seriously endangering the Department of the Air Force's ability to decisively execute its mission." *Id.* ¶ 8.

**VI.    Scope of Any Potential Order.**

If the Court is still inclined to enter a class-wide preliminary injunction, at the very least it

9

should clarify its terms. To start, the class definition is unclear about whether it includes the Air National Guard.[8] The short phrase in the TRO—"prohibit[s] Defendants from enforcing the vaccine mandate"—is vague and ambiguous in several respects. That phrase does not specify whether it prohibits the Air Force from making deployment, assignment, and other operational decisions—which, of course, would conflict with the Supreme Court's stay in *Navy Seals 1–26*. The order is also unclear whether it prohibits Defendants from initiating separation procedures, including discharge boards, or just the enforcement of final discharge orders. It also does not specify whether it requires the military halt ongoing court martial or other proceedings under the Uniform Code of Military Justice if they involve a class member, which would conflict with the Supreme Court's decision in *Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975) ("when a serviceman . . . can show no harm other than that attendant to resolution of his case in the military court system, the federal district courts must refrain from intervention, by way of injunction or otherwise"). And for members of the Reserve, that phrase does not specify whether it requires the Air Force to reinstate individuals who previously been placed in No Pay/No Points status, which would directly conflict with the ruling in *Poffenbarger v. Kendall*, --- F. Supp. 3d ----, 2022 WL 594810, at *20 (S.D. Ohio Feb. 28, 2022), or whether it requires the Air Force to transfer class members out of the Individual Ready Reserve. The Order also does not specify how the Air Force should treat individuals who fall within the definition of the class, but still want to be separated. Without answering each of these questions, any preliminary injunction would run afoul of Rule 65(d) of the Federal Rules of Civil Procedure.[9]

---

[8] There are no class representatives who are in the Air National Guard.
[9] The entry of any class-wide injunction would be clear error and Defendants reserve the right to appeal, but if the Court is inclined to enter a class-wide PI it should limit its order to enjoining only the enforcement of final adverse actions, like separation or transfer orders.

10

Dated: July 21, 2022              Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Branch Director
Federal Programs Branch

*/s/ Zachary A. Avallone*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
STUART J. ROBINSON
Senior Counsel
ZACHARY A. AVALLONE
LIAM HOLLAND
CATHERINE YANG
CASSANDRA SNYDER
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-2705
Email: zachary.a.avallone@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2022, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

/s/ Zachary A. Avallone
ZACHARY A. AVALLONE
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-2705
Email: zachary.a.avallone@usdoj.gov