IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATTI DIVISION

| | |
|---|---|
| **HUNTER DOSTER**, *et al.*,<br><br>                      Plaintiffs,<br><br>v.<br><br>**FRANK KENDALL**, *et al.*,<br><br>                      Defendants. | No. 1:22-cv-00084<br>Hon. Matthew W. McFarland |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully notify the Court of the attached decision in *Clements v. Austin*, C.A. No. 2:22-2069-RMG (D.S.C.). Order, ECF No. 22 (July 27, 2022), Ex. A. In that case, twenty-four plaintiffs sought to prevent the military from enforcing the COVID-19 vaccination requirement and brought claims under the Religious Freedom Restoration Act ("RFRA"), the Free Exercise Clause of the First Amendment, the Administrative Procedure Act ("APA"), and the Due Process Clause of the Fifth Amendment. *Id.* at 1–3. The Court dismissed the claims brought by those who were not residents of South Carolina, and severed the remaining four plaintiffs into separate cases. *Id.* at 6.

The court explained:

> The Government's obligation to demonstrate that the vaccination policy, *as applied to an individual Plaintiff*, is the least restrictive means available requires a fact-intensive presentation that addresses, among other things, the individual job duties of each Plaintiff, the specific work environment of each Plaintiff, the risk of transmission posed by those job duties and work environment, the potential consequences of a COVID-19 outbreak on the functions of that work area, the practicality and effectiveness of proposed alternatives to mandatory vaccination in regard to each Plaintiff's job duties, the medical history of each Plaintiff, and the nature and sincerity of each Plaintiff's asserted religious beliefs. Each Plaintiff has participated in a multi-layered review process that has involved various levels of supervision and assessments by medical and epidemiological specialists.

*Id.* at 3. The court concluded:

> [T]he joinder of these far-flung cases—across different states, military branches, service academies and work stations—is an uniquely poor idea. Although there are obviously some overlapping issues in the claims of the Plaintiffs, the differences in each individual case would predominate over those common issues of law and fact and would require two dozen minitrials. Rather than promote judicial economy, as Plaintiffs allege, the jumbling of these highly individualized claims into a single action would be unwieldy and unmanageable.

*Id.* at 5.

For the reasons described in the attached opinion, assessing a RFRA violation is a highly fact-intensive, individualized inquiry. Plaintiffs have not met their burden to show likelihood of success for every class member, and this Court should not enter a class-wide preliminary injunction. For the same reasons, this Court should also decertify the class and sever the claims of individual Plaintiffs who otherwise lack venue in this district.

Dated: July 27, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

/s/ *Zachary A. Avallone*
ANDREW E. CARMICHAEL
Senior Trial Counsel

ALEXANDER K. HAAS
Director, Federal Programs Branch

ZACHARY A. AVALLONE
  DC Bar No. 1023361
CASSANDRA M. SNYDER

ANTHONY J. COPPOLINO
Deputy Director

Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-2705
Fax: (202) 616-8460
Email: zachary.a.avallone@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2022, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

/s/ *Zachary A. Avallone*