IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| HUNTER DOSTER, et. al., | : | Case No. 1:22-cv-84 |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| v. | : | |
| Hon. FRANK KENDALL, et. al., | : | |
| Defendants. | : | |

### ORDER GRANTING CLASS-WIDE PRELIMINARY INJUNCTION

On July 14, 2022, this Court granted Plaintiffs' Motion for Class Certification (Doc. 21) and certified a class. (Order Regarding Pending Motions, Doc. 72, Pg. ID 4468-69.) The Court further ordered Defendants to file a supplemental brief identifying why the Court should not grant a class-wide preliminary injunction. (Id. at 4469.) Defendants timely filed such a brief on July 21, 2022. Plaintiffs filed a supplemental brief on July 25, 2022. Thus, this matter is ripe for the Court's review.

Defendants fail to raise any persuasive arguments for why the Court should not extend the Preliminary Injunction issued on March 31, 2022 to cover the Class Members. Thus, for the reasons discussed in this Court's Order Granting In Part and Denying In Part Plaintiffs' Motion for a Preliminary Injunction and Issuing a Preliminary Injunction (Doc. 47), the Court finds Defendants' arguments not well taken.

Lastly, the Court reminds Defendants that "[i]t is emphatically the province and duty of the judicial department to say what the law is." *Marbury v. Madison*, 5 U.S. 137, 177 (1803). Thus, due to the systematic nature of what the Court views as violations of Airmen's constitutional rights to practice their religions as they please, the Court is well within its bounds to extend the existing preliminary injunction to all Class Members.

Accordingly, the Court **ORDERS** the following:

1. The Court **MODIFIES** the Class as follows:

   All active-duty, active reserve, reserve, national guard, inductees, and appointees of the United States Air Force and Space Force, including but not limited to Air Force Academy Cadets, Air Force Reserve Officer Training Corps (AFROTC) Cadets, Members of the Air Force Reserve Command, and any Airman who has sworn or affirmed the United States Uniformed Services Oath of Office or Enlistment and is currently under command and could be deployed, who: (i) submitted a religious accommodation request to the Air Force from the Air Force's COVID-19 vaccination requirement, where the request was submitted or was pending, from September 1, 2021 to the present; (ii) were confirmed as having had a sincerely held religious belief substantially burdened by the Air Force's COVID-19 vaccination requirement by or through Air Force Chaplains; and (iii) either had their requested accommodation denied or have not had action on that request. Excluded from this definition shall be any person within the above class who: (i) opts out, by delivering notice to the Government and Class Counsel in writing of their election to opt out, by electronic mail addresses to be filed with Court.

2. Defendants, and their officers, agents, servants, employees, and attorneys, and other people acting in concert or participation with them, who receive notice of this preliminary injunction, are **PRELIMINARILY ENJOINED** from: (i) taking, furthering, or continuing any disciplinary or separation measures against the members of the Class for their refusal to receive the COVID-19 vaccine, while keeping in place the current temporary exemption; such disciplinary or separation measures include, but are not limited to, "adverse administrative actions, non-

2

judicial punishment, administrative demotions, administrative discharges, and courts-martial;" for the benefit of Defendants, this includes continuing any administrative separation or punitive processes or initiating the same. However, if there are any court-martials that are in process with members in which the members have been sworn or a witness having been sworn such that jeopardy has attached, those actions shall be stayed, and the Government shall provide notice to this Court of a listing of any such actions within 7 days for further consideration or resolution of this issue; (ii) Defendants shall not place or continue active reservists on no points, no pay status for their refusal to get vaccinated for COVID-19 due to their sincerely held religious beliefs; and (iii) Defendants shall not refuse to accept for commissioning or enlistment any inductee or appointee due to their refusal to get vaccinated for COVID-19 due to their sincerely held religious beliefs. Further, Members who submitted requests for religious accommodation may cancel or amend previous voluntary retirement or separation requests or requests to transfer to the Air Force Reserve. Nothing in this Order precludes the Department of the Air Force from considering vaccination status in making deployment, assignment, and other operational decisions.

3. Defendants, as well as any person acting in concert with Defendants, are enjoined and restrained from taking any adverse action against any Class Member on the basis of this lawsuit or his request for religious accommodation from the COVID-19 vaccine.

4. The temporary exemptions from taking the COVID-19 vaccine currently in place

for all Class Members shall remain in place during the resolution of this litigation.

5. In accordance with Federal Rule of Civil Procedure 65(d)(2), this Order binds the following who receive notice of it by personal service or otherwise: the parties; the parties' officers, agents, servants, employees, and attorneys; and other persons who act in concert or participate with the parties or the parties' officers, agents, servants, employees, and attorneys.

6. Pursuant to Federal Rule of Civil Procedure 65(c), the Court has considered the need for Defendants to post security and concludes that no sum is required under the facts of this case.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND