IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | |
|---|---|
| **HUNTER DOSTER,** *et al.,*<br><br>*Plaintiffs,*<br><br>v.<br><br>**FRANK KENDALL,** *et al.,*<br><br>*Defendants.* | No. 1:22-cv-00084<br>Hon. Matthew W. McFarland |

**DEFENDANTS' ANSWER TO PLAINTIFFS' VERIFIED CLASS ACTION
COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Pursuant to Federal Rule of Civil Procedure 12, Defendants Frank Kendall, in his official capacity as Secretary of the Air Force, Lt. Gen. Robert I. Miller, in his official capacity as Surgeon General of the Air Force, Lt. Gen. Marshall B. Webb, in his official capacity as Commander Air Education and Training Command, Lt. Gen. Richard W. Scobee, in his official capacity as Commander, Air Force Reserve Command, Lt. General James C. Slife, in his official capacity as Commander, Air Force Special Operations Command, and the United States of America (collectively "Defendants"), by and through undersigned counsel, answer the separately numbered paragraphs and prayer for relief contained in the Plaintiffs' Verified Class Action Complaint for Declaratory Judgment and Injunctive Relief (ECF No. 1) as follows:

**INTRODUCTION[1]**

1. This paragraph contains Plaintiffs' characterization of this action; the paragraph does not allege facts, so no response is required. To the extent a response is deemed required, Defendants

---

[1] Defendants have included Plaintiffs' headings as a reference point. The headings are not factual allegations to which a response is required.

1

admit that the religious accommodation review in the Air Force generally includes a conversation with a Chaplain. Otherwise, deny.

2. Defendants deny the allegations of this paragraph, except to aver and admit that as of July 12, 2022, the Department of the Air Force has approved 135 religious accommodation requests to be exempt from the COVID-19 vaccination requirement: 106 Active Duty Air Force, 22 Air Force Reserves (including Individual Mobilization Augmentees), 3 Space Force, and 4 Air National Guard. As of July 12, 2022, the Department of the Air Force currently has 286 individuals in Active Duty Air Force and Space Force and 145 individuals in the Air Force Reserves with medical exemptions. As of July 12, 2022, the Department of the Air Force currently has 22 individuals in Active Duty Air Force and Space Force and 83 individuals in the Air Force Reserves with administrative exemptions.

## PARTIES – THE PLAINTIFFS

3. Defendants admit to the name, rank, and duty assignment contained in this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding residence, and therefore deny.

4. Defendants admit to the name, rank, and duty assignment contained in this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding residence, and therefore deny.

5. Defendants admit to the name, rank, and duty assignment contained in this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding residence, and therefore deny.

6. Defendants admit to the name, rank, and duty assignment contained in this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding residence, and therefore deny.

7. Defendants admit to the name, rank, and duty assignment contained in this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding residence, and therefore deny.

8. Defendants admit to the name, rank, and duty assignment contained in this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding residence, and therefore deny.

9. Defendants admit to the name, rank, and duty assignment contained in this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding residence, and therefore deny.

10. Defendants admit to the name, rank, and duty assignment contained in this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding residence, and therefore deny.

11. Defendants admit to the name, rank, and duty assignment contained in this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding residence, and therefore deny.

12. Defendants admit to the name, rank, and duty assignment contained in this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding residence, and therefore deny.

13. Defendants admit to the name, rank, and duty assignment contained in this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding residence, and therefore deny.

14. Defendants admit to the name, rank, and duty assignment contained in this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding residence, and therefore deny.

15. Defendants admit to the name, rank, and duty assignment contained in this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding residence, and therefore deny.

16. Defendants admit to the name, rank, and duty assignment contained in this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding residence, and therefore deny.

17. Defendants admit to the name, rank, and duty assignment contained in this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding residence, and therefore deny.  Defendants also deny that Plaintiff Dills was recently transferred to the Individual Ready Reserve or that any transfer to the Individual Ready Reserve would violate any law.

18. Defendants admit to the name, rank, and duty assignment contained in this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding residence, and therefore deny.

19. Defendants admit to the name, rank, and duty assignment contained in this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding residence, and therefore deny.

20. Defendants admit to the name, rank, and duty assignment contained in this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding residence, and therefore deny.  Defendants also deny that Plaintiff Schuldes was recently transferred to the Individual Ready Reserve or that any transfer to the Individual Ready Reserve would violate any law.

