IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| HUNTER DOSTER, et. al., | : | Case No. 1:22-cv-84 |
| | : | |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| Hon. FRANK KENDALL, et. al., | : | |
| | : | |
| Defendants. | : | |

ORDER DENYING EMERGENCY MOTION FOR STAY PENDING APPEAL AND
FOR IMMEDIATE ADMINISTRATIVE STAY, MODIFYING CLASS DEFINITION,
AND MODIFYING PRELIMINARY INJUNCTION

This matter is before the Court on Defendants' Emergency Motion for Stay Pending Appeal and for Immediate Administrative Stay (Doc. 83) and Plaintiffs' response (Doc. 85). Defendants seek a stay of the Court's Order Granting Class-Wide Preliminary Injunction (Doc. 77). For the reasons below, the Court **DENIES** Defendants' Emergency Motion, **MODIFIES** the Class Definition, and **MODIFIES** the preliminary injunction. The Court incorporates all prior orders except as modified herein.

**A. The matter will not be stayed**

"A stay is not a matter of right." *Nken v. Holder*, 556 U.S. 418, 433 (2009). This Court must evaluate four factors in considering a stay pending appeal. *Michigan State A. Philip Randolph Inst. v. Johnson*, 833 F.3d 656, 661 (6th Cir. 2016). These factors include:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court

grants the stay; and (4) the public interest in granting the stay. *Id*. (quoting *Serv. Emp. Int'l Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012)). The factors "are interconnected considerations that must be balanced together." *Id*. The moving party has the burden to show that a stay is warranted. *Id*. at 662.

Defendants' arguments mirror many of the same issues the Court considered and ruled upon when it granted class certification and issued a class-wide preliminary injunction. (*See* Order Granting Class-Wide Preliminary Injunction, Doc. 77; Order Regarding Pending Motions, Doc. 72; Order Denying Defendants' Motion to Dismiss, Doc. 71; Order Granting in Part and Denying in Part Plaintiffs' Motion for a Preliminary Injunction and Issuing a Preliminary Injunction, Doc. 47.) No new arguments persuade the Court that a stay is now warranted.

*Likelihood of success*. Defendants do not have a likelihood to prevail on the merits of their appeal. Plaintiffs satisfied the Fed. R. Civ. P. 23(a) prerequisites of numerosity, commonality, typicality, and adequacy of representation, as well as Fed. R. Civ. P. 23(b)(1)(A) and (b)(2), therefore warranting class certification. Such certification was consistent with similar litigation in this country involving service members from other branches of the military, including the Navy, *see U.S. Navy SEALs 1-26 v. Austin*, --- F. Supp. 3d ---, 2022 WL 1025144 (N.D. Tex. Mar. 28, 2022) (O'Connor, J.), and the Marines, *see Colonel Financial Mgmt. Officer, et al. v. Austin, et al.*, No. 8:22-cv-1275 (M.D. Fla., Aug. 18, 2022), ECF No. 229 (Merryday, J.). Additionally, Plaintiffs established that a class-wide preliminary injunction is proper. The class has a strong likelihood of success on the merits of the First Amendment Free Exercise Clause violation claim, as well as the

Religious Freedom Restoration Act claim. Plaintiffs established that the class would face irreparable harm without a class-wide preliminary injunction, as Defendants appear prepared to separate any airman who objects to getting the COVID-19 vaccine due to sincerely held religious beliefs—a practice, incidentally, that seems to work at cross-purposes to Defendants' stated goal of military readiness. Thus, the first consideration weighs against a stay.

*Irreparable harm.* Defendants, on the one hand, seek to separate thousands of Airmen who remain unvaccinated while admitting that "[e]very Airman is critical to the accomplishment of the Air Force mission[,]" on the other. (Defendants' Emergency Motion for Stay Pending Appeal, Doc. 83, Pg. ID 4583.) To the extent Defendants face irreparable harm in the form of having fewer Airmen to deploy, Airmen within the class face far more comprehensive irreparable harm, in the form of losing their entire military careers. Accordingly, the second factor weighs against issuing a stay.

*Harm to others.* Third, thousands of Airmen would be harmed if the Court were to issue a stay. It seems, in the Court's view, that Defendants seek a stay in order to swiftly discipline and separate thousands of Airmen prior to a ruling by the Sixth Circuit. Doing so would irreparably harm the Airmen who object to getting the COVID-19 vaccine. A stay would force each and every unvaccinated Airman, besides the named Plaintiffs, to choose between two highly objectionable choices: get vaccinated in violation of his or her sincerely held religious beliefs or suffer the consequences. Thus, the third factor weighs heavily against issuing a stay.

*Public interest.* Lastly, the public interest weighs heavily against issuing a stay. As

3

this Court has stated, "it is always in the public interest to prevent the violations of a party's constitutional rights." (Order Granting in Part and Denying in Part Plaintiffs' Motion for Preliminary Injunction and Issuing a Preliminary Injunction, Doc. 47, Pg. ID 3199.) Additionally, in today's global climate, it is in the public's interest for the armed services to remain at full strength, rather than separating thousands of Airmen due to their refusal to get the COVID-19 vaccine. Thus, the public interest weights against issuing a stay.

In summary, after over two years of living with COVID-19 and its many variants, this record, the law, and common sense require the preliminary injunction, as modified below and applied to the modified class, to remain in effect.  Lieutenant Colonel Edward Stapanon, an Air Force pilot and almost 21-year veteran, testified that as long as he has been a pilot, the Air Force has had a shortage of pilots.  (Transcript, Doc. 45, Pg. ID 3067, 3079-80.)  And yet Defendants maintain the untenable position that it somehow promotes military readiness to separate and discipline pilots and other Airmen because they object to the vaccine mandate.  This, despite the increasingly clear reality that "the vaccines do not prevent transmission of the disease, but can only be claimed to reduce symptom severity."[1]  Moreover, Defendants' blanket vaccine mandate across all groups is increasingly out of touch with the Center for Disease Control's own recognition that the risk of severe cases of COVID-19 is a risk faced by specific groups.[2]  All things considered,

---

[1] Stephanie Seneff, Greg Nigh, Anthony M. Kyriakopoulos, Peter A. McCullough, *Innate immune suppression by SARS-CoV-2 mRNA vaccinations: The role of G-quadruplexes, exosomes, and MicroRNAS,* FOOD AND CHEMICAL TOXICOLOGY 164 (2022).
[2] "Factors That Affect Your Risk of Getting Very Sick from COVID-19," CENTERS FOR DISEASE CONTROL

4

it remains this Court's conclusion that the most prudent way forward is to proceed with this litigation with the class-wide preliminary injunction in effect. Moving forward will permit the adversarial process to achieve its truth-seeking function. *See Gardner v. Florida.*, 430 U.S. 349, 360 (1977). Accordingly, Defendants' Emergency Motion for Stay Pending Appeal and for Immediate Administrative Stay (Doc. 83) is **DENIED**.

### B. Modified Class Definition

Defendants request that the Court modify the Class Definition to clarify whether it limits the class to service members who had sought religious accommodations as of the date of certification, the date of the injunction, or whether the Class was open-ended. (Doc. 83, Pg. ID 4570, fn. 1.) Plaintiffs assert that the Class is confined to those who met the Class Definition on July 27, 2022, the date the Court first modified the Class Definition and entered the class-wide preliminary injunction. *Doster v. Kendall*, No. 1:22-CV-84, 2022 WL 2974733, at *1 (S.D. Ohio July 27, 2022). Plaintiffs propose modifying the Class Definition accordingly.

The Court agrees. Because this Court retains jurisdiction over the matter at this stage, *see* Fed. R. Civ. P. 23(f) (providing that a Rule 23(f) appeal does not stay district court proceedings without a court order), and has the discretion to modify class definitions, *Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007), the Court modifies the Class Definition as follows, with the sole change being to replace

---

AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/your-health/risks-getting-very-sick.html (last visited August 19, 2022). *See also* "COVID-19: vulnerable and high risk groups," WORLD HEALTH ORGANIZATION, https://www.who.int/westernpacific/emergencies/covid-19/information/high-risk-groups (last visited August 19, 2022).

each instance of "to the present" with "July 27, 2022":

> All active-duty, active reserve, reserve, national guard, inductees, and appointees of the United States Air Force and Space Force, including but not limited to Air Force Academy Cadets, Air Force Reserve Officer Training Corps (AFROTC) Cadets, Members of the Air Force Reserve Command, and any Airman who has sworn or affirmed the United States Uniformed Services Oath of Office or Enlistment and is currently under command and could be deployed, as of July 27, 2022, who: (i) submitted a religious accommodation request to the Air Force from the Air Force's COVID-19 vaccination requirement, where the request was submitted or was pending, from September 1, 2021 to July 27, 2022; (ii) were confirmed as having had a sincerely held religious belief substantially burdened by the Air Force's COVID-19 vaccination requirement by or through Air Force Chaplains; and (iii) either had their requested accommodation denied or have not had action on that request.
>
> Excluded from this definition shall be any person within the above class who: (i) opts out, by delivering notice to the Government and Class Counsel in writing of their election to opt out, to the electronic mail addresses of Counsel, which will be filed with Court.

**C. Modified preliminary injunction**

In order to remove its prior application to enlisting or commissioning, remove its application to pending courts-martial since Defendants advised none are pending, and make even clearer that the injunction applies to Defendants' mandate, not any state mandate, the Court modifies the preliminary injunction at Doc. 77 as follows:

(1) Defendants, and their officers, agents, servants, employees, and attorneys, and other people acting in concert or participation with them, who receive notice of this preliminary injunction, are **PRELIMINARILY ENJOINED** from:

> (i) taking, furthering, or continuing any disciplinary or separation measures against the members of the Class for their refusal to receive the COVID-19 vaccine, while keeping in place the current temporary exemption; such

disciplinary or separation measures include, but are not limited to, "adverse administrative actions, non- judicial punishment, administrative demotions, administrative discharges, and courts-martial;" for the benefit of Defendants, this includes continuing any administrative separation or punitive processes or initiating the same.

(ii) Defendants shall not place or continue active reservists on no points, no pay status for their refusal to get vaccinated for COVID-19 due to their sincerely held religious beliefs.

(iii) The requirement that Defendants not refuse to accept for commissioning or enlistment any inductee or appointee due to their refusal to get vaccinated for COVID-19 due to their sincerely held religious beliefs in Doc. 77, is *rescinded and withdrawn* in light of separation of powers issues and the President's unreviewable appointment power under Article II. *Orloff v. Willoughby*, 345 U.S. 83, 73 S. Ct. 534 (1953).

(iv) Insofar as the restrictions on National Guards are concerned, the application of the injunction is limited to the enforcement of the Secretary of the Air Force's vaccine mandate, for those meeting the Class Definition, and would not apply to any vaccine requirement that was separately imposed by any Governor, State Adjutant General, state legislature, or separate state authority.

(iv) Members who submitted requests for religious accommodation may cancel or amend previous voluntary retirement or separation requests or requests to

transfer to the Air Force Reserve.

(v) Nothing in this Order precludes the Department of the Air Force from considering vaccination status in making deployment, assignment, and other operational decisions.

(2) Defendants, as well as any person acting in concert with Defendants, are enjoined and restrained from taking any adverse action against any Class Member on the basis of this lawsuit or his request for religious accommodation from the COVID-19 vaccine.

(3) The temporary exemptions from taking the COVID-19 vaccine currently in place for all class members shall remain in place during the resolution of this litigation.

(4) In accordance with Federal Rule of Civil Procedure 65(d)(2), this Order binds the following who receive notice of it by personal service or otherwise: the parties; the parties' officers, agents, servants, employees, and attorneys; and other persons who act in concert or participate with the parties or the parties' officers, agents, servants, employees, and attorneys.

(5) Pursuant to Federal Rule of Civil Procedure 65(c), the Court has considered the need for Defendants to post security and concludes that no sum is required under the facts of this case.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND