**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| Hunter Doster, et. al.     , | : | Case No. 1:22 -cv- 0084 |
| | : | |
| Plaintiff(s), | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| Secretary of the Air Force, et. al. | : | |
| | : | |
| Defendant(s). | : | |
| | : | |

---

**JOINT DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)**

---

All parties to this case, by and through their respective counsel, jointly submit this Joint Discovery Plan pursuant to Fed. R. Civ. P. 26(f) and the Court's Standing Order Regarding Procedures in Civil Cases.  The parties held their discovery conference on  August 9     , 20 22 .

**A.**   **MAGISTRATE CONSENT**

The parties:

☐ Unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c).

☑ Do not unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. 636(c).

☐ Unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) solely for purposes of deciding the following pretrial motions dispositive motions: _____ _____ _____.

☐   Unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) for trial purposes only if the District Judge assigned is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

**B.**    **RULE 26(a) DISCLOSURES**

☐   The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1).

☑   The parties will exchange such disclosures by <u>August 30, 2022</u>.

☐   The parties are exempt from disclosures under Rule 26(a)(1)(E).

**NOTE**:  Rule 26(a) disclosures are **NOT** to be filed with the Court.

**C.**    **DISCOVERY ISSUES AND DATES**

    **1.**   Discovery will need to be conducted on the issues of

Plaintiffs' claims, and Defendants' asserted defenses.

See attached Supplement to "C"

_____

_____

    **2.**   The parties recommend that discovery

☐   need not be bifurcated.

☐   Should be bifurcated between liability and damages.

☑   Should be bifurcated between factual and expert.

☐   Should be limited to or focused upon issues relating to _____.

    **3.**   Disclosure and report of Plaintiff(s) expert(s) by <u>See attached supplement re: schedule</u>.

2

**4.** Disclosure and report by Defendant(s) expert(s) by _See attached supplement re: schedule_ .

**5.** Disclosure and report of rebuttal expert(s) by _See attached supplement re: schedule_ .

**6.** Disclosure of non-expert (fact) witnesses by _See attached supplement re: schedule_ .

**7.** Discovery cut-off _See attached supplement re: schedule_ .

**8.** Anticipated discovery problems

☐ _____

_____

_____

✓   None.

**9.** Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions, and (3) prepare for trial:

The parties do not believe that this case can be settled in its present posture absent the

occurences of outside events; the parties require fact and expert discovery to be completed to

prepare the case for dispositive motions and prepare the case for trial.

_____

**10. Discovery of Electronically Stored Information**. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

☑ Yes

☐ No

3

      **i.** The parties have electronically stored information in the following formats:

The parties are working through an ESI agreement.

 

 

      **ii.** The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

The parties are working through an ESI agreement.

 

 

 

**11. Claims of Privilege or Protection**. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

    ☑ Yes

    ☐ No

      **i.** The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

The parties are discussing these issues and hope to submit an agreed order concerning

these matters.

 

 

ii.  Have the parties agreed on a procedure to assert such claims

AFTER production?

☑ No

☐ Yes

☐ Yes, and the parties ask that the Court include the
following agreement in the scheduling order:

Not at present, but we expect this issue to be part of an agreed order.

_____

_____

**D.   LIMITATIONS ON DISCOVERY**

1.  Change in the limitations on discovery  See attached Supplement to "D"

☐  Increase the amount of time (currently 1 day of 7 hours) permitted

in which to complete depositions to _____.
☐ None.

☐  Increase the number of depositions (currently 10) permitted to

_____.

☐  Increase the number of interrogatories (currently 25) permitted to

_____.

5

E.   **PROTECTIVE ORDER**

☑  A protective order will be submitted to the Court on or before

August 26, 2022                                                                    .

☐  The parties currently do not anticipate the need for a protective order.  If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court.  Such order will comply with *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996) and its progeny.

F.   **SETTLEMENT**

A settlement demand ☐ has or ☑ has not been made.

A response to the demand ☐ has or ☑ has not been made.

A demand can be made by _____.

A response can be made by _____.
   As discussed above, this case in its present posture is not amenable to settlement.

G.   **MOTION DEADLINES**

1.  Motion to amend the pleadings and/or add parties by See attached supplement re: schedule.

2.  Motions related to the pleadings by See attached supplement re: schedule.

3.  Dispositive motions by See attached supplement re: schedule.

H.   **OTHER MATTERS**

The parties have had and are likely to have an ongoing dialogue (which has been productive) concerning compliance with the Court's orders.

_____

_____

6

Signatures:    /s/Christopher Wiest            /s/Cassandra Snyder
_____     _____

Attorney for Plaintiff(s)         Attorney for Defendant(s)

Christopher Wiest                Cassandra Snyder
_____     _____

Tom Bruns
_____     _____

Wendy Cox
_____     _____

Aaron Siri
_____     _____