**Supplement to "C" and "G" on Schedule:**

A dispute has arisen between the parties as to an appropriate schedule for this matter. The parties' respective positions are set forth below:

Plaintiffs' Position and proposed case schedule:

Plaintiffs have an interest in adjudicating this matter as quickly as possible, but they also note the significant undertaking to get there. They have proposed a schedule that has built in 3 months for written discovery, another 9 months for depositions, and 4 months to conduct expert discovery (allowing for both reports, and depositions). Informing schedule is out observation that the Government has filed declarations of more than 26 witnesses, who need to be deposed. That period for discovery is then is followed by briefing. We note that the Government originally (during our 26(f) call) agreed this schedule, but has since undertaken an attempt to significantly shorten it.

| | |
|---|---|
| Fact Witness Disclosure: | July 1, 2023 |
| Fact Discovery Cutoff: | September 8, 2023 |
| Plaintiffs' Expert Disclosure: | October 2, 2023 |
| Defendants' Expert Disclosure: | November 4, 2023 |
| Rebuttal Expert Disclosure: | December 5, 2023 |
| Discovery Cutoff: | February 1, 2024 |
| | |
| Motion to amend the pleadings and/or add parties by: | March 6, 2023 |
| Motions related to the pleadings by: | June 1, 2022 |
| Dispositive motions by: | April 8, 2024 |

Defendants' Position and proposed case schedule:

Defendants believe that this case can be tried within 15 to 16 months, concluding with a potential trial date in November or December of 2023. The comparable class-action cases in *Navy SEALs 1–26 v. Biden*, No. 4:21-cv-01236 (N.D. Tex.) (Navy), and *Colonel Financial Management Officer v. Austin*, No. 8:22-cv-01275 (M.D. Fla.) (Marine Corps), are moving to trial on much shorter timelines. In *Navy SEALs 1–26*, the parties scheduled the summary judgment motions deadline for eleven months after the date of filing the 26(f) Report, and scheduled the trial date an additional seven weeks later. *See* Joint Rule 26(f) Report, *Navy SEALs 1–26*, No. 4:21-cv-01236 (N.D. Tex. May 20, 2022), ECF No. 155 at 7. In *Colonel Financial Management Officer*, the parties scheduled the summary judgment motions deadline for just over six months after the date of filing the 26(f) Report, and the trial date an additional two months later. *See* Uniform Case Management Report, *Colonel Financial Management Officer v. Austin*, No. 8:22-cv-01275 (M.D. Fla. July 21, 2022), ECF No. 207-1 at 2. The court in that case shortened the proposed timeline even further to accommodate a bench trial date only four months after the parties filed their 26(f) Report. *See* Scheduling Order, *Colonel Financial Management Officer v. Austin*, No. 8:22-cv-01275 (M.D. Fla. Aug. 2, 2022), ECF No. 215 at 1. This case is no more complicated than those cases, and does not need an *additional* thirteen months in discovery relative to *Navy SEALs 1–26*.

Fact Witness Disclosure: March 1, 2023
Fact Discovery Cutoff: July 17, 2023
Plaintiffs' Expert Disclosure: April 17, 2023
Defendants' Expert Disclosure: May 15, 2023
Rebuttal Expert Disclosure: June 12, 2023
Discovery Cutoff: July 17, 2023

Motion to amend the pleadings and/or add parties by: October 1, 2022
Motions related to the pleadings by: November 1, 2022
Dispositive motions by: August 25, 2023

**Supplement to "D" on Limitations of Discovery:**

Defendant's Position

    Defendants' position is that the presumptive discovery limits under the Federal Rules of Civil Procedure should continue to control at this early stage in the litigation. If the parties believe it becomes necessary to exceed those limits later in the litigation they should meet and confer again and discuss exceeding those limits at a later time (for example, if the parties have reached 10 depositions and wish to conduct more depositions). Defendants reserve the right to object to the deposition of certain high-ranking officials, including but not limited to the officials referenced by Plaintiffs in this filing. *See, e.g.*, *United States v. Morgan*, 313 U.S. 409, 422 (1941); *Dep't of Comm. v. New York*, 139 S. Ct. 2551, 2573–74 (2019); *see also In re Dep't of Comm.*, 139 S. Ct. at 17 (Gorsuch, J., concurring in stay of district court's order authorizing the deposition of the Secretary of Commerce) ("Leveling an extraordinary claim of bad faith against a coordinate branch of government requires an extraordinary justification."); *Lederman v. New York City Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013) (collecting cases for the proposition that "courts have relied on *Morgan* to hold that a high-ranking government official should not—absent exceptional circumstances—be deposed or called to testify regarding the reasons for taking official action"); *see also Citizens to Pres. Overton Park, Inc. v. Volpe*, 432 F.2d 1307, 1319 (6th Cir. 1970), *rev'd on other grounds*, 401 U.S. 402 (1971) (denying discovery for the purpose of probing the mental processes of the Secretary of Agriculture (citing *Morgan*, 313 U.S. at 422)); *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. at 420, *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977) (confirming the Sixth Circuit's determination that "inquiry into the mental processes of administrative decisionmakers is usually to be avoided" (citing *Morgan*, 313 U.S. at 422)).

Plaintiff's Position:

    Plaintiffs, seek extensions of the FRCP default limitations, as follows:

On a case-by-case basis, and in light of the fact that this matter is a class action, Plaintiffs will seek leave of court to exceed the 7-hour limitation (we envision 2 or 3 depositions that we anticipate will exceed that limitation).

Plaintiffs seek expansion of the number of depositions from 10 to 25, and it is possible that more than 25 may be necessary, though Plaintiffs would seek leave of court to do so; while many will be short (i.e. 2-3 hours), Defendants have placed 24 declarations from 24 separate witnesses in the record to date to defend the case, and beyond witnesses of record to date, Plaintiffs need to speak to the decision makers (i.e. the MAJCOM Commanders), the Surgeon General, and the Secretary of the Air Force.

      Plaintiffs also seek an increase in the number of interrogatories to the United States Defendant only from 25 to 40.

      Plaintiffs submit that the scope of this matter, namely that it is a class action involving core and critical rights, renders these increases proportional to the needs of the case. Further, Plaintiffs also suggest that *United States v. Morgan*, 313 U.S. 409, 422 (1941), which the Defendants intend to rely upon to block the depositions of high-ranking officials, has no applicability because this is not review of an administrative adjudication following an administrative hearing, as was the case in *Morgan*.