**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**CINCINNATI DIVISION**

| | |
|---|---|
| **HUNTER DOSTER,** *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> **FRANK KENDALL,** *et al.*, <br><br> *Defendants*. | No. 1:22-cv-00084 <br> Hon. Matthew W. McFarland |

## UNIFORM PROTECTIVE ORDER

Upon consideration of the Joint Motion for a Uniform Protective Order and pursuant to Federal Rule of Civil Procedure 26(c), 5 U.S.C. § 552a(b)(11), *and Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299 (6th Cir. 2016), and for good cause shown, IT IS HEREBY ORDERED that the following provisions of this Uniform Protective Order (hereafter the "Order") shall control the disclosure, dissemination, and use of material produced in discovery in the above captioned litigation.

1. Scope of Order. This Order shall govern the production, use, and disclosure of all unclassified information and materials produced by any party, or non-party pursuant to subpoena, in response to any discovery request and the informal exchange of information in the above captioned litigation (including, but not limited to, documents, interrogatory answers, responses to requests to admit, and deposition transcripts and exhibits), all information contained in those materials, and all copies, excerpts, or summaries of those materials (collectively, "Discovery Material"). This Order applies to documents produced, including but not limited to government documents, personnel or medical documents of plaintiffs, and information contained in those records that are subject to the Privacy Act or the Health Insurance Portability and Accountability

Act of 1996 ("HIPAA"). The Order does not create greater or lesser rights or obligations than those contained in the Privacy Act and HIPAA.

2. <u>Designation of Protected Material</u>. A party or non-party may, in good faith, designate as CONFIDENTIAL and therefore subject to the protections and requirements of this Order, any Discovery Material that the designating party reasonably believes contains confidential information, within the scope of confidential, non-public information as defined in *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299 (6th Cir. 2016). Discovery Material designated CONFIDENTIAL ("Protected Material") shall be used by the receiving parties solely for the prosecution or defense in the above captioned litigation and shall not be disclosed to any person or entity unless specifically authorized by the terms of this Order or by further order of the Court. Consistent with the requirements of this paragraph, a party may, within ten (10) business days of receipt of the Discovery Materials, by written notice to the other parties, designate as CONFIDENTIAL any Discovery Materials produced or given by the other parties or by a nonparty but not designated CONFIDENTIAL by that other party or non-party.

3. <u>Limitations on Use</u>. Protected Material and its contents, as well as copies, summaries, notes, memoranda, and computer databases relating thereto, shall be used solely by the receiving party for the purpose of litigating the above captioned litigation, shall be and remain confidential, and shall not be disclosed nor used for any purpose other than litigating in the above captioned litigation. In the event that only a portion of a document or page is confidential (for instance, particular identifying information such as social security numbers), parties may redact that portion of the document or page containing the document in question, and otherwise freely use it in redacted form.

4. <u>Limited Disclosure of Protected Material</u>. Protected Material may be disclosed, subject to the specific procedures and provisions contained in this Order, to the following persons and/or entities only:

a) This Court and the officers, employees, and any stenographic reporters of such courts, under seal, *in camera* or *ex parte*, unless otherwise ordered or directed by the Court (nothing in this paragraph authorizes the filing of an *in camera* or *ex parte* filing, and any party filing same has the burden of establishing the propriety of such a filing);

b) Counsel representing the parties in the above captioned litigation and their support personnel whose functions require access to Protected Material (collectively "Attorney Professionals");

c) Outside vendors who perform scanning, photocopying, computer classification, translation, court reporting, or similar clerical functions, retained by the parties or their counsel in the above captioned litigation, but only for the purposes of performing such services and only so long as necessary to perform those services;

d) The named parties to this matter, to the extent reasonably necessary for counsel to advise their clients as to developments in the case, or for the assessment of claims, defenses, or course of action in handling the case;

e) Independent experts consulted or retained by counsel for assistance in the preparation or prosecution of claims or defenses in the above captioned litigation, to the extent reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist counsel in the above captioned litigation;

f) A witness who has been noticed or subpoenaed for deposition or a court appearance in the above captioned litigation to the extent reasonably necessary for the preparation or giving of his or her testimony about Protected Material;

g) Any other person who is so designated by order of this Court or by written agreement of the producing party.

No Protected Material may be disclosed to persons identified in subparagraphs (e), (f) or (g) until they have reviewed this Order and have executed a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by counsel of record for the party making the disclosure to such persons (provided that Counsel who makes such disclosure shall retain the written agreement but shall not be required to produce it to opposing counsel without order of the Court).

5. <u>Parties' Use of Their Own Documents and Records.</u> Nothing in this Order shall prevent a party that produces Discovery Material from using or disclosing its own information, including Discovery Material and Protected Material, in any manner it chooses.

6. <u>Effect of Designation</u>. The designation of Protected Material pursuant to the Order shall not be construed as a waiver of any objection or a concession by any party that such Protected Material is relevant or material to any issue. Nor shall a failure to object to the designation of any such Protected Material be construed as a concession by the receiving parties that such Protected Material is, in fact, confidential or otherwise entitled to protection under the terms of this Order. All parties maintain their respective rights to object to production of any requested documents on the grounds that they are otherwise not discoverable, including, but not limited to, objections based on any applicable privilege, undue burden, overbreadth, relevance, and proportionality to the needs

of the case. Any party may seek an order from the Court determining that specified Protected Material is not entitled to be treated as CONFIDENTIAL.

Prior to seeking such an order, the party seeking the order may write a letter to the designating party identifying the Protected Material it challenges. The designating party seeking confidential treatment shall then have four (4) business days from receipt of that letter to respond with its reasons. Failure to provide a timely response to a letter challenging a confidentiality designation shall be deemed a waiver of the right to demand confidential treatment of the challenged material. For the purposes of any motion or other request brought by a party seeking an order from the Court determining that specified Protected Material is not entitled to be treated as CONFIDENTIAL, the burden shall be on the designating party to demonstrate that the Protected Material at issue is entitled to such treatment. Protected Material shall remain subject to the protection of this Order unless and until the Court determines that such Material is not entitled to such designation.

7. Mechanics of Designation. No designation of CONFIDENTIAL shall be effective as to a particular page of Protected Material unless there is placed on or affixed to each page of such Protected Material a marking of "CONFIDENTIAL." In the case of electronic documents produced in native format, such designation may be made on the physical media (e.g., disk, flash drive) containing such electronic documents and on a slipsheet accompanying the native file if the file is served electronically. Testimony may be designated CONFIDENTIAL within seven (7) business days after receipt of a transcript of said testimony by furnishing to counsel for the other parties a detailed statement of the specific portions of any such information, by page and line number or exhibit number, by designating lines and pages as confidential by highlighting or digital marking, or by a statement on the record at the time the testimony is given. Pending the expiration

of said ten (10) business days, all parties shall presumptively treat the entire deposition transcript as CONFIDENTIAL. In addition to the requirements of this Order, the court reporter before whom a deposition or other testimony relating to Protected Material is taken shall, at the request of any party, designate a portion of the deposition or any exhibits containing Protected Material as CONFIDENTIAL.

8. No Waiver; Late Designation. The failure of a party to designate information or documents as CONFIDENTIAL in accordance with this Order, and the failure to object to such a designation, is not a waiver of the right to do so and shall not preclude a party at a later time from subsequently designating or objecting to the designation of such information or documents as CONFIDENTIAL. The parties understand and acknowledge that a party's failure to designate information or documents as CONFIDENTIAL relieves the other parties of any obligation of confidentiality until such a designation is made. Promptly after written notice to the receiving parties of any such subsequent designation by the producing party, which notice shall specifically identify the documents or information to be designated, the parties shall confer and agree upon a method to mark as CONFIDENTIAL any such subsequently designated documents.

All documents containing any such subsequently designated information will be thereafter treated in accordance with this Order.

9. Objections to Designations: A party may, at any time, make a good faith challenge to the propriety of a Protected Material designation. In the event a party objects in writing to the designation of any material under this Order, the designating party shall provide reasons for the designation in writing within four (4) business days as provided in paragraph 6. If the parties are unable to reach an accord as to the proper designation of the material, after giving notice to the designating party, either party may apply to the Court for a ruling regarding the designation. If

such a motion is made, the designating party has the burden of establishing that the designation is proper. If a motion is made, any documents or other materials that have been designated CONFIDENTIAL that are the subject of the motion shall be treated as Confidential until such time as the Court rules that such materials should not be treated as Confidential.

10. Control of Protected Material. All Protected Material shall be maintained under the direct control of counsel of record in the above captioned litigation, who shall be responsible for preventing any disclosure thereof, except as permitted by the terms of this Order. Attorney Professionals may review and make working copies, abstracts, and digests of Protected Material for use in connection in the above captioned litigation, and such working copies, abstracts, and digests shall be deemed Protected Material under the terms of this Order provided that access to Protected Material, in whatever form stored or reproduced, shall be limited to those persons entitled to receive such information pursuant to the terms of this Order and shall be appropriately marked in accordance with the terms of this Order.

11. Return. Unless otherwise instructed by the Court, at the conclusion of this action, including any appeals, all Protected Material, in whatever form stored or reproduced, shall be returned to counsel of record for the party who produced said Protected Material, or the receiving parties shall certify that all such information has been destroyed, except that the attorneys for the parties shall be entitled to retain all litigation documents, including exhibits and their own memoranda, containing Protected Material. Such litigation documents and memoranda shall be used only for the purpose of preserving files on this action, and shall not, without the written permission of the designating party or an order of this Court, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with this Order, during the course of the above captioned litigation.

12. Filing under Seal. Any party seeking to file documents containing Protected Material shall file a motion to file under seal pursuant to all applicable Federal Rules of Civil Procedure and the Local Rules of this Court or, in the alternative, may instead place the burden on the designating party to file the motion to file under seal by informing the designating party of the Protected Material to be filed at least three (3) business days prior to filing. If a motion to seal is granted the parties may move to unseal a document for use in dispositive motions or at trial.

13. Subpoena of Protected Material. If a person in possession of Protected Material who is not the producing party with respect to that Protected Material receives a subpoena or other request seeking production or other disclosure of Protected Material, that person shall immediately give written notice to counsel for the producing party, identifying the Protected Material sought and the date and time that production or other disclosure is required. The producing party shall then have thirty days from receipt of notice to move for a court order protecting disclosure of the Protected Material, and if such motion is filed, no production or disclosure shall be made without written approval by counsel for the producing party or by further order of the Court or another court of competent jurisdiction.

14. Inadvertent Disclosure. Should any Protected Material be disclosed, through inadvertence or otherwise, to any person and/or entity not entitled to access or review same, then such person and/or entity:

(a) Will be informed promptly of all provisions of this Order by the responsible party;

(b) Will immediately be identified to all counsel of record in this action by the responsible party; and

(c) Will be requested, in writing by the responsible party, to return the material to the responsible party. Inadvertent disclosure by the disclosing party of any Protected Material,

regardless of whether said Protected Material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the protectability of the Protected Material in accordance with the terms of this Order, either as to the specific Protected Material disclosed, or as to any other information relating thereto or relating to the same or related subject matter.

15. Unauthorized Disclosure. Neither the United States Department of Justice, the Department of Defense, the Department of the Air Force nor any of its officers, employees, or attorneys, shall bear any responsibility or liability for any unauthorized disclosure of any documents obtained by plaintiff's counsel under this Order, or of any information contained in such documents.

16. Modification. This Order is without prejudice to the right of any party to apply at any time for additional protection, or to amend, modify, or rescind the restrictions of this Order. The party must provide written notice to counsel of record for all parties in the above captioned litigation specifying the portion(s) of this Order it seeks to amend, modify, or rescind and any additional provisions it may seek to add to the Order. The written notice must be served five (5) business days in advance of filing any such motion. The parties expressly reserve the right to seek modification, amendment, or rescission of this Order by mutual agreement in writing.

17. Enforcement. All persons to whom Protected Material is disclosed shall be subject to the jurisdiction of this Court, for the purpose of enforcing this Order. This Order shall continue in full force and effect, and shall be binding upon the parties and all persons to whom Protected Material has been disclosed, both during and after the pendency of this case.

**SO ORDERED.**

Dated: 9/20/2022

**Hon. Matthew W. McFarland**
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | |
|---|---|
| **HUNTER DOSTER,** *et al.,*<br><br>*Plaintiffs,*<br><br>v.<br><br>**FRANK KENDALL,** *et al.,*<br><br>*Defendants.* | No. 1:22-cv-00084<br>Hon. Matthew W. McFarland |

## APPENDIX A

### AGREEMENT AND CONSENT TO PROTECTIVE ORDER

The undersigned hereby declares and acknowledges as follows:

1. I have read the Uniform Protective Order (the "Order") entered in the above-captioned case on _____, and I fully understand its contents.

2. I am a person described in paragraph 4 subparagraphs (e), (f) or (g) of the Order. I understand that by signing this declaration, I will be eligible to receive Protected Material under the terms and conditions of the Order.

3. I hereby agree and consent to be bound by the terms of the Order and to comply with it in all respects, and, to that end, I hereby knowingly and voluntarily submit myself to the personal jurisdiction of the United States District Court for the Southern District of Ohio so that the Court shall have the power and authority to enforce the Order and to impose appropriate sanctions upon me for violating the Order, including punishment for contempt of court.

Dated:_____      _____
                                                            (Signature)

                                                            _____
                                                            (Printed Name)

                                                            _____
                                                            (Address)