IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | |
|---|---|
| **HUNTER DOSTER**, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> **FRANK KENDALL**, *et al.*, <br><br> *Defendants*. | No. 1:22-cv-00084 <br> Hon. Matthew W. McFarland |

### FED. R. EVID. 502(D) ORDER

Upon consideration of the parties' joint motion pursuant to Federal Rule of Evidence 502(d) for entry of an order governing the inadvertent production of documents that may be privileged or protected, it is hereby **ORDERED** as follows:

### I. WAIVER BY DISCLOSURE

1. The production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding, provided that any party making that disclosure notifies the other, within ten (10) business days of the disclosure to the other party, of its intention to assert privilege over the disclosed materials and to request the return of same; the failure to assert such privilege within this time period will result in the application of normal waiver law applying.  This Order applies to the attorney-client privilege, work-product protections, and all other protections afforded by Federal Rule of Civil Procedure 26(b) and governmental privileges including any information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national

security. Nothing in this Order shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. Additionally, nothing in this Order shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection as long as it is properly detailed on a privilege log to the other parties.

2. This Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2) to the extent it conflicts with those provisions. That is, the disclosure of privileged or protected information, as described above, and assertion of privilege within the time periods set forth above, in this litigation shall not constitute a subject-matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

## II. DEFINITIONS

1. "Document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).

2. "Documents Produced," as used herein, includes all documents made available for review or produced in any manner during this litigation.

## III. PROCEDURES

The procedures applicable to a claim of privilege with respect to a produced document and the resolution thereof shall be as follows:

1. If the producing party determines that a document produced, or part thereof, is subject to a privilege or privileges, the producing party shall promptly give the receiving party notice of the claim of privilege ("privilege notice"), within ten (10) business days of discovery.

2. The privilege notice must contain information sufficient to identify the document including, if applicable, a Bates number as well as an identification of the privilege asserted and its basis.

3. Upon receiving the privilege notice, the receiving party must make a determination about whether it agrees with the privilege assertion within ten (10) business days of the receipt of such notice.

(a) If the receiving party does agree with the privilege notice, the receiving party will notify the producing party that it agrees with the asserted privilege (or a portion of the claimed privilege), and (i) the receiving party must promptly return the specified document(s) and any copies or destroy the document(s) and copies and certify to the producing party that the document(s) and copies have been destroyed; (ii) the receiving party must sequester and destroy any notes taken about the document; and (iii) if a receiving party disclosed the document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the producing party of the disclosure and its efforts to retrieve the document or information; or

(b) if the receiving party wishes to dispute any portion of a producing party's privilege notice, the receiving party shall so notify the producing party within ten (10) business days, and (i) the parties will promptly meet and confer about the dispute; (ii) the document(s) shall be sequestered – and if applicable securely stored – and not be used by the receiving party in the litigation (e.g., filed as an exhibit to a pleading or used in deposition) while the dispute is pending; and (iii) if the parties are unable to come to an agreement about the privilege assertions made in the privilege notice, the party asserting privilege may make a sealed motion for a judicial determination of the privilege claim within ten (10) business days after parties reach an impasse.

4. Nothing in this Section III, Procedures, shall supplant existing law concerning privileges or waiver.

5. Pending resolution of the judicial determination, the parties shall both preserve and refrain from using the challenged information for any purpose other than to obtain a privilege determination from the court, and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion or response thereto. The producing party's motion asserting privilege must not publicly disclose the information claimed to be privileged. Any further briefing by any party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the producing party's favor.

6. If a document must be returned or destroyed as determined by the process above, that document, along with copies and notes about the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions. In the case of the inadvertent disclosure of information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security, additional procedures may be required as specified in applicable law.

**SO ORDERED.**

Dated: 9/20/2022

*[signature]*
Hon. Matthew W. McFarland
UNITED STATES DISTRICT JUDGE