**DECLARATION OF MAJOR GENERAL JOHN J. DEGOES**

I, John J. DeGoes, hereby state and declare as follows:

1. I am a Major General in the United States Air Force currently assigned as the Deputy Surgeon General at the Department of the Air Force Office of the Surgeon General (AF/SG). I have been in this position since May 2021. In my official capacity, I am responsible for overseeing the daily functions of the Air Force Surgeon General's office, including clinical operations and quality, aeromedical evacuation, global force management, readiness, strategic medical plans, programs, and budget, medical force management, and medical information systems management. As part of my duties, I provide general oversight for the Headquarters-level Religious Resolution Team for the Department of the Air Force (HAF/RRT).

2. I am generally aware of the various lawsuits filed throughout the United States concerning the Secretary of Defense and Secretary of the Air Force mandates requiring that all service members, including Active Duty and Reserve Components, receive vaccinations against the COVID-19 virus. I am generally aware of the allegations set forth in the pleadings filed in this matter. I make this declaration in my official capacity as the Deputy Surgeon General and based upon my personal knowledge and information that has been provided to me in the course of my official duties. The below information pertains to Air Force appeal decisions and processes applicable to the AF/SG HAF RRT.

3. Department of Defense Instruction (DoDI) 1300.17, *Religious Liberty in the Military Services*, September 1, 2020, provides guidance regarding the accommodation of religious practices within the military services for religious practices pertaining to immunizations. Citing the Religious Freedom Restoration Act (RFRA), it states that "DoD Components will normally accommodate practices of a Service member based on sincerely held religious belief." DoDI

1300.17, paragraph 1.2.b.  When a military policy, practice, or duty substantially burdens a Service member's sincere exercise of religious beliefs, an accommodation may only be denied where (1) the military policy, practice, or duty is in furtherance of a "compelling governmental interest," and (2) if so, it is the "least restrictive means" of furthering that compelling governmental interest.

4.     In accordance with the above guidance, as well as Department of the Air Force Instruction (DAFI) 52-201, *Religious Freedom in the Department of the Air Force*, 23 June 2021, AF/SG's HAF RRT was established to conduct an individualized review of each Service member's appeal of their respective religious accommodation request when it had been denied by the initial decision authority.  Each package received by the HAF RRT is examined by no less than five identified functional area representatives—Chaplain (HC), Medical Provider (SG), Judge Advocate (JA), Personnel (A1), and Public Affairs (PA), per DAFI 52-201, paragraph 3.8.1.2, as well as HAF RRT Admin and SG representatives, to confirm package completion, affirm due process has been afforded, and to ensure the package contains all necessary information for us to advise the Surgeon General, as the appeal authority, and for an informed decision.  Generally, a requestor's package contains the member's initial religious accommodation request, including any attachments listed; counseling provided by medical personnel regarding the safety and efficacy of the vaccine; counseling from command on the available exemption options and general guidance on limitations to service that may arise should a member be unvaccinated (such as being unable to be placed in certain assignments or deploy); a memorandum detailing the installation-level chaplain's interview of the requestor; a memorandum outlining the considerations and recommendations of the installation-level RRT; recommendations from every commander in the requestor's chain of command, including information about the member's duties and any potential impacts being unvaccinated would have on the member or unit; a legal review; the initial authority's decision

memorandum; the notification to the member of that decision; and the member's appeal, including any attachments.

5. In situations where HAF RRT requires additional information, which is not readily apparent in an appeal package, or requires clarification or verification of rebuttal information, a Request for Information (RFI) is sent to the decision authority for response.  Approximately 34.7% of all appeals reviewed by the HAF RRT have required RFIs, or around 1,700 requests.  It is not unusual for a requestor's full appeal package to exceed 75 pages in length. Each functional area reviews the appeal package in detail prior to making a recommendation and forwarding through the HAF RRT functionals and HAF RRT Admin, via the Case Management System (CMS), before a recommendation is provided to the AF/SG for deliberation and final decision.

6. When an appeal is denied, all AF/SG appellate denial letters afford members the fundamental elements considered in the AF/SG's decision regarding their individual circumstances.  This key information is condensed and summarized in the final decision memorandum conveyed to the applicant.  DoDI 1300.17 does not prescribe a format for a decision memo or what information it should contain. Per DAFI 52-201, paragraph 6.6.1.6, a denial memorandum must notify the member of the denial and indicate the reasoning for the denial.  It does not require a denial memorandum to contain a summary of the review process or further justification for the denial.  Nevertheless, each AF/SG denial letter, in general, contains information regarding AF/SG's decision; what, if any, immunization requirements are being accommodated in accordance with the original request; the compelling government interest; a conclusion regarding least restrictive means available to achieve that compelling government interest given the applicant's particular situation; and applicable governing guidance.  While it is

likely that many letters may appear to have the similar language, each letter is drafted separately and tailored to the reasons of denial for each member.

7. As of September 19, 2022, 131 Religious Accommodation Requests (RARs) have been approved by initial decision authorities; 4,912 appeals have been received for appellate authority decisions; and AF/SG has approved 52 requests on appeal, which means a total of 183 religious accommodation requests have been granted. Moreover, some requests were approved for situations where they would have otherwise qualified for an administrative exemption[1], but others were also approved that did not meet that exemption criteria.[2]

8. In accordance with DAFI 52-201, paragraph 2.10, appeals must be resolved no later than 30 business days following the member's written notification of intent to appeal to the next higher decision authority in the chain of command. HAF RRT initiated operations in October 2021. As of September 19, 2022, AF/SG has made a total of 4,491 appellate decisions. This equates to approximately 13 appeals adjudicated per calendar day. Due to the volume of appeal applications (4,912 as of September 19, 2022), HAF RRT has utilized over 70 Air Force (AF) and Space Force (USSF) personnel to serve as functional area representatives, administration, and SG support in order to strive to meet the 30-day timeline specified by DAFI 52-201.

9. Nineteen dedicated Active Duty and Reserve personnel were assigned duty support or were placed on full-time Military Personnel Appropriation (MPA) status, respectively, solely to support HAF RRT duties in the administrative preparations for reviewing each individual package, in addition to serving as functional area reviewers. The HAF RRT utilizes CMS workflow to route

---

[1] For active duty service members, an administrative exemption may be granted if the member is separating or retiring within five months. For reservists or members of the Air National Guard, an exemption may be granted if the member is approved to retire and enters a No Pay/No Point status or terminal leave, as applicable, within 60 days.

[2] For example, religious accommodations have been granted for active duty individuals whose retirement/separation date exceeded the 5-month administrative exemption criteria.

appeals, in an efficient manner, to all required functional reviewers, as well as administrative support areas as needed before the final routing to AF/SG for final decision. Over 70 full-time or adjunct assigned personnel have supported the HAF RRT from the various functional HAF areas in HC, SG, JA, A1, and PA. Each appeal is individually reviewed by the mandated functional roles, with each functional area taking on average 15 minutes to 90 minutes to review an appeal package, in addition to the more than 30 minutes for each individual letter creation and SG admin review once final decision is confirmed. Essentially, HAF RRT as a whole expended between 3 to 14 hours per appeal package prior to final decision to ensure every functional area reviewed each package appropriately. Furthermore, since approximately 1,700 of those appeals have required additional time due to RFI requirements for response and review, which entails the appeal being rerouted through each functional area for consideration, review times increased for those appeals by an additional 3 to 4 hours. Even assuming only 3 hours of review per package generally—for 4,742 USAF and USSF appeals—a minimum of 14,226 man-hours have been expended by my staff since October 2021 (with the actual man-hours likely considerably higher). Additionally, active duty members of HAF RRT also provide support to their regularly assigned duty areas.

      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 26th day of September 2022.

DEGOES.JOHN.J.1012755682
Digitally signed by DEGOES.JOHN.J.1012755682
Date: 2022.09.26 13:37:51 -04'00'

JOHN J. DEGOES,
Major General, USAF, MC, FS
Deputy Surgeon General