# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: April 17, 2023

Ms. Elizabeth Ann Brehm
Siri & Glimstad
745 Fifth Avenue
Suite 500
New York, NY 10166

Mr. Thomas Bernard Bruns
Bruns, Connell, Vollmar & Armstrong
4555 Lake Forest Drive, Suite 330
Cincinnati, OH 45242

Ms. Sarah Jane Clark
Department of Justice
Computer Crime and Intellectual Property Section
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

Ms. Wendy Noel Cox
2618 Mallinckrodt
New Braunfels, TX 78132

Mr. Stephen M. Crampton
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803

Mr. John Allen Eidsmoe
Foundation for Moral Law
Senior Counsel
1 Dexter Avenue
Montgomery, AL 36104

Mr. Kenneth Alan Klukowski
Schaerr Jaffe
1717 K Street, N.W., Suite 900
Washington, DC 20006

Mr. Matthew Franklin Kuhn
Office of the Attorney General
of Kentucky
700 Capitol Avenue
Suite 118
Frankfort, KY 40601

Ms. Anna O. Mohan
Mr. Casen Ross
Mr. Charles W Scarborough
U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

Mr. Gene C. Schaerr
Schaerr Jaffe
1717 K Street, N.W., Suite 900
Washington, DC 20006

Mr. Ilya Shapiro
Manhattan Institute
52 Vanderbilt Avenue
New York, NY 10017

Mr. Aaron Siri
Siri & Glimstad
745 Fifth Avenue, Suite 500
New York, NY 10166

Mr. Lowell V. Sturgill Jr.
U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Avenue, N.W.
Room 9140
Washington, DC 20530

Mr. Christopher David Wiest
25 Town Center Boulevard, Suite 104
Crestview Hills, KY 41017

Mr. Daniel Winik
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Room 7245
Washington, DC 20530

Mr. Frederick Richard Yarger
Wheeler Trigg O'Donnell
370 17th Street
Suite 4500
Denver, CO 80202

                Re:  Case Nos. 22-3497/22-3702, *Hunter Doster, et al v. Frank Kendall, et al*
                      Originating Case No. : 1:22-cv-00084

Dear Counsel,

   The Court issued the enclosed order today in these cases.

                                        Sincerely yours,

                                        s/Cathryn Lovely
                                        Case Manager

cc:  Mr. Richard W. Nagel

Enclosure

RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 23a0076p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

HUNTER DOSTER; JASON ANDERSON; MCKENNA COLANTANIO; PAUL CLEMENT; JOE DILLS; BENJAMIN LEIBY; BRETT MARTIN; CONNOR MCCORMICK; HEIDI MOSHER; PETER NORRIS; PATRICK POTTINGER; ALEX RAMSPERGER; BENJAMIN RINALDI; DOUGLAS RUYLE; CHRISTOPHER SCHULDES; EDWARD STAPANON III; ADAM THERIAULT; DANIEL REINEKE,

    *Plaintiffs-Appellees*,

  *v.*

FRANK KENDALL, in his official capacity as Secretary of the Air Force; ROBERT I. MILLER, in his official capacity as Surgeon General of the Air Force; MARSHALL B. WEBB, in his official capacity as Commander, Air Education and Training Command; RICHARD W. SCOBEE, in his official capacity as Commander, Air Force Reserve Command; JAMES C. SLIFE, in his official capacity as Commander, Air Force Special Operations Command; UNITED STATES OF AMERICA,

    *Defendants-Appellants*.

  Nos. 22-3497/3702

---

On Petition for Rehearing En Banc.
United States District Court for the Southern District of Ohio at Cincinnati.
No. 1:22-cv-00084—Matthew W. McFarland, District Judge.

Decided and Filed: April 17, 2023

Before: KETHLEDGE, BUSH, and MURPHY, Circuit Judges.

---

**COUNSEL**

**ON PETITION FOR REHEARING EN BANC:** Casen B. Ross, Charles W. Scarborough, Daniel Winik, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for

Nos. 22-3497/3702             *Doster, et al. v. Kendall, et al.*             Page 2

Appellants.  **ON RESPONSE:**  CHRIS WIEST, ATTY AT LAW, PLLC, Crestview Hills, Kentucky, Aaron Siri, Elizabeth A. Brehm, Wendy Cox, SIRI AND GLIMSTAD LLP, New York, New York, Thomas B. Bruns, BRUNS CONNELL VOLLMAR & ARMSTRONG, Cincinnati, Ohio, for Appellees.  **ON BRIEF:**  Stephen M. Crampton, THOMAS MORE SOCIETY, Tupelo, Mississippi, in pro. per. as amicus curiae.

The court issued an order denying the petition for rehearing en banc. KETHLEDGE, J. (pg. 3), delivered a separate statement, in which THAPAR, BUSH, and MURPHY, JJ., joined, concurring in the denial of the petition for rehearing en banc.  MOORE, J. (pg. 4), delivered a separate statement, in which CLAY and STRANCH, JJ., joined, dissenting from the denial of the petition for rehearing en banc.

———————

**ORDER**

———————

The court received a petition for panel rehearing and for rehearing en banc.  The petition did not seek review of the issues that the panel's opinion decided.  Rather, it sought vacatur of the opinion and of the district court's preliminary injunctions on the ground that events postdating the opinion have now mooted the appeal and the preliminary injunctions.  The original panel has reviewed the petition for panel rehearing and has concluded that the district court should review this mootness question in the first instance.  It has also concluded that, even if the preliminary injunctions were now moot, that fact would not provide a basis for the "extraordinary remedy of vacatur" of the panel's opinion.  *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994).  The petition then was circulated to the full court.  Less than a majority of the judges voted in favor of rehearing en banc.

Therefore, the petition is denied.

Nos. 22-3497/3702             *Doster, et al. v. Kendall, et al.*                Page 3

---

**STATEMENT**

---

KETHLEDGE, Circuit Judge, concurring in the denial of rehearing en banc.  That a party chooses to comply with our decision is hardly a reason to vacate it.  Here, at Congress's direction, the Air Force has rescinded the vaccine mandate at issue in this suit.  The Air Force—by way of a petition for rehearing en banc—now seeks vacatur of our opinions upholding the district court's preliminary injunctions.  Vacatur of our opinions is not a "normal effect" of mootness but an "extraordinary" one.  *U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 26 (1994).  And the Air Force has not even tried to explain why it is entitled to vacatur when the putative mootness here arose from the government's own actions.  *See generally id.* at 25.

All those actions, of course, occurred well after we issued our opinions here.  Meanwhile, "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole." *Id.* at 26.  In this case, our opinions will stand as a caution against violating the Free Exercise rights of men and women in uniform—which, by all appearances, is what the Air Force did here.

Nos. 22-3497/3702        *Doster, et al. v. Kendall, et al.*        Page 4

---

## STATEMENT

---

KAREN NELSON MOORE, Circuit Judge, dissenting from the denial of rehearing en banc. The issue in this case is whether the Air Force's administration of its COVID-19 vaccine mandate violated certain of its servicemembers' religious rights. After a panel of this court affirmed the district court's judgment preliminarily enjoining the Air Force from enforcing its vaccine mandate—but before the case was returned to the district court—Congress enacted the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 ("NDAA"), which ordered the Secretary of Defense to rescind the military's COVID-19 vaccine mandate. Pub. L. No. 117-263, § 525, 136 Stat. 2395, 2571–72 (2022). Twelve federal appellate judges on three courts of appeals have unanimously concluded that the NDAA and the military's implementation of that legislation mooted similar preliminary-injunction appeals. *See Roth v. Austin*, 62 F.4th 1114, 1119 (8th Cir. 2023); *Dunn v. Austin*, No. 22-15286, 2023 WL 2319316, at *1 (9th Cir. Feb. 27, 2023) (order); *Short v. Berger*, No. 22-15755, 2023 WL 2258384, at *1 (9th Cir. Feb. 24, 2023) (order); *Navy Seal 1 v. Austin*, No. 22-5114, 2023 WL 2482927, at *1 (D.C. Cir. Mar. 10, 2023) (per curiam). My review of these decisions and the record in this case leads me to the same conclusion. I would therefore grant the petition for rehearing en banc, which would have the normal effect of vacating the panel's opinion, and hold that Congress's action mooted the pending appeals of the district court's preliminary-injunction orders.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk