**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION**

|  |  |
|---|---|
| **HUNTER DOSTER,** *et al.,* | |
| *Plaintiffs*, | |
| v. | No. 1:22-cv-00084 |
| | Hon. Matthew W. McFarland |
| **FRANK KENDALL,** *et al.,* | |
| *Defendants*. | |

**DEFENDANTS' RENEWED MOTION TO DISMISS**

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

FACTUAL BACKGROUND ..............................................................................................1

PROCEDURAL BACKGROUND ......................................................................................5

ARGUMENT .......................................................................................................................6

    I.     The Court Should Dismiss This Action as Moot. ..............................................6

          A.     All Requested Relief Is Now Moot. ..................................................8

          B.     No Exception to Mootness Applies. ................................................12

    II.    The Court Should Decertify the Class and Dissolve the Injunctions..........18

CONCLUSION ..................................................................................................................20

# TABLE OF AUTHORITIES

## Cases

*Abbott Lab'ys v. Gardner,*
    387 U.S. 136 (1967) ..............................................................................................................10

*Aetna Life Ins. Co. of Hartford v. Haworth,*
    300 U.S. 227 (1937) ..............................................................................................................10

*Alvarado v. Austin,*
    No. 1:22-cv-876(AJT-JFA), 2023 WL 2089246 (E.D. Va. Feb. 17, 2023) ...........................5

*Am. Bar Ass'n v. FTC,*
    636 F.3d 641 (D.C. Cir. 2011) ................................................................................................8

*Arizonans for Official English v. Arizona,*
    520 U.S. 43 (1997) ................................................................................................................11

*Ashcroft v. Iqbal,*
    556 U.S. 662, 675 (2009) ......................................................................................................11

*Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Eng'rs,*
    217 F.3d 393 (5th Cir. 2000) ................................................................................................15

*Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers,*
    941 F.3d 1195 (9th Cir. 2019) (en banc) ................................................................................8

*Bench Billboard Co. v. City of Cincinnati,*
    675 F.3d 974 (6th Cir. 2012) ..................................................................................................7

*Col. Fin. Mgmt. Officer v. Austin,*
    No. 8:22-cv-1275-SDM-TGW, 2022 WL 3643512 (M.D. Fla. Aug. 18, 2022) ....................5

*Col. Fin. Mgmt. Officer v. Austin,*
    No. 8:21-cv-2429-SDM-TGW, 2023 WL 2764767 (M.D. Fla. Apr. 3, 2023) ............*passim*

*Commodities Exp. Co. v. Detroit Int'l Bridge Co.,*
    695 F.3d 518 (6th Cir. 2012) ..................................................................................................8

*Creaghan v. Austin,*
    No. 22-5135, 2023 WL 2482927 (D.C. Cir. Mar. 10, 2023) ..................................................4

*Davila v. Gladden,*
    777 F.3d 1198 (11th Cir. 2015) ............................................................................................11

*Doe 2 v. Shanahan*,
    755 F. App'x 19 (D.C. Cir. 2019) ............................................................................20

*Doster v. Kendall*,
    48 F.4th 608 (6th Cir. 2022) ...................................................................................9

*Doster v. Kendall*,
    54 F.4th 398 (6th Cir. 2022) .......................................................................6, 11, 19

*Doster v. Kendall*,
    596 F. Supp. 3d 995 (S.D. Ohio 2022) ...................................................................20

*Doster v. Kendall*,
    Nos. 22-3497/3702, 2023 WL 2966353 (6th Cir. Apr. 17, 2023) ...........................6

*Essex v. Cnty. of Livingston*,
    518 F. App'x 351 (6th Cir. 2013) ...........................................................................12

*Fed. Election Comm'n v. Wis. Right to Life, Inc.*,
    551 U.S. 449 (2007) ...............................................................................................15

*Fialka-Feldman v. Oakland Univ. Bd. of Trs.*,
    639 F.3d 711 (6th Cir. 2011) ...................................................................................8

*Freedom From Religion Found., Inc. v. Abbott*,
    58 F.4th 824 (5th Cir. 2023) ....................................................................................7

*Golden v. Zwickler*,
    394 U.S. 103 (1969) ...............................................................................................10

*Goldstein v. Galvin*,
    719 F.3d 16 (1st Cir. 2013) .....................................................................................12

*Gooch v. Life Investors Ins. Co. of Am.*,
    672 F.3d 402 (6th Cir. 2012) ...................................................................................20

*Green Party of Tennessee v. Hargett*,
    700 F.3d 816 (6th Cir. 2012) .............................................................................7, 13

*Hanrahan v. Mohr*,
    905 F.3d 947 (6th Cir. 2018) ...................................................................................13

*Hewitt v. Helms*,
    482 U.S. 755 (1987) ...............................................................................................10

*Hill v. Snyder*,
    878 F.3d 193 (6th Cir. 2017) ...............................................................................7, 9

*In re Ohio Execution Protocol Litig.*,
　No. 2:11-cv-1016, 2017 WL 3276017 (S.D. Ohio Aug. 2, 2017) ), *supplemented*,
　No. 2:11-cv-1016, 2017 WL 5146293 (S.D. Ohio Oct. 17, 2017) ........................................................20

*Keister v. Bell*,
　29 F.4th 1239 (11th Cir. 2022) ..................................................................7

*Kentucky Right to Life, Inc. v. Terry*,
　108 F.3d 637 (6th Cir. 1997) ....................................................................7

*LaRouche v. Fowler*,
　152 F.3d 974 (D.C. Cir. 1998) ................................................................15

*Lawrence v. Blackwell*,
　430 F.3d 368 (6th Cir. 2005) ..................................................................15

*Log Cabin Republicans v. United States*,
　658 F.3d 1162 (9th Cir. 2011) ................................................................20

*Memphis Planned Parenthood, Inc. v. Sundquist*,
　121 F.3d 708 (6th Cir. 1997) ....................................................................7

*Mitchell v. Chapman*,
　343 F.3d 811 (6th Cir. 2003) ..................................................................12

*Navy SEAL 1 v. Austin*,
　No. 22-5114, 2023 WL 2482927 (D.C. Cir. Mar. 10, 2023), *rehearing en banc
　denied*, No. 22-5114, 2023 WL 2795667 (D.C. Cir. Apr. 4, 2023) ...........................................4

*Ohio Citizen Action v. City of Englewood*,
　671 F.3d 564 (6th Cir. 2012) ....................................................................7

*Ohio Forestry Ass'n v. Sierra Club*,
　523 U.S. 726 (1998) ..............................................................................10

*Oklevueha Native Am. Church of Hawaii, Inc. v. Holder*,
　676 F.3d 829 (9th Cir. 2012) ..................................................................12

*Palmer v. United States*,
　168 F.3d 1310 (Fed. Cir. 1999) ..............................................................11

*Pharmachemie B.V. v. Barr Lab'ys, Inc.*,
　276 F.3d 627 (D.C. Cir. 2002) ...........................................................15, 16

*Ramsek v. Beshear*,
　989 F.3d 494 (6th Cir. 2021) ..................................................................17

*Ramsek v. Beshear*,
　No. 3:20-cv-00036-GFVT, 2021 WL 5098687 (E.D. Ky. Nov. 2, 2021) ...........................16, 17, 18

v

*Randleman v. Fid. Nat'l Title Ins. Co.*,
    646 F.3d 347 (6th Cir. 2011) ........................................................................18

*Resurrection Sch. v. Hertel*,
    35 F.4th 524 (6th Cir.), *cert. denied*, 143 S. Ct. 372 (2022) .....................7, 10, 13

*Roth v. Austin*,
    62 F.4th 1114 (8th Cir. 2023) ........................................................................4

*Sossamon v. Texas*,
    563 U.S. 277 (2011) .....................................................................................12

*Speech First, Inc. v. Schlissel*,
    939 F.3d 756 (6th Cir. 2019) ........................................................................15

*Tanvir v. Tanzin*,
    894 F.3d 449 (2d Cir. 2018) .........................................................................12

*Tanzin v. Tanvir*,
    141 S. Ct. 486 (2020) ............................................................................ 11, 12

*Tate v. Hartsville/Trousdale Cnty.*,
    No. 3:09-0201, 2010 WL 4822270 (M.D. Tenn. Nov. 22, 2010) ......................20

*TransUnion LLC v. Ramirez*,
    141 S. Ct. 2190 (2021) ........................................................................... 7, 19

*Tyson Foods, Inc. v. Bouaphakeo*,
    577 U.S. 442 (2106) .....................................................................................19

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) .....................................................................................20

*Webman v. Fed. Bureau of Prisons*,
    441 F.3d 1022 (D.C. Cir. 2006) .....................................................................11

*Wyatt ex rel. Rawlins v. Poundstone*,
    941 F. Supp. 1100 (M.D. Ala. 1996) ..............................................................20

*Youngstown Publ'g Co. v. McKelvey*,
    189 F. App'x 402 (6th Cir. 2006) ..................................................................11

**Constitutional Provisions**

U.S. Const. art. III, § 2 ....................................................................................8

vi

**Statutes**

28 U.S.C. § 1346 ................................................................................................................11

28 U.S.C. § 1491 ................................................................................................................11

James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 ("NDAA"),
    Pub. L. No. 117-263, 136 Stat. 2395 (2022) ...........................................................1

**Rules**

Fed. R. Civ. P. Rule 12 .......................................................................................................1

Fed. R. Civ. P. Rule 23 ................................................................................................ 1, 18

Fed. R. Civ. P. Rule 60 .......................................................................................................1

**Other Authorities**

AFI 51-202, *Nonjudicial Punishment*, ¶ 5.7, https://perma.cc/CPK5-BDR4 ............................................3

## INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 12(h)(3), 23(c) and 60, Defendants ask this Court to dismiss this case in its entirety as moot, decertify the class, and dissolve the preliminary injunctions. On December 23, 2022, the President signed into law the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 ("NDAA"). *See* Pub. L. No. 117-263, § 525, 136 Stat. 2395, 2571-72 (2022). Section 525 of the NDAA directed the Secretary of Defense, within 30 days, to rescind the August 2021 memorandum requiring Service members to receive a COVID-19 vaccine. On January 10, 2023, the requirement was rescinded. *See* ECF No. 100-1. The Department of Defense (DoD) and the Services have followed up with implementation guidance. For those who sought an exemption (the entire class), the Air Force has removed or will remove adverse actions in their record arising from a failure to receive a COVID-19 vaccine. Defendants have also made clear there is no intention of reinstating a similarly broad COVID-19 vaccination requirement in the foreseeable future.

Plaintiffs in this case seek only prospective declaratory and injunctive relief. Compl. at PageID 18–19 (Prayer for Relief), ECF No. 1. This case is moot because no Plaintiff or class member faces any ongoing or future harm from the now-rescinded mandate. The Middle District of Florida's recent opinion is directly on point. *Colonel Fin. Mgmt. Officer v. Austin*, No. 8:21-cv-2429-SDM-TGW, 2023 WL 2764767, at *2 (M.D. Fla. Apr. 3, 2023). That court certified a class of Marines who sought religious exemptions from the COVID-19 vaccination requirement and issued a class-wide preliminary injunction similar to this case. *Id.* at *3. After the requirement was rescinded, that court concluded that the entire case is moot, explaining that "[b]y rescinding the mandate in accord with the 2023 NDAA, the Secretary of Defense removed the policy at which the requested relief was directed." *Id.* at *2. For the same reasons, Plaintiff's complaint is moot, and this case should be dismissed.

## FACTUAL BACKGROUND

On August 24, 2021, the Secretary of Defense directed the Secretaries of the Military

Departments to ensure that all members of the Armed Forces were fully vaccinated against COVID-19. ECF No. 27-3. Shortly thereafter, the Secretary of the Air Force directed all Service members in the Department of the Air Force to be vaccinated. ECF No. 27-7. As with other vaccine requirements, the Department has guidance that establishes processes for seeking medical, administrative, and religious exemptions. *See* ECF Nos. 27-12, ¶¶ 3–9; 27-13, ¶ 3; 27-16, ¶¶ 3–4.

On December 23, 2022, the President signed the NDAA into law. Section 525 of the NDAA directed the Secretary of Defense, within 30 days, to rescind his August 2021 memorandum requiring vaccination of Service members for COVID-19. On January 10, 2023, the Secretary of Defense rescinded the requirement as directed. *See* ECF No. 100-1. The rescission memorandum directs that currently serving Service members who sought an exemption shall not be "separated solely on the basis of their refusal to receive the COVID-19 vaccination" and requires the Services to "update the records of such individuals to remove any adverse actions solely associated with denials of such requests." *Id.* As relevant to this case, the Air Force and the National Guard Bureau subsequently issued implementation guidance. ECF Nos. 101-1, 105-1, 105-2. COVID-19 vaccination status is "no longer a barrier to service in" the Reserves or National Guard. ECF No. 105-2; *see also* 105-1.

On February 24, 2023, the Deputy Secretary of Defense issued further guidance clarifying that the rescission of the COVID-19 vaccination requirement "also rendered all DoD Component policies, directives, and guidance implementing those vaccination mandates as no longer in effect as of January 10, 2023," including, but "not limited to, any COVID-19 vaccination requirements or related theater entry requirements and any limitations on deployability of Service members who are not vaccinated against COVID-19." Feb. 24, 2023, Deputy Secretary of Defense Memo (Ex. 1). Other than when "required for travel to, or entry into, a foreign nation," the guidance makes clear "commanders will not require a Service member or group of Service members to be vaccinated against COVID-19, nor consider a Service member's COVID-19 immunization status in making deployment, assignment, and

2

other operational decisions." *Id.*; *see also* ECF No. 101-3 (removing travel restrictions that differentiate based on COVID-19 vaccination). Now "there is no COVID-19 vaccination requirement for Service members" and the "Services no longer require COVID-19 vaccination for accession to, or retention in, their respective Military Services," including "all new military accessions—both enlisted and officers—as well as cadets and midshipmen in officer commissioning programs." Cong. Test. of G. Cisneros, Under Secretary for Personnel & Readiness (Feb. 28, 2023) (Ex. 2). If a commander wishes to require COVID-19 vaccination, that request must be approved by the Assistant Secretary of Defense for Health Affairs, and any new requirements "will be made judiciously and only when justified by compelling operational needs and will be narrowly tailored as possible." Ex. 1.

For individuals who sought an exemption, including Plaintiffs and members of the class in this case, the Department of the Air Force will remove past adverse actions based on a refusal to receive the COVID-19 vaccine. Sec'y of Air Force Memo. (Feb. 24, 2023) (Ex. 3). The Secretary of the Air Force has directed officials to remove "Letters of Admonishment, Counseling, or Reprimand, and Records of Individual Counseling." *Id.* (for actions involving other misconduct, the action "will be redacted to remove all language associated" with vaccine refusal and the commander "will make new determinations" on the action "without consideration" of the vaccine refusal).

"Nonjudicial punishments issued solely for vaccine refusal after requesting an exemption will be set aside in their entirety." *Id.*[1] (where the nonjudicial punishment also addressed other misconduct, the vaccine refusal portion will be set aside and a commander will "reassess for appropriateness" "the remainder of the nonjudicial punishment"). Individuals with "Referral Performance Reports issued solely for vaccine refusal after requesting an exemption . . . will have the referral report removed from

---

[1] "Set aside occurs when the punishment, or any part or amount thereof, whether executed or unexecuted, is removed from the record and any rights, privileges, pay, or property affected by the relevant portion of the punishment are restored." AFI 51-202, *Nonjudicial Punishment*, ¶ 5.7, https://perma.cc/CPK5-BDR4.

the member's personnel record and replaced with a statement of non-rated time." *Id.* ("where the referral report addresses additional misconduct, the report will be redacted to remove all language associated with" vaccine refusal and the Performance Report reassessed to determine if it should remain a referral). "Promotion Records will be corrected . . . to remove or redact, as appropriate, all adverse actions related to the member's refusal to receive the COVID-19 vaccine." *Id.* "Promotion Propriety Actions will continue processing" for "Secretarial action" and "[c]urrent involuntary discharge proceedings will be terminated . . . if the basis was solely for refusal to receive the COVID-19 vaccine." *Id.* ("If there are additional circumstances supporting discharge, commanders should make a determination as to whether to continue discharge proceedings").

Based on these developments, three Circuits have already held that requests for injunctive relief against enforcement of the military's COVID-19 vaccination requirement are moot. Two separate panels in the Ninth Circuit concluded that the rescission mooted Service members' appeals from denial of preliminary injunctions against enforcement of the requirement. *Short v. Berger*, Nos. 22-15755, 22-16607 (9th Cir. Feb. 24, 2023), and *Dunn v. Austin*, No. 22-15286 (9th Cir. Feb. 27, 2023). The Eighth Circuit explained, in dismissing an appeal in a similar posture, that the "rescission of the COVID-19 vaccination mandate, as directed by the [NDAA], provides the [plaintiffs] all of their requested preliminary injunctive relief and renders this appeal moot." *Roth v. Austin*, 62 F.4th 1114, 1119 (8th Cir. 2023); *id.* at 1119–20 (concurrence). The D.C. Circuit also dismissed appeals from the denial of preliminary injunctions. *Navy SEAL 1 v. Austin*, No. 22-5114, 2023 WL 2482927, at *1 (D.C. Cir. Mar. 10, 2023) (per curiam) *rehearing en banc denied*, No. 22-5114, 2023 WL 2795667 (D.C. Cir. Apr. 4, 2023); *Creaghan v. Austin*, No. 22-5135, 2023 WL 2482927, at *1 (D.C. Cir. Mar. 10, 2023).

District courts have likewise held that challenges to the COVID-19 vaccination requirement are now moot. As indicated above, the Middle District of Florida previously issued a class-wide preliminary injunction covering Marines who submitted a religious accommodation request. *See Col.*

*Fin. Mgmt. Officer v. Austin*, No. 8:22-cv-1275-SDM-TGW, 2022 WL 3643512, at *5 (M.D. Fla. Aug. 18, 2022) (certifying class and granting preliminary injunction), *appeal filed*, No. 22-13522 (11th Cir. Apr. 28, 2023). But after the rescission, that court found that the "challenged and preliminarily enjoined mandate no longer exists, and the issue unifying the injunctive class no longer exists." *Col. FMO*, 2023 WL 2764767, at *3. Since that preliminary injunction was on appeal, the court issued an indicative ruling under Rule 62.1 that on remand, it would "dissolve the preliminary injunctions, [] de-certify the class of Marines, and [] dismiss the complaints as moot." *Id.*

Other courts have come to similar conclusions. *See Alvarado v. Austin*, No. 1:22-cv-876(AJT-JFA), 2023 WL 2089246, at *3 (E.D. Va. Feb. 17, 2023) ("requests and any relief therefrom are now stale given the Rescission Memo"); *Chancey. v. Biden*, No. 1:22-cv-110, ECF No. 32 (N.D. Fla. Feb. 14, 2023) (dismissing case challenging military COVID-19 vaccine requirement as moot). And in other cases, plaintiffs voluntarily dismissed their claims after the rescission. *See Oklahoma v. Biden,* No. 5-21-cv-01136-F, ECF Nos. 77 & 78 (W.D. Okla.); *Church v. Biden,* No. 21-2815, ECF No. 43 (D.D.C.); *Roth v. Austin*, 8:22-cv-3038-BCB-MDN, ECF Nos. 104 & 105 (D. Neb.). Every court to have ruled on the question has found that challenges to the COVID-19 vaccination requirement are moot.

## PROCEDURAL BACKGROUND

On February 16, 2022, 18 plaintiffs filed a complaint on behalf of themselves and a putative class challenging DoD's now-defunct COVID-19 vaccination mandate, bringing claims under the Religious Freedom Restoration Act ("RFRA") and the First Amendment. Compl., ECF No. 1. Plaintiffs asked this Court to issue a preliminary injunction, "issue a declaration that the challenged orders are unconstitutional and illegal under RFRA and/or the First Amendment," "order timely and good faith processing of [each] accommodation request," "order Defendants to grant Plaintiffs' accommodation requests pursuant to RFRA and the First Amendment," "certify a class," award "costs . . . including reasonable attorney fees," and grant "[s]uch other relief as this Court shall deem just and

proper." *Id.* at PageID 19. On March 31, 2022, the Court granted in part Plaintiffs' motion for a preliminary injunction, enjoining Defendants from "taking any disciplinary or separation measures against the Plaintiffs . . . for their refusal to get vaccinated for COVID-19 due to their sincerely held religious beliefs," "on the basis of this lawsuit[,] or their request for religious accommodation from the COVID-19 vaccine." ECF No. 47, at PageID 3203–04. Defendants appealed on March 27, 2022.

On July 14, 2022, the Court certified a class and entered a class-wide temporary restraining order, ECF No. 72; the Court later issued a class-wide preliminary injunction. ECF No. 77. Defendants appealed on August 15, 2022, ECF No. 82, and moved to stay the class-wide injunction pending appeal, ECF No. 83. The Court denied the motion to stay, but modified the class definition and scope of the injunction. ECF No. 86. Defendants answered the complaint, ECF No. 78, and the parties began discovery. Meanwhile, in the Sixth Circuit, a panel generally affirmed the individual and class-wide injunctions. *Doster v. Kendall*, 54 F.4th 398 (6th Cir. 2022). After the NDAA was signed and the COVID-19 requirement rescinded, Defendants requested rehearing *en banc* seeking "vacatur of the [panel] opinion and of the district court's preliminary injunctions on the ground that events postdating the opinion have now mooted the appeal and the preliminary injunctions." *Doster v. Kendall*, Nos. 22-3497/3702, 2023 WL 2966353, at *1 (6th Cir. Apr. 17, 2023) (en banc). The original panel "concluded that the district court should review this mootness question in the first instance" and declined to vacate the opinion. *Id.* The full court declined to rehear the appeal *en banc*. *Id.*

On March 3, 2023, this Court *sua sponte* stayed the case in its entirety pending the 6th Circuit's decision on Defendants' pending requests. Mar. 3, 2023 Min. Order. This Court has now lifted the stay "solely as it pertains to briefing the issue of mootness." Apr. 18, 2023 Min. Order.

## ARGUMENT

### I. The Court Should Dismiss This Action as Moot.

Plaintiffs' claims are moot because the COVID-19 vaccine is no longer required, Plaintiffs'

prior adverse actions have been removed from their records, and none will face future discipline for past failure to get vaccinated. "Plaintiffs must maintain their personal interest in the dispute at all stages of litigation." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021). "'The jurisdiction of federal courts extends only to actual, ongoing cases or controversies. A case may become moot if, as a result of events that occur during pendency of the litigation, the issues presented are no longer 'live' or parties lack a legally cognizable interest in the outcome.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 581 (6th Cir. 2012) (citations omitted)). A case is moot when, "as a result of events during the pendency of the litigation[,] the court's decision would lack any practical effect." *Resurrection Sch. v. Hertel*, 35 F.4th 524, 528 (6th Cir.) (en banc), *cert. denied*, 143 S. Ct. 372 (2022) (enforcement of mask mandate was moot when the State "rescinded the mandate" at issue).

"Legislative action ordinarily moots a case midstream, when a challenged provision is repealed or amended during the pendency of the litigation." *Hill*, 878 F.3d at 204. "Legislative repeal or amendment of a challenged statute . . . usually eliminates this requisite case-or-controversy." *Green Party of Tennessee v. Hargett*, 700 F.3d 816, 822 (6th Cir. 2012); *see also Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 981 (6th Cir. 2012) (affirming dismissal as moot when City revised challenged ordinance); *Kentucky Right to Life, Inc. v. Terry*, 108 F.3d 637, 644 (6th Cir. 1997) ("[I]n the First Amendment context, the Supreme Court has routinely declared moot those claims effectively nullified by statutory amendment pending appeal."); *Memphis Planned Parenthood, Inc. v. Sundquist*, 121 F.3d 708 (6th Cir. 1997) (table) (agreeing case was moot when challenges "have been effectively nullified by the recent amendment of the statute").

"[W]hen a government fully repeals a challenged law, a case challenging that law is almost surely moot." *Col. FMO*, 2023 WL 2764767, at *2 (quoting *Keister v. Bell*, 29 F.4th 1239, 1250 (11th Cir. 2022), *cert. denied*, 143 S. Ct. 1020 (2023)); *see also Freedom From Religion Found., Inc. v. Abbott*, 58

F.4th 824, 832 (5th Cir. 2023) (when a statute or regulation is amended or repealed after plaintiffs

bring a lawsuit challenging the legality of that statute or regulation, mootness is "the default."); *Am.*

*Bar Ass'n v. FTC*, 636 F.3d 641, 643 (D.C. Cir. 2011) ("a case must be dismissed as moot if new

legislation addressing the matter in dispute is enacted while the case is still pending."); *Bd. of Trs. of*

*Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019) (en banc) ("in determining

whether a case is moot, we should presume that the repeal, amendment, or expiration of legislation

will render an action challenging the legislation moot, unless there is a reasonable expectation that the

legislative body will reenact the challenged provision or one similar to it").

A judicial ruling as to whether the now-rescinded policy violated the First Amendment or

RFRA would also be an impermissible advisory opinion. *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*,

639 F.3d 711, 715 (6th Cir. 2011) ("The 'case or controversy' requirement prohibits all advisory

opinions, not just some advisory opinions and not just advisory opinions that hold little interest to the

parties or the public."); *see also Commodities Exp. Co. v. Detroit Int'l Bridge Co.*, 695 F.3d 518, 525 (6th Cir.

2012) ("Under Article III, the federal courts may exercise jurisdiction only if the parties have presented

a live case or controversy. U.S. Const. art. III, § 2. We have no power to offer an advisory opinion,

based on hypothetical facts.").

### A.     *All Requested Relief Is Now Moot.*

There is no further relief for this Court to grant. Plaintiffs ask the Court to "issue a declaration

that the challenged orders are unconstitutional and illegal under RFRA and/or the First Amendment,"

"order timely and good faith processing of each accommodation request," and "order Defendants to

grant Plaintiffs' accommodation requests pursuant to RFRA and the First Amendment." This relief is

unavailable after the rescission.

An order to "preclude Defendants from taking enforcement/punitive action against Plaintiffs

or others similarly situated" "related to their religious accommodation request," Compl. at PageID

18–19 (Prayer for Relief), would be meaningless since current policy not only prohibits further adverse action but also requires the removal from Plaintiffs' and class members' service records of previous adverse actions solely related to refusal to take the COVID-19 vaccine, *see* ECF Nos. 100-1, 101-1 (also requiring removal of any language associated with refusal take the vaccine if adverse action also addressed other misconduct). Moreover, the request for this Court to order "timely and good faith processing" and "grant[ing]" of religious accommodation requests, Compl. at PageID 19 (Prayer for Relief), is moot since there is no longer any COVID-19 vaccination requirement. *See Col. FMO,* 2023 WL 2764767, at *2 (holding the rescission "rendered superfluous the request" to process and grant religious accommodation requests).

Further, "none of the 18 named plaintiffs have any adverse actions (in accordance with the Secretary of the Air Force's February 24, 2023 Memorandum) in their records at this time." Decl. of A. Chaponis, ¶ 3 (Ex. 4). Although "[f]our plaintiffs . . . received Letters of Reprimand for refusal to follow the order to receive the COVID-19 vaccine . . . all [four] Letters of Reprimand were removed from the Service members' records" on February 13, 2023. *Id.* So there is no further relief this Court could grant that would have any practical impact on the named Plaintiffs or their military careers.[2]

The same is true for members of the class. For those who requested exemptions, the COVID-19 vaccination policy has been rescinded "root and branch," *Doster v. Kendall*, 48 F.4th 608, 615 (6th Cir. 2022), and there is no further injunctive relief for this Court to issue.[3]

---

[2] Two Plaintiffs, Connor McCormick and Alex Ramsperger both voluntarily complied with the COVID-19 vaccination requirement prior to its rescission. Ex. 4, ¶ 5. One Plaintiff, Adam Theriault, voluntarily separated from military service in April 2023 upon completion of his service obligation—his enlistment period ended and he did not seek to re-enlist. *Id.* ¶ 6. Two Plaintiffs have been promoted during the pendency of this litigation, including Hunter Doster who was promoted to First Lieutenant and Daniel Reineke who was promoted to Lieutenant Colonel. *Id.* ¶ 7.

[3] Even if there are some class members who have not yet had adverse actions removed, that still would not be a basis to keep this suit alive. When a class is certified but not all members have yet received the benefit of a revised policy, a claim is still moot when the effect of the new policy "although slow, is inevitable." *Hill v. Snyder*, 878 F.3d 193, 204 (6th Cir. 2017). Should Plaintiffs seek to keep this case

Plaintiffs' request for declaratory judgment would also provide no meaningful relief. A declaration concerning the lawfulness of the rescinded requirement is moot for the same reasons the request for injunctive relief is moot. *See Golden v. Zwickler*, 394 U.S. 103, 109 (1969) (dismissing declaratory judgment action because there was no case or controversy of "sufficient immediacy and reality"); *see also Hewitt v. Helms*, 482 U.S. 755, 761 (1987). To the extent Plaintiffs seek a declaratory judgment concerning the lawfulness of *future* action, the Sixth Circuit has explained that requests for declaratory judgment are moot when there is "no reasonable possibility that [Defendants] will impose a new [vaccine] mandate with roughly the same exceptions as the one originally at issue here." *Resurrection Sch.*, 35 F.4th at 530. Given the NDAA and the subsequent implementation by DoD and the Air Force, there is no reasonable possibility that Defendants will impose a new COVID-19 vaccination mandate with roughly the same scope and with "roughly the same exceptions as the one originally at issue here." *Resurrection Sch.*, 35 F.4th at 530. Moreover, arguments based on hypothetical future readiness requirements are not ripe. *See, e.g., Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 732-33 (1998) (explaining that the "ripeness requirement" serves "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies" and to prevent unnecessary "judicial interference" (quoting *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 148-49 (1967))); *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 241 (1937) (providing that a party may not ask a court to "advis[e] what the law would be upon a hypothetical state of facts").

Defendants acknowledge that the Sixth Circuit suggested that even if claims for injunctive and declarative relief were moot, a live controversy might still exist because "RFRA permits damages

---

alive by pointing to any discharged Service members, former Service members who were involuntarily discharged for failure to get vaccinated against COVID-19 are not part of the class. *See* Order Modifying Class Definition, ECF No. 86 at PageID 5012 (limiting class to Service members of the Department of the Air Force who were "active-duty, active reserve, reserve" or otherwise "currently under command and could be deployed," "as of July 27, 2022"); *see also* Plaintiffs' Opposition to Stay Motion, ECF No. 85 at PageID 4651 (Plaintiffs arguing "the class is necessarily confined to those who met the class definition as of July 27, 2022").

suits." *Doster*, 54 F.4th at 426 (citing *Tanzin v. Tanvir*, 141 S. Ct. 486, 491 (2020)). But no live controversy remains in *this case* because is no request for damages. *See generally* Compl. While Plaintiffs may argue that their general prayer for "other relief as th[is] Court deems just and proper" implies a request for damages, the Sixth Circuit has explained that "a claim for damages, extracted late in the day from a general prayer for relief and asserted solely to avoid otherwise certain mootness, bears close inspection." *Youngstown Publ'g Co. v. McKelvey*, 189 F. App'x 402, 408 (6th Cir. 2006) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997)) (cleaned up). The court in *Youngstown* declined to find that the phrase "such other relief that the Court deems necessary and appropriate" included a request for damages and held that "Plaintiffs' 'late in the day' plea for damages 'cannot genuinely revive the case.'" *Id.* at 407-08 (quoting *Arizona*, 520 U.S. at 71). Should Plaintiffs argue that the phrase "[s]uch other relief as this Court shall deem just and proper," Compl. at PageID 19 (Prayer for Relief), implies a request for money damages, the Court should reject that argument as well.[4]

Even if Plaintiffs had sought damages, any claim would be barred by sovereign immunity. There is no "implied damages remedy under the Free Exercise Clause." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). And Courts of appeals that have considered the issue all agree that RFRA does not waive sovereign immunity for damages against the government or officers in their official capacities. *See Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022, 1026 (D.C. Cir. 2006) ("RFRA does not waive the federal government's sovereign immunity for damages"); *accord Davila v. Gladden*, 777 F.3d 1198, 1210

---

[4] Plaintiffs have argued in the Court of Appeals that this case is not moot because some Plaintiffs in the Air Force Reserve seek backpay and retirement points. Pls.' Resp. to Pet. For Reh'g *En Banc*, *Doster v. Kendall*, No. 22-3497 Doc. 48, at 1 (6th Cir.). But those claims for damages were not raised in the Complaint and are otherwise barred by sovereign immunity. Plaintiffs have not identified any waiver of sovereign immunity, and even if they had, this Court does not have jurisdiction over any claims for money damages greater than $10,000. *See* 28 U.S.C. §§ 1346(a)(2), 1491. Moreover, Reservists generally do not have viable claims for pay and points for work not performed. *See Palmer v. United States*, 168 F.3d 1310, 1314 (Fed. Cir. 1999) ("a member who is serving in part-time reserve duty in a pay billet, or was wrongfully removed from one, has no lawful pay claim against the United States for unattended drills or for unperformed training duty").

(11th Cir. 2015); *Oklevueha Native Am. Church of Hawaii, Inc. v. Holder*, 676 F.3d 829, 840 (9th Cir. 2012); *Tanvir v. Tanzin*, 894 F.3d 449, 458 (2d Cir. 2018), *aff'd sub nom.*, *Tanzin v. Tanvir*, 141 S. Ct. 486 (2020).

Other authority supports the conclusion that RFRA does not waive sovereign immunity with respect to damages claims against the Government. In *Sossamon v. Texas*, the Court held that identical "appropriate relief" language in a related statute did not waive states' sovereign immunity from money damages. 563 U.S. 277 (2011). More recently, the Second Circuit was unequivocal that "[a] plaintiff may not sue a federal officer in her official capacity for money damages, because such suit seeks money from the federal government, and sovereign immunity would bar recovery from the federal government absent an explicit waiver." *Tanvir*, 894 F.3d at 461. The Supreme Court affirmed the Second Circuit's decision in its entirety and did not disturb that sovereign immunity holding, but held only that "injured parties can sue Government officials in their *personal* capacities." *Tanzin*, 141 S. Ct. at 490 (emphasis added). That limited holding cannot save Plaintiffs' claim because no defendant here has been sued in their personal capacity, so there are no viable claims for damages in this case.[5]

### B.      No Exception to Mootness Applies.

No exception to mootness applies here because "[t]he rescission is 'unambiguous,' results

---

[5] Counsel for Plaintiffs have argued in other cases that declaratory judgment could be the basis "under principles of res judicata and/or collateral estoppel" of "a follow-on [case for] monetary relief in individual cases against the Defendants." Memo. in Opp. to Defs' MTD, *Schelske v. Austin*, No. 6:22-cv-00049-H, ECF No. 96 (N.D. Tex. Feb. 15, 2023). Those principles would not apply because "the rule of differing capacities provides that a party appearing in an action in one capacity, individual or representative, is not bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity." *Mitchell v. Chapman*, 343 F.3d 811, 823 (6th Cir. 2003) ((internal quotation marks omitted)); *see Essex v. Cnty. of Livingston*, 518 F. App'x 351, 354 (6th Cir. 2013) ("an official-capacity claim is merely another name for a claim against the [agency]" not against the individual him or herself); *Goldstein v. Galvin*, 719 F.3d 16, 23 (1st Cir. 2013). If Plaintiffs seek a declaratory judgment to use as a basis for a *separate* lawsuit against a government official in his or her *personal capacity*, declaratory relief would not provide specific relief with the parties *in this case*. Moreover, Plaintiffs would face a high bar in any future lawsuit because "government officials are entitled to assert a qualified immunity defense when sued in their individual capacities for money damages under RFRA" which is a "powerful shield that protects all but the plainly incompetent or those who flout clearly established law." *Tanzin*, 141 S. Ct. at 492 n* (citations and quotation marks omitted).

from Congress's constitutional authority and not from an attempt by the Secretary of Defense to 'manipulate jurisdiction,' has resulted in consistent application, and has rendered superfluous the plaintiffs' request for" injunctive and declaratory relief. *Col. FMO*, 2023 WL 2764767, at *2.

**Voluntary Cessation.** The voluntary cessation exception to mootness does not apply here. The challenged policy was unambiguously terminated at the direction of Congress (over the objection of DoD), and the exception thus does not apply. "Unlike a typical instance of voluntary cessation, the Secretary of Defense's rescission of the COVID-19 vaccination mandate results not from the Secretary's unilateral decision but from a higher authority, Congress, which enjoys the constitutional power under Article I, Section 8, '[t]o make Rules for the Government and Regulation of the land and naval Forces[.]'" *Id.*

Even if rescinding the mandate at the direction of Congress could be considered a "voluntary cessation," that would still not be sufficient to overcome mootness. While "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice" the "'cessation of the allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar action by private parties,' as government 'self-correction provides a secure foundation for a dismissal based on mootness so long as it appears genuine.'" *Hanrahan v. Mohr*, 905 F.3d 947, 961 (6th Cir. 2018). Thus, where "there is no indication that [a Defendant] will return to its previous policies" and when "defendants have represented that the new policies will remain in place," the rescission of a challenged policy will moot the claim. *Id.*

Any argument that a policy *might* be reinstated at some unspecified point in the future is not enough to overcome mootness when "[t]here is simply no evidence in the record to suggest that this scenario is likely to occur." *Green Party*, 700 F.3d at 823. "This dispute is therefore moot unless there is a decent chance that the defendant officials will not only impose a new [vaccine] mandate, but also roughly stick to the exceptions in the old one." *Resurrection Sch.*, 35 F.4th at 529.

"Because in this action Congress has unambiguously renounced the mandate and has directed by statute a rescission of the mandate, recurrence of the military's challenged conduct seems, absent any compelling evidence to the contrary, remote and implausible." *Col. FMO*, 2023 WL 2764767, at *2. "The Secretary of Defense . . . has complied with Congress's directive, and in the months following the rescission memorandum each branch has dutifully rescinded the COVID-19 vaccination requirement and implemented procedures to eliminate adverse administrative actions attending a service member's earlier decision to decline COVID-19 vaccination." *Id.*

Defendants, for their part, have made clear that they have no intention to reimplement the kind of broad, force-wide COVID-19 vaccination requirement challenged in this case. No commander is authorized to implement even a narrower COVID-19 vaccination requirement without clearance from the Assistant Secretary for Health Affairs, and any request will only be granted "when justified by compelling operational needs and will be as narrowly tailored as possible." Ex. 1.

Defendants have also gone beyond what Congress required, for example, by directing the records of current Service members who sought an exemption to be updated and authorizing individuals previously assigned to the Individual Ready Reserve to return to a participating status. *See* ECF Nos. 105-1, 105-2.[6] And on February 28, 2023, in testimony before Congress, the Under Secretary of the Air Force, Gina Ortiz Jones, confirmed that the Air Force has no plans to implement a broad COVID-19 vaccination requirement like the rescinded policy, and that "[b]arring unanticipated developments with COVID-19," any narrower COVID-19 vaccination requirement in

---

[6] Plaintiffs have argued that records in the Automated Military Justice Analysis & Management System (AMJAMS) means this case is not moot. Pls.' Mot. to Supplement the Record, *Doster v. Kendall*, No. 22-3497, Doc. 62-1 (6th Cir. Mar. 21, 2023). But AMJAMS is an internal-facing system, accessible only by authorized legal personnel to track disciplinary cases within the Air Force Judge Advocate General's Corps, and those records are considered attorney work product, subject to limited release. Decl. of J. Hartsell, ¶ 4 (Ex. 5). "AMJAMS entries showing that a member had an adverse action that was later rescinded would not be authorized for release in a background check and would therefore not be used in making promotion decisions" or "career or assignment decisions," or "otherwise released to outside agencies as part of a background check for existing derogatory data." *Id.* ¶ 10.

the Air Force "will be rare and if considered, … will receive appropriate review at the general officer level." Feb. 28, 2023 Test. of G. Ortiz Jones, Under Secretary of the Air Force (Ex. 6).[7]

Against this backdrop of Congressional action, Secretary of Defense rescission, and robust implementation guidance, Plaintiffs have provided no evidence to suggest that the same kind of COVID-19 vaccination requirement will be reinstated, no evidence that they will once again be subject to that same kind of requirement, and no evidence that any religious accommodation request they might seek regarding a hypothetical new requirement will be denied.[8]

**Capable of Repetition.** Plaintiffs may argue that this case is not moot because the mandate is "capable of repetition yet evading review." *Fed. Election Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007). "The exception applies where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* (citation omitted). "The party asserting that this exception applies bears the burden of establishing both prongs." *Lawrence v. Blackwell*, 430 F.3d 368, 371 (6th Cir. 2005). Plaintiffs cannot carry their burden here.

The relevant inquiry under the evading-review prong is "whether 'the challenged activity is *by its very nature short in duration,* so that it could not, or probably would not, be able to be adjudicated while fully live.'" *Pharmachemie B.V. v. Barr Lab'ys, Inc.*, 276 F.3d 627, 633 (D.C. Cir. 2002) (quoting *LaRouche v. Fowler,* 152 F.3d 974, 978 (D.C. Cir. 1998)); *see also, e.g.*, *Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Eng'rs*, 217 F.3d 393, 399 (5th Cir. 2000) (considering whether the challenged action was "*inherently* capable of evading review" (emphasis added)). The military requires a number of vaccines

---

[7] The NDAA, implementation policies, and unambiguous assurances from officials are what differentiates this case from *Speech First, Inc. v. Schlissel*, where a court held that a change in university policy was not enough to moot a case when officials had not made "'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" 939 F.3d 756, 770 (6th Cir. 2019).

[8] To the extent Plaintiffs argue that this case is not moot because Defendants maintain that their actions were lawful, "the government need not concede unlawful conduct to moot an action by rescission of the challenged conduct." *Col. FMO*, 2023 WL 2764767, at *2.

and those requirements have been in place for decades, so a vaccination requirement is not "by its very nature short in duration." *Pharmachemie*, 276 F.3d at 633.

As to the second prong, there is no "reasonable expectation" that any across-the-board COVID-19 vaccination requirement like the one challenged here will be implemented again, that these same Plaintiffs will be subject to it, or that any potential religious accommodation request would be denied. All evidence, in fact, points the other direction. The "recurrence of the military's challenged conduct seems . . . remote and implausible." *Col. FMO*, 2023 WL 2764767, at *2; *Ramsek v. Beshear*, No. 3:20-cv-00036-GFVT, 2021 WL 5098687, at *5 (E.D. Ky. Nov. 2, 2021) (dismissing entire case challenging constitutionality of Kentucky Governor's COVID-19 restrictions on mass gatherings as moot after the order was rescinded). DoD has also made clear that the challenged COVID-19 vaccine is not likely to recur. Ex. 1.

In short, Plaintiffs have not shown that any future RFRA or First Amendment challenge to a hypothetical COVID-19 vaccination requirement will evade judicial review. If history is any guide, parties who claim their religious rights have been violated by a military vaccination requirement can seek and, if warranted, receive timely relief in federal courts. Religious challenges to the COVID-19 vaccination have been heard in dozens of district courts and at least five Courts of Appeals. And religious accommodation cases were the subject of *two* orders from the Supreme Court. Nothing in that record suggests that if Defendants implement another force-wide COVID-19 vaccination requirement—*and* Plaintiffs are subject to that requirement, *and* the new requirement substantially burdens their religious beliefs, *and* they submit religious accommodation requests, *and* those requests are denied—that any potential future claim would evade judicial review.

**Statute of Limitations for Courts-Martial.** Plaintiffs argued to the Sixth Circuit that their claims are not moot despite the rescission because the military *might* pursue criminal charges under the Uniform Code for Military Justice ("UCMJ") for past failure to comply with a lawful order to receive

16

a COVID-19 vaccine. Pls.' Resp. to Pet. For Reh'g *En Banc*, No. 22-3702, Doc. 63 at 8 (6th Cir. Mar. 13, 2023) (citing *Ramsek v. Beshear*, 989 F.3d 494, 500 (6th Cir. 2021)). But no facts support this speculative argument. No Service member in the Department of the Air Force "has been court-martialed for their refusal to receive a COVID-19 vaccine under the now-rescinded mandate." Ex. 5, ¶ 6. Both the Secretary of Defense and of the Air Force have ordered the removal of records of "adverse action solely associated with denials" of exemption requests. ECF Nos. 100-1, 101-1.

*Ramsek* otherwise weighs in favor of a mootness dismissal. In that case, Governor Beshear of Kentucky sought to curb the spread of COVID-19 by issuing an "Order prohibiting 'mass gatherings.'" *Ramsek*, 989 F.3d at 496. The district court eventually granted a preliminary injunction against various aspects of the Order. *Id.* at 497–98. While that preliminary injunction was on appeal, the Governor rescinded the Order and "asserted that he would not enforce the Order against those engaging in expressive conduct." *Id.* at 498. Based on the rescission and assurances from the Governor, the Sixth Circuit dismissed the appeal as moot. *Ramsek*, 989 F.3d at 500. However, the court explained that the underlying case might not be fully moot because while the Court of Appeals "accept[ed] Governor Beshear's representation that he will not enforce the Order against Ramsek" or any others who engaged in expressive conduct that violated the Order, the panel stated that "it [was] not clear that Governor Beshear has the authority to control prosecution decisions" and perhaps the "Kentucky State Police seemingly could file a criminal complaint and seek to arrest Ramsek for a past violation on its own accord." *Id.* The court dismissed the appeal as moot but given "the uncertainty over these various underlying questions surrounding the threat of prosecution," the court "withh[e]ld judgment on whether the case as a whole is moot" and remanded for further proceedings. *Id.* On remand, plaintiffs argued against mootness and asked the court to extend "the previously entered injunction . . . until the statute of limitations period runs." *Ramsek*, 2021 WL 5098687, at *4 n.1. The court dismissed the entire case as moot because the Governor had already assured that insofar as was

within his control, no one would be prosecuted. *Id.* And to the extent plaintiffs were concerned about future actions of hypothetical non-parties, they were not before the Court. *Id.*

The district court's analysis in *Ramsek* applies with even more force here. Unlike the governor, Defendants here have the authority to limit prosecutorial discretion for UCMJ actions, and they have represented unequivocally that they will not pursue *any* adverse action solely based on a past failure to follow an order to receive a COVID-19 vaccine against anyone who requested an exemption. A hypothetical, unfounded concern of future prosecution is not enough to overcome mootness.

## II. The Court Should Decertify the Class and Dissolve the Injunctions.

The case should be dismissed in its entirety as moot. But even if the case were not entirely moot, the Court should decertify the class and dissolve the preliminary injunctions because the class no longer has a present injury and does not face irreparable harm.

*Class Certification.* The District Court has a "continuing obligation to ensure that the class certification requirements are met, and . . . to alter or amend the certification order as circumstances change." *Randleman v. Fid. Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011); *see* Fed. R. Civ. P. Rule 23(c)(1) (a class certification order "may be altered or amended before final judgment"). The class here should be decertified because the common questions that formed the basis of the class are no longer relevant to the class as a whole. "[T]he issue unifying the injunctive class no longer exists" now that "[t]he challenged and preliminarily enjoined mandate no longer exists." *Col. FMO*, 2023 WL 2764767, at *3. The Sixth Circuit held two common questions existed for the class: "Does the Air Force have a uniform policy of relying on its generalized interests in the [COVID-19] vaccine mandate to deny religious exemptions regardless of a [S]ervice members' individual circumstances? And does it have a discriminatory policy of broadly denying religious exemptions but broadly granting secular ones?" *Doster*, 54 F.4th at 406. The court went on to state that "[a] ruling for the class [] would permit uniform injunctive relief against the allegedly illegal policies." *Id.* But, even assuming, *arguendo,* that court was

correct, there is no longer any COVID-19 vaccination requirement and those who have religious objections to the available COVID-19 vaccines no longer need to seek an exemption.

The purported class-wide harms also no longer apply. The Sixth Circuit found commonality and typicality, explaining that "the coerced violation of religious beliefs" by requiring the COVID-19 vaccine or not approving a religious exemption request "irreparably harms a class member in the same way that it irreparably harms a Plaintiff." *Doster*, 54 F.4th at 441. But again assuming, *arguendo*, the court ruled correctly, there is no longer any possible coercion because the COVID-19 vaccination policy no longer exists. In *TransUnion LLC v. Ramirez*, the Supreme Court held that thousands of putative class members could not be included in any claim for relief based on a failure to follow proper procedures because "Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not." 141 S. Ct. at 2208 (quoting *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 466 (2106) (Roberts, C.J., concurring)). Many of the class members in this case never suffered any adverse actions and are now no longer at risk of any alleged future harm. The class as currently defined is thus overly broad and should be decertified.

If Plaintiffs argue that some class members have unique circumstances and are still harmed by the now-rescinded mandate, or that the current policies do not do enough for some subset of class members, the currently certified class is not the proper vehicle to adjudicate those individual claims because any such circumstances are likely to involve unique facts and legal issues—not facts or legal issues common to the class as a whole. "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class," and not "when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011).[9]

---

[9] At the very least, the claims of the current class representatives should be dismissed as moot since they no longer have a cognizable injury. If Plaintiffs claim that some unnamed class members still have

*Preliminary Injunctions.* The Court should also dissolve the preliminary injunctions. "To obtain modification or dissolution of an injunction, a movant must demonstrate significant 'changes in fact, law, or circumstance since the previous ruling.'" *In re Ohio Execution Protocol Litig.*, No. 2:11-cv-1016, 2017 WL 3276017, at *2 (S.D. Ohio Aug. 2, 2017), *supplemented*, No. 2:11-cv-1016, 2017 WL 5146293 (S.D. Ohio Oct. 17, 2017) (quoting *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 414 (6th Cir. 2012). The rescission of the COVID-19 vaccination requirement is a significant change. *See, e.g., Log Cabin Republicans v. United States*, 658 F.3d 1162, 1166–68 (9th Cir. 2011) (vacating judgment and injunction); *Doe 2 v. Shanahan*, 755 F. App'x 19 (D.C. Cir. 2019) (dissolving injunction in light of changed military policy); *Wyatt ex rel. Rawlins v. Poundstone*, 941 F. Supp. 1100, 1108 (M.D. Ala. 1996) (indicative ruling that preliminary injunction was moot). Neither the named Plaintiffs nor the class are likely to succeed on the merits of their claims because, as explained above, their claims are moot.

Plaintiffs also cannot show any current substantial burden on their beliefs, nor any threat of irreparable harm, because there is no COVID-19 vaccination requirement and no longer any restrictions on travel (other than potential foreign entry requirements), deployment, training, or duty assignments based on vaccination status. There is no longer "substantial pressure on a religious objecting service member to obey the COVID-19 vaccination order and violate a sincerely held religious belief." *Doster v. Kendall*, 596 F. Supp. 3d 995, 1020 (S.D. Ohio 2022). The standards for a preliminary injunction are no longer met, and the Court should dissolve the injunctions.

## CONCLUSION

For the foregoing reasons, Court should decertify the class, dissolve the preliminary injunctions, and dismiss this case as moot.

---

viable claims, "the Court is [not] required to consider unnamed class members' potential claims in the abstract." *Tate v. Hartsville/Trousdale Cnty.*, No. 3:09-0201, 2010 WL 4822270, at *1 (M.D. Tenn. Nov. 22, 2010). Plaintiffs should identify new representatives and seek to certify a narrower class. *Id.*

Dated: May 2, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Branch Director
Federal Programs Branch

*/s/ Zachary A. Avallone*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
STUART J. ROBINSON
Senior Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
LIAM HOLLAND
CATHERINE YANG
CASSANDRA SNYDER
Trial Attorneys,
Department of Justice
Federal Programs Branch
1100 L Street, N.W., Washington, DC 20005
Tel: (202) 514-2705
Email: zachary.a.avllone@usdoj.gov


*Attorneys for Defendants*

21

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2023, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

/s/ Zachary A. Avallone
Zachary A. Avallone