# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

HUNTER DOSTER, *et al.*,      )
                   )
     Plaintiffs,       )
                   )
        v.         )      No. 1:22-cv-00084
                   )
FRANK KENDALL, *et al.*,    )
                   )
     Defendants.     )
                   )

## DECLARATION OF COLONEL CHRISTOPHER J. SCHUBBE
### in regards to promotion propriety actions

I, Christopher J. Schubbe, hereby state and declare as follows:

1.      I am a Colonel in the United States Air Force currently assigned as the Chief of Investigations, Inquiries & Relief of the Military Justice Domain of The Judge Advocate General's Corps (AF/JAJI).  I have been in this position since July 2022.  As a part of my duties, I am responsible for processing promotion propriety actions (PPAs) for legal review by senior judge advocates, advice by senior Department of the Air Force leaders, and ultimately resolution by the Secretary of the Air Force, the Honorable Frank Kendall (SecAF).

2.      I am generally aware of the allegations set forth in the pleadings filed in this matter.  I make this declaration in my official capacity and based upon my personal knowledge and upon information that has been provided to me in the course of my official duties.

3.      PPAs are governed by 10 U.S.C. §§ 624 and 629 and implementing Department of Defense and Department of the Air Force regulations.  They originate under different

circumstances and contexts, but in general are appropriate for SecAF or commanders to initiate

when there is cause to believe an officer does not meet the exemplary conduct standard of

10 U.S.C. § 9233 or is otherwise not mentally, physically, morally, or professionally qualified to

perform the duties of the next higher grade.  A PPA may be initiated as a delay of the officer's

promotion, which in most cases requires later resolution by SecAF, or as a recommendation to

remove the officer's name from a promotion list, which may only be approved by SecAF.  PPAs

may be resolved through action which approves the officer's promotion with the original date of

rank reinstated, approves the officer's promotion with an adjusted effective date of rank, or

removes the officer's name from a promotion list.  See Department of Defense Instruction

1320.14, *DoD Commissioned Officer Promotion Program Procedures*, Section 3.5(d) and

Department of the Air Force Instruction 36-2501, *Officer Promotions and Selective*

*Continuation*, Chapter 5.  Where an officer's promotion is approved with the original or an

adjusted effective date of rank, the officer receives commensurate back pay to that date and his

or her records are updated for purposes of seniority as if he or she had actually promoted on that

date.

4.      A wing or wing-equivalent commander (typically an officer in the grade of O-6 or O-7)

has the authority to approve a promotion delay for up to six months.  In those cases, my office

does not become aware of the PPA until the commander later recommends an extension of the

promotion delay or resolution of the PPA.  Therefore, at any given time, there are active PPAs

across the various components which comprise the Department of the Air Force of which my

office is unaware.

5.      I am aware of eight PPAs processed by my office while I have been assigned to AF/JAJI

involving members who made religious accommodation requests to be exempted from the then-

2

requirement to receive the COVID-19 vaccine and whose PPAs were based solely on adverse action they received for refusing to receive the COVID-19 vaccine.  Some of the eight were initiated as promotion delays and some were initiated as promotion removal recommendations. Some were initiated before the July 2022 injunction in this case and were held in abeyance by my office as a result of the injunction.  The remainder were received by my office after the COVID-19 vaccine mandate was rescinded in January 2023.

6.      Of the eight cases, five have been resolved by SecAF.  Each of the five was resolved by SecAF approving the officer's promotion with his or her original date of rank reinstated.  Of the remaining three, each is being processed for resolution by SecAF.  Based on their current status and the length of time it took for the first five to be resolved, I would expect the remaining three to be resolved within two months.  However, I do not exercise authority over the various offices which will review the cases before they are ready for resolution by SecAF.

7.      For the reasons described in paragraph 4, above, there may be PPAs pending within the Department of the Air Force involving members of the *Doster* class of which I am unaware. However, given SecAF has directed commanders to "continue processing [PPAs] in accordance with DAFIs 36-2501 and 36-2504," and that they "may only be closed by Secretarial action" (after routing them through my office), I believe there are likely few such PPAs, if any.

        Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of May 2023.


SCHUBBE.CHRIST    Digitally signed by
OPHER.JOSEPH.1    SCHUBBE.CHRISTOPHER.JOS
                  EPH.1137755900
137755900         Date: 2023.05.30 16:50:29 -04'00'

CHRISTOPHER J. SCHUBBE, Colonel, USAF
Chief, Investigations, Inquiries & Relief