IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATTI DIVISION

| | |
|---|---|
| **HUNTER DOSTER**, *et al.*, <br><br>      Plaintiffs, <br><br> v. <br><br> **FRANK KENDALL**, *et al.*, <br><br>      Defendants. | No. 1:22-cv-00084 <br> Hon. Matthew W. McFarland |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully notify the Court of the decision in *Bazzrea v. Mayorkas*, No. 3:22-cv-265, 2023 WL 3958912, --- F. Supp. 3d ---  (S.D. Tex. June 12, 2023). In that case, members of the Coast Guard challenged the Coast Guard's COVID-19 vaccination requirement and brought claims under the Religious Freedom Restoration Act, the Free Exercise Clause of the First Amendment, and other claims.  After briefing from the parties on mootness, the court found the case was moot in its entirety and dismissed the case for lack of jurisdiction. This opinion provides additional authority in support of Defendants' Renewed Motion to Dismiss, ECF No. 111.

Defendants also notify the Court that the Fifth Circuit recently held that Governor Abbott's challenge to the military COVID-19 vaccination requirement as it applied to the Texas National Guard was not moot. *Abbott v. Biden*, No. 22-40399, 2023 WL 3945847, --- F.4th ---- (5th Cir. June 12, 2023). The Fifth Circuit concluded that the Secretary of Defense had "reserved the ability to punish Guardsmen who didn't seek a religious, administrative, or medical accommodation while the mandate was operative," so those "Texas Guardsmen . . . [who] never sought an accommodation while the mandate was in effect" might still be subject to future discipline. *Id.* at *4. But even assuming that the Fifth Circuit correctly interpreted applicable military policies, that

narrow reasoning does not apply to this case since all Plaintiffs and class members sought religious exemptions and are not subject to future punishment for past noncompliance. *See* Defs' Reply, ECF No. 113, Page ID# 5893. Indeed, the Fifth Circuit explained that if there is no further risk of punishment for those who submitted religious accommodation requests to the COVID-19 vaccination requirement, then those claims are "very likely moot." *Abbott*, 2023 WL 3945847, at *4.

Finally, Defendants also notify the Court that the District of South Carolina recently dismissed Coast Guard and Air Force plaintiffs' challenge to their services' COVID-19 vaccination requirements under the Administrative Procedures Act. The court denied plaintiffs' motion for preliminary injunctive relief as moot as well as their motion for reconsideration. *See Clements v. Austin*, No. CV 2:22-2069-RMG, 2023 WL 3479466, at *1 (D.S.C. May 16, 2023). The court provided plaintiffs an opportunity to file an amended complaint, which they declined to do, and the case was dismissed on June 6, 2023. Order, *Clements*, ECF No. 67 (dismissing case). The opinions underlying both the denial of preliminary injunction and reconsideration provide additional authority in support of Defendants' pending motion to dismiss in this case.

Dated: June 13, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

Respectfully submitted,

/s/ *Zachary A. Avallone*
ANDREW E. CARMICHAEL
Senior Trial Counsel
ZACHARY A. AVALLONE
   DC Bar No. 1023361
CASSANDRA M. SNYDER
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-2705

1

Fax: (202) 616-8460
Email: zachary.a.avallone@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2022, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

/s/ Zachary A. Avallone