**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION**

**HUNTER DOSTER,** *et al.,*

    *Plaintiffs*,

v.

**FRANK KENDALL,** *et al.,*

    *Defendants.*

No. 1:22-cv-00084
Hon. Matthew W. McFarland

**DEFENDANTS' MOTION TO STAY**

**INTRODUCTION**

On March 18, 2024, this Court found that this case had become moot in its entirety and granted Defendants' Renewed Motion to Dismiss. Then, on May 1, 2024, Plaintiffs filed a motion seeking more than $1.9 million in attorneys' fees and costs based on preliminary injunctive relief pursuant to 42 U.S.C. § 1988 that was similarly mooted by intervening legislation and vacated by the Supreme Court pursuant to *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950). In their motion for fees and costs, Plaintiffs indicated that they might still appeal this Court's March 18, 2024, decision and seek additional fees related to such an appeal and to any subsequent litigation if that appeal is successful. On May 9, 2024, Plaintiffs filed a notice of appeal. Plaintiffs provide no justification for an interim fee petition that would require this Court to adjudicate fees in a piecemeal fashion. Accordingly, the Court should stay all deadlines related to Plaintiffs' fee petition at least until their appeal has been completed.

There is a second compelling reason to issue a stay: The Supreme Court has recently granted certiorari to consider whether a party may obtain attorneys' fees in exactly this context. In particular, the Supreme Court has granted certiorari in *Lackey v. Stinnie*, No. 23-621, 2024 WL

1706013 (U.S. Apr. 22, 2024), to consider whether a party who obtains preliminary injunctive relief may be considered a prevailing party under 42 U.S.C. § 1988 when that preliminary relief merely predicts likely success on the merits, rather than determines conclusive success on the merits; and whether such a party may be considered a prevailing party under 42 U.S.C. § 1988 when the preliminary relief is later mooted by a non-judicial event, *see* Pet. for Cert. at ii, *Lackey*, No. 23-621 (attached as Exhibit A) ("*Lackey* Pet. for Cert."). These two questions bear directly upon Plaintiffs' entitlement to fees in this case. This Court should therefore also wait to adjudicate Plaintiffs' request for $1.9 million until after the Supreme Court has rendered its decision explaining whether a plaintiff may recover attorneys' fees under these circumstances.

Accordingly, Defendants respectfully request that the Court stay further briefing on attorneys' fees, including Defendants' deadline to respond to Plaintiffs' Motion for Attorneys' Fees and Costs/Interim Attorney Fees and Costs, Doc. 129 ("Pls.' Mot. for Fees"), until both the resolution of Plaintiffs' appeal and the Supreme Court's decision in *Lackey*. Plaintiffs oppose the relief requested herein.

## BACKGROUND

On March 31, 2022, the Court entered a preliminary injunction as to the named Plaintiffs, enjoining Defendants from "taking any disciplinary or separation measures against the Plaintiffs . . . for their refusal to get vaccinated for COVID-19 due to their sincerely held religious beliefs," "on the basis of this lawsuit[,] or their request for religious accommodation from the COVID-19 vaccine." Doc. 47 at PageID 3203–04. On July 14, 2022, the Court certified a class and entered a class-wide temporary restraining order, Doc. 72; and the Court later issued a class-wide preliminary injunction, Doc. 77. On November 29, 2022, the Sixth Circuit affirmed the individual and class-wide injunctions. *Doster v. Kendall*, 54 F.4th 398 (6th Cir. 2022).

A few weeks later, Congress enacted the James M. Inhofe National Defense Authorization

2

Act for Fiscal Year 2023 ("NDAA"), Pub L. No. 117-263, 136 Stat. 2395, which the President signed into law on December 23, 2022. Section 525 of the NDAA directed the Secretary of Defense to rescind, within 30 days, the "mandate that members of the Armed Forces be vaccinated against COVID-19." § 525, 136 Stat. 2571-2572. On January 10, 2023, the Secretary of Defense rescinded the requirement as directed, *see* Doc. 100-1, and the Air Force and the National Guard Bureau subsequently also rescinded prior guidance implementing the COVID-19 vaccination requirement for the Air Force, *see* Doc. 101-1; Doc. 105-1; Doc. 105-2.

The Government filed a petition for rehearing with the Sixth Circuit for the limited purpose of requesting that the court vacate the preliminary injunctions as moot. The Sixth Circuit denied rehearing. *Doster v. Kendall*, 65 F.4th 792, 793 (Mem.) (6th Cir. Apr. 17, 2023). On August 16, 2023, the Government filed a petition for a writ of certiorari with the Supreme Court requesting that the Supreme Court vacate the judgment of the Sixth Circuit and remand with instructions to direct the district court to vacate its orders as moot under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950). On December 11, 2023, the Supreme Court granted that relief. *Kendall v. Doster*, No. 23-154, 2023 WL 8531840 (Mem.) (U.S. Dec. 11, 2023). The Sixth Circuit subsequently issued an order vacating its judgment and remanding to this Court on January 17, 2024. *Doster v. Kendall*, No. 22-3497 (6th Cir. Jan. 17, 2024). On January 18, 2024, this Court vacated the preliminary injunction orders as moot. Order Vacating Prelim. Injs., Doc. 123. And on March 18, 2024, this Court dismissed this case as moot and entered judgment. Docs. 127, 128.

On May 1, 2024, Plaintiffs moved for attorneys' fees and costs. *See* Pls.' Mot. for Fees, Doc. 129. Plaintiffs indicated therein that they were still deciding whether to appeal this Court's dismissal of the case, and that they may seek additional fees related to such appeal. *Id.* at PageID 6000 n.1. On May 7, 2024, therefore, Defendants moved to stay their deadline to respond to Plaintiffs' motion for attorneys' fees until after Plaintiffs decided whether to appeal. Doc. 130. Plaintiffs did not

3

oppose that relief, and this Court granted Defendants' request the following day, on May 8, 2024. *See* May 8, 2024 Minute Order. Later that same day, Plaintiffs filed a notice of appeal. Doc. 132. Accordingly, Defendants' current deadline to respond to Plaintiffs' motion for attorneys' fees is May 29, 2024. *See* May 8, 2024 Minute Order.

## ARGUMENT

This Court should stay briefing on Plaintiffs' motion for attorneys' fees pending the resolution of Plaintiffs' appeal and the Supreme Court's resolution of *Lackey*, No. 23-621, 2024 WL 1706013. "A district court possesses the inherent power to stay proceedings based on its authority to 'control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants[.]'" *Griffith v. Menard, Inc.*, No. 2:18-CV-81, 2018 WL 1907348, at *2 (S.D. Ohio Apr. 23, 2018) (quoting *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014)); *see also Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936). Although there is no precise test for considering when a stay of further proceedings is appropriate, courts often consider "(1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court." *Griffith*, 2018 WL 1907348, at *2. Each of these factors weighs in favor of a stay here.

First, this Court should stay further briefing on attorneys' fees pending the resolution of Plaintiffs' appeal. Plaintiffs' appeal will be resolved on either the deadline for seeking certiorari following the Sixth Circuit's decision; or, if either party seeks certiorari, then through the conclusion of any subsequent Supreme Court review. As Defendants have noted, *see* Defs.' Unopposed Mot. to Extend, Doc. 130 at PageID 6188, "many courts have found it prudent for reasons of judicial economy to defer ruling on a request for attorney's fees until after an appeal has been completed." *Kryder v. Estate of Rogers*, 321 F. Supp. 3d 803, 809–10 (M.D. Tenn. 2018) (collecting cases). The

4

notes to the Federal Rules of Civil Procedure expressly contemplate discretionarily staying consideration of fees until resolution of an appeal. *See* Fed. R. Civ. P. 54 advisory committee's note to 1993 amendment ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."). It makes little sense to engage in piecemeal litigation of attorneys' fees here. Any grant of interim attorneys' fees now may yet be overcome by future events. *See, e.g.*, *Nat'l Farmers' Org., Inc. v. Associated Milk Producers, Inc.*, 850 F.2d 1286, 1312 (8th Cir. 1988) ("[R]ather than undertaking the time-consuming task of determining a reasonable attorney's fee, only to see the effort overturned . . . the district court wisely deferred ruling on attorney's fees and costs pending appeal[.]"). If Plaintiffs are successful on appeal, then the district court proceedings would reopen and the parties would proceed with litigation—making consideration of attorneys' fees premature. For instance, if Plaintiffs subsequently lose on the merits then they would not be entitled to any fees, regardless of the preliminary injunctive relief. *See Sole v. Wyner*, 551 U.S. 74, 86 (2007) ("[A] plaintiff who gains a preliminary injunction does not qualify for an award of counsel fees under § 1988(b) if the merits of the case are ultimately decided against her."). Even if Plaintiffs subsequently won on the merits, a fee petition at the conclusion of those proceedings would look very different from the current preliminary fee petition. Plaintiffs themselves stated in their motion for attorneys' fees that "if any appeal is successful, then Plaintiffs would seek additional attorney fees and costs for the appeal and subsequent litigation." Pls.' Mot. for Fees, Doc. 129 at PageID 6000 n.1.

And if Plaintiffs are *not* successful on appeal, such decision would likewise bear directly on the current fee petition. Plaintiffs do not disclaim an intent to seek additional fees even if their appeal is unsuccessful. But in any event, Plaintiffs' failure to prevail on appeal would certainly inform any claim to entitlement to fees, not to mention the reasonableness of any such fees.

5

Adjudicating Plaintiffs' request for interim fees now would therefore require unnecessary piecemeal litigation of attorneys' fees—made particularly inefficient and under potentially contradictory standards depending on the Supreme Court's decision in *Lackey*, as discussed below. *See Nat'l Farmers' Org.*, 850 F.2d at 1312 ("Any award of attorney fees that would be based on judgments that are subject to immediate appellate review would be nothing more than an exercise in futility . . . .").

Granting interim attorneys' fees in this case would be especially inefficient given the substantial legal and factual issues involved. A district court "may prefer to defer consideration of [a] claim for fees until after [an] appeal is resolved" especially where "the claim for fees involves substantial issues." *Price v. Medicaid Dir., Office of Med. Assistance*, No. 1:13-cv-74, 2016 WL 8201769, at *1 (S.D. Ohio Feb. 1, 2016) (quoting Fed. R. Civ. P. 58 advisory committee's notes to 1993 amendments). Here, Plaintiffs' "claim for fees involves substantial issues" that "will take substantial resources for . . . Defendants to respond to . . . and for the Court to rule upon." *Id.* Plaintiffs have attached 151 pages of exhibits to their motion for fees, including 109 pages of billing records. *See id.* (staying consideration of attorneys' fees where plaintiffs attached 150 pages of exhibits to motion for fees); *see also* Docs. 129-1, 129-2, 129-3, 129-4 (exhibits to motion for fees). And the parties fundamentally disagree on a host of legal issues, including Plaintiffs' status as a prevailing party; the extent to which preliminary injunctive relief entitles a party to fees related to the entire case; the reasonableness of the rates; and the reasonableness of the hours billed. Staying consideration of fees until judgment is finalized will ensure that all fees and issues are considered at the same time and no fees are granted prematurely and subsequently mooted.

Second, this Court should stay consideration of Plaintiffs' motion for attorneys' fees until the Supreme Court's resolution of *Lackey*, No. 23-621, 2024 WL 1706013, during its October 2024 term. The Supreme Court recently granted certiorari in *Lackey* on the following questions:

> 1. Whether a party must obtain a ruling that conclusively decides the merits in its favor, as opposed to merely predicting a likelihood of later success, to prevail on the

6

>merits under 42 U.S.C. § 1988.
>
>2. Whether a party must obtain an enduring change in the parties' legal relationship from a judicial act, as opposed to a non-judicial event that moots the case, to prevail under 42 U.S.C. § 1988.

*See Lackey* Pet. for Cert. at ii, 2023 WL 8544586 (U.S. Nov. 20, 2023). Because Plaintiffs have sought fees pursuant to 42 U.S.C. § 1988, both questions bear directly on Plaintiffs' entitlement to fees in this case.

As to the first certified question, Plaintiffs premise their fee request on the preliminary injunctions granted in this case—including the preliminary injunction as to the named Plaintiffs (Doc. 47), and the preliminary injunction extending relief to the class (Doc. 77). *See* Mot. for Fees, Doc. 129 at PageID 6006–07 (arguing that preliminary injunctions bestowed prevailing-party status on Plaintiffs). Both preliminary injunctions granted relief on the basis of likely success on the merits, not conclusive success on the merits. *See* Doc. 47 at PageID 3193 ("Plaintiffs have a likelihood of success on the merits of their RFRA claim."); *id.* at PageID 3197 ("Plaintiffs have established a likelihood of success on the merits of their Free Exercise Clause claim[.]"); Doc. 77 at PageID 4538 (extending preliminary injunctive relief to the class "for the reasons discussed in this Court's Order" granting a preliminary injunction as to the named Plaintiffs). Accordingly, the Supreme Court's decision on "[w]hether a party must obtain a ruling that conclusively decides the merits in its favor, as opposed to merely predicting a likelihood of later success, to prevail on the merits under 42 U.S.C. § 1988," *Lackey* Pet. for Cert. at ii, will resolve one of the primary issues in this dispute related to attorneys' fees.

As to the second certified question, Plaintiffs argue that the preliminary injunctions effected "enduring" change because they were kept in place until "intervening legislation" mooted the case. Pls.' Mot. for Fees at PageID 6008. Plaintiffs concede that the preliminary injunctions themselves did not effect enduring change—rather, Plaintiffs argue that preliminary relief "was left on the

7

books long enough for *legislative changes*" to grant the enduring relief that Plaintiffs sought. *Id.* at PageID 6009–10 (emphasis added); *see also id.* at PageID 6007 ("[T]he injunction was kept in place . . . for sufficient enough time for Congress to ultimately direct the repeal of the very mandate from which Plaintiffs sought an exemption."). Indeed, this Court held that the rescission of the mandate is "a non-judicial event that moot[ed] the case." *Lackey* Pet. for Cert. at ii; Order Granting Defendants' Renewed Mot. to Dismiss, Doc. 127 ("Order Granting MTD") at PageID 5991–92, 5997 (holding that "the rescission of the mandate and the Supreme Court's decision instructing this Court to vacate its preliminary injunctions as moot" mooted this case in its entirety). Accordingly, the Supreme Court's decision on "[w]hether a party must obtain an enduring change in the parties' legal relationship from a judicial act, as opposed to a non-judicial event that moots the case, to prevail under 42 U.S.C. § 1988," *Lackey* Pet. for Cert. at ii, will resolve one of the primary issues in dispute related to attorneys' fees.

For all these reasons, a stay would serve the additional factors of simplifying the issues and reducing the burden of litigation for both the parties and the court. *See Griffith*, 2018 WL 1907348, at *2. Indeed, as noted above, a stay would ensure that all fees and issues are considered at the same time and under the proper standard, rather than piecemeal under potentially different standards.

Delaying consideration of attorneys' fees is especially important given the significant amount of fees that Plaintiffs request. Plaintiffs request over $1.9 million, and have indicated an intent to seek even more following their appeal. *See* Mot. for Fees, Doc. 129 at PageID 6000 n.1, 6019. Should the Court adjudicate Plaintiffs' request for interim fees now, before the Supreme Court rules in *Lackey*, Plaintiffs could receive an enormous "windfall[]" amount to which they may not be entitled under the Supreme Court's forthcoming decision. *See Farrar v. Hobby*, 506 U.S. 103, 115 (1992) (noting that prevailing-party "fee awards under § 1988 were never intended to produce windfalls to attorneys").

8

Finally, Plaintiffs will not be prejudiced by a temporary stay of briefing on attorneys' fees pending resolution of their own appeal and the Supreme Court's resolution of *Lackey*. This case has been dismissed as moot, *see* Order Granting MTD, Doc. 127, so Plaintiffs cannot be prejudiced or tactically disadvantaged by a temporary delay in adjudicating interim attorneys' fees—especially while Plaintiffs' own appeal is ongoing. The benefit of waiting for the Supreme Court's decision in *Lackey*, which will resolve multiple issues central to the attorneys' fees dispute, and the benefit of waiting for the resolution of Plaintiffs' appeal, which will directly impact their fee petition, vastly outweighs any inconvenience to Plaintiffs' counsel in a temporary delay in obtaining attorneys' fees, if any fees are due.

Accordingly, Defendants respectfully request that this Court stay briefing on attorneys' fees, including Defendants' deadline to respond to Plaintiffs' motion for fees, until after the Supreme Court's resolution in *Lackey* and the resolution of Plaintiffs' appeal (*i.e.*, either the deadline to seek certiorari following the Sixth Circuit's decision; or, if either party seeks certiorari, then through the conclusion of any subsequent Supreme Court review). Defendants propose that the parties submit a joint status report proposing next steps within fourteen days after both *Lackey* and Plaintiffs' appeal have been resolved. Alternatively, if the Court is not inclined to grant a stay, Defendants respectfully request that the Court grant Defendants an extension of twenty-one days from the date of this Court's order denying the stay to respond to Plaintiffs' motion for fees.

Dated: May 14, 2024                                     Respectfully submitted,

                                                        BRIAN M. BOYNTON
                                                        Principal Deputy Assistant Attorney General
                                                        Civil Division

                                                        ALEXANDER K. HAAS
                                                        Director
                                                        Federal Programs Branch

9

LAUREN A. WETZLER
Deputy Director
Federal Programs Branch

*/s/ Cassandra M. Snyder*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
STUART J. ROBINSON
Senior Counsel
LIAM HOLLAND
CATHERINE YANG
CASSANDRA SNYDER
Trial Attorneys
Department of Justice
Federal Programs Branch
1100 L Street, N.W., Washington, DC 20005
Tel: (202) 451-7729
Email: cassandra.m.snyder@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2024, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

                                                                                                  */s/ Cassandra M. Snyder*
                                                                                                  Cassandra M. Snyder