21. This paragraph contains Plaintiffs' characterization of this action; the paragraph does not allege facts, so no response is required.  To the extent a response is deemed required, Defendants

admit, except deny that the office of the Secretary of the Air Force is located in the District of Columbia.

## JURISDICTION AND VENUE

22. This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required. To the extent a response is deemed required, deny.

23. This paragraph contains the Plaintiffs' conclusions of law, not allegations of fact, so no response is required. To the extent a response is deemed required, deny.

## FACTS

24. Defendants refer to the cited document for a complete and accurate statement of its contents. Otherwise, deny.

25. Defendants refer to the cited document, a memo dated November 23, 2021, "Guidance on Permanent Change of Stations (PCS) Restrictions for Active Duty Airmen Who Are Not Fully Vaccinated against COVID-19" for a complete and accurate statement of its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding what emails Plaintiffs may have received about this memo, and therefore deny. The remaining allegations contain Plaintiffs characterization of facts, to which no response is required. To the extent a response is deemed required, deny.

26. Defendants admit that the Plaintiffs identified in this Complaint have submitted religious accommodation requests seeking exemptions from the COVID-19 vaccine requirement. Defendants refer to the cited document for a complete and accurate statement of its contents. Otherwise, deny.

27. Defendants refer to the cited documents for a complete and accurate statement of their contents. Otherwise, deny.

28. Defendants refer to the cited documents for a complete and accurate statement of their contents.  Otherwise, deny.

29. Defendants refer to the cited documents for a complete and accurate statement of their contents.  Otherwise, deny.

30. Defendants refer to the cited documents for a complete and accurate statement of their contents.  Otherwise, deny.

31. Defendants refer to the cited documents for a complete and accurate statement of their contents.  Otherwise, deny.

32. Defendants refer to the cited documents for a complete and accurate statement of their contents.  Otherwise, deny.

33. Defendants refer to the cited documents for a complete and accurate statement of their contents.  Otherwise, deny.

34. Defendants refer to the cited documents for a complete and accurate statement of their contents.  Otherwise, deny.

35. Defendants refer to the cited documents for a complete and accurate statement of their contents.  Otherwise, deny.

36. Defendants refer to the cited documents for a complete and accurate statement of their contents.  Otherwise, deny.

37. Defendants refer to the cited documents for a complete and accurate statement of their contents.  Otherwise, deny.

38. Defendants refer to the cited documents for a complete and accurate statement of their contents.  Otherwise, deny.

39. Defendants refer to the cited documents for a complete and accurate statement of their contents.  Otherwise, deny.

40. Defendants refer to the cited documents for a complete and accurate statement of their contents. Otherwise, deny.

41. This paragraph contains characterization about an appendix that Plaintiffs submitted, not allegations of fact, so no response is required. To the extent a response is deemed required, deny.

42. Defendants refer to the cited documents for a complete and accurate statement of their contents. Otherwise, deny.

43. Defendants refer to the cited documents for a complete and accurate statement of their contents. Otherwise, deny.

44. Defendants refer to the cited documents for a complete and accurate statement of their contents. Otherwise, deny.

45. Defendants refer to the cited documents for a complete and accurate statement of their contents. Otherwise, deny.

46. Defendants refer to the cited documents for a complete and accurate statement of their contents. Otherwise, deny.

47. Defendants refer to the cited documents for a complete and accurate statement of their contents. Otherwise, deny.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the whether specific individuals have been previously infected from COVID-19, and therefore deny. Otherwise, deny.

49. Defendants refer to the cited documents for a complete and accurate statement of their contents. Otherwise, deny.

50. This paragraph contains legal argument, not allegations of fact, so no response is required. To the extent a response is deemed required, deny.

51. Deny.

52. Deny.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and otherwise deny.

54. Defendants admit that the Air Force has granted temporary medical and administrative exemptions, and note the Air Force has also granted religious exemptions.  Otherwise, deny.

55. Defendants admit that the Air Force has allowed, in some circumstances, certain individuals with HIV to serve in various roles consistent with Air Force policy, but deny that this allegation is relevant to any issue in this case.  Otherwise, deny.

56. This paragraph contains legal argument, not allegations of fact, so no response is required. To the extent a response is deemed required, deny.

57. This paragraph contains legal argument; the paragraph does not allege facts, so no response is required.  To the extent a response is deemed required, deny.

58. This paragraph contains legal argument; the paragraph does not allege facts, so no response is required.  To the extent a response is deemed required, deny.

## INJUNCTIVE RELIEF ALLEGATIONS

59. This paragraph contains Plaintiffs' characterization of their case; the paragraph does not allege facts, so no response is required.  To the extent a response is deemed required, deny.

## CLASS ACTION ALLEGATIONS

60. Defendants incorporate their response to the referenced paragraphs.

61. The allegations in this paragraph are vague and ambiguous, so Defendants lack knowledge or information sufficient to form a believe about the trust of these allegations, and therefore deny.

62. This paragraph contains Plaintiffs' characterization of the law; the paragraph does not allege facts, so no response is required.  To the extent a response is deemed required, Defendants refer to the cited rule for a complete and accurate statement of its contents.

63. This paragraph contains Plaintiffs' characterization of the law; the paragraph does not allege facts, so no response is required. To the extent a response is deemed required, Defendants refer to the cited rule for a complete and accurate statement of its contents.

64. This paragraph contains Plaintiffs' characterization of the requested class; the paragraph does not allege facts, so no response is required. To the extent a response is deemed required, deny.

## CLAIM I – VIOLATION OF THE RELIGIOUS FREEDOM RESTORATION ACT

65. Defendants incorporate their response to the referenced paragraphs.

66. This paragraph contains Plaintiffs' characterization of the law; the paragraph does not allege facts, so no response is required. To the extent a response is deemed required, Defendants refer to the cited statute for a complete and accurate statement of its contents.

67. This paragraph contains Plaintiffs' characterization of the law; the paragraph does not allege facts, so no response is required. To the extent a response is deemed required, Defendants refer to the cited statute for a complete and accurate statement of its contents.

68. This paragraph contains Plaintiffs' conclusory statements; the paragraph does not allege facts, so no response is required. To the extent a response is deemed required, Defendants deny.

69. This paragraph contains Plaintiffs' characterization of the law; the paragraph does not allege facts, so no response is required. To the extent a response is deemed required, Defendants refer to the cited statute for a complete and accurate statement of its contents.

70. This paragraph contains Plaintiffs' characterization of this lawsuit; the paragraph does not allege facts, so no response is required. To the extent a response is deemed required, Defendants deny.

71. This paragraph contains Plaintiffs' characterization of the law; the paragraph does not allege facts, so no response is required. To the extent a response is deemed required, deny.

## CLAIM II – VIOLATION OF THE FIRST AMENDMENT
## OF THE UNITED STATES CONSTITUTION

72. Defendants incorporate their response to the referenced paragraphs.

73. This paragraph contains Plaintiffs' characterization of the law; the paragraph does not allege facts, so no response is required. To the extent a response is deemed required, Defendants refer to the cited cases for a complete and accurate statement of its contents.

74. This paragraph contains Plaintiffs' characterization of the law; the paragraph does not allege facts, so no response is required. To the extent a response is deemed required, deny.

75. This paragraph contains Plaintiffs' characterization of the law; the paragraph does not allege facts, so no response is required. To the extent a response is deemed required, deny.

### PRAYER FOR RELIEF

The remaining paragraphs of the Complaint contain Plaintiffs' requested relief, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the remaining paragraphs of the Complaint and further state that Plaintiffs are not entitled to any relief.

Defendants deny all allegations in the Amended Complaint not expressly admitted. Defendants reserve the right to assert any defense, including improper venue, misjoinder, failure to exhaust administrative remedies, ripeness, and other defenses in Federal Rule of Civil Procedure 8(c), not currently known.

Dated: July 28, 2022                    Respectfully submitted,

                                                BRIAN M. BOYNTON
                                                Principal Deputy Assistant Attorney General
                                                Civil Division

                                                ALEXANDER K. HAAS
                                                Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Branch Director
Federal Programs Branch

*/s/ Zachary A. Avallone*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
STUART J. ROBINSON
Senior Counsel
ZACHARY A. AVALLONE
LIAM HOLLAND
CATHERINE YANG
CASSANDRA SNYDER
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-2705
Email: zachary.a.avallone@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2022, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

/s/ Zachary A. Avallone
ZACHARY A. AVALLONE
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-2705
Email: zachary.a.avallone@usdoj.gov