**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – at Cincinnati**

| | | |
|---|---|---|
| **HUNTER DOSTER, et al.,** | : | **Case No. 1:22-cv-00084-MWM** |
| **Plaintiffs,** | : | |
| **v.** | : | |
| **FRANK KENDALL, et al.,** | : | |
| **Defendants.** | : | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR A STAY AND**
**PLAINTIFFS' REQUEST FOR PERMISSION TO SUPPLEMENT THEIR FEE**
**APPLICATION AT THE END OF ANY STAY GRANTED**

Defendants, through Counsel, have asked this Court for a stay on the completion of briefing for Plaintiffs' pending motion for attorneys' fees and costs (Doc. 129). Defendants seek a stay "at least until [Plaintiffs'] appeal has been completed," and also until after the Supreme Court decides *Lackey v. Stinnie*, No. 23-621, 2024 WL 1706013 (U.S. Apr. 22, 2024), which will address a circuit split on when a party is considered a prevailing party after obtaining a preliminary injunction. (Doc. 134.)

Plaintiffs oppose Defendants' stay request for three reasons: (i) this Court entered a final judgment, thus a motion for attorneys' fees and costs is now ripe. It is appropriate for the Court to undertake that task now even though there will be additional litigation because, regardless of the outcome of the pending appeal, nothing in that appeal will undo Plaintiffs' prevailing party status under Sixth Circuit case law; (ii) there is a unanimous consensus among all the federal circuits that a preliminary injunction can confer prevailing party status. For this reason, it is extremely unlikely that the Supreme Court is going to depart from every single federal circuit in addressing that issue and denying prevailing party status in every instance of a preliminary injunction. And, as it turns out, the Sixth Circuit has one of the most onerous prevailing party standards in all of the federal

1

circuits, yet that standard is met here, and so *Lackey* will not be outcome determinative of the pending fee motion; and (iii) the factors for a stay simply are not met here.

However, if the Court is inclined to grant a stay, Plaintiffs respectfully request permission to supplement their motion for attorneys' fees and costs at the conclusion of any stay period.

1. **This Court entered a final judgment, so a motion for attorneys' fees and costs is now ripe. It is appropriate for the Court to undertake that task now because, regardless of the outcome of the pending appeal, nothing in that appeal will undo Plaintiffs' prevailing party status under Sixth Circuit case law**

First, to address Defendants' false contention that there is no authority for Plaintiffs' fee application, it is a fact that the dismissal of this case (Doc. 127 and 128) *is* a final order. And the clerk's judgment entered in accordance with the opinion makes that fact clear. (Doc. 128.) Under FRCP 54(a), the order was final – and Defendants do not actually contend that Plaintiffs' appeal is not from a final order. (Doc. 134.) Under FRCP 54(d)(2) and L.R. 54.2, "a motion for attorney's fees under Fed. R. Civ. P. 54 must be filed not later than forty-five days after the entry of judgment." L.R. 54.2. Again, Defendants do not contend otherwise. Plaintiffs' fee motion is ripe.

Defendants cite *Kryder v. Estate of Rogers*, 321 F. Supp. 3d 803, 809–10 (M.D. Tenn. 2018) as a basis for a stay contending that the "many courts have found it prudent for reasons of judicial economy to defer ruling on a request for attorney's fees until after an appeal has been completed."

Yet that same case makes clear that the weight of authority is in favor of determining fees promptly and not awaiting a determination of an appeal. "Under the Advisory Committee Notes relating to judgments, '**[i]f an appeal on the merits of the case is taken**, the [district] court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice[.]'" *Id.* at 809, *citing* Fed. R. Civ. P. 54(d) Advisory Committee Notes, 1993 Amendments (emphasis added). Yet here, the fundamental underpinning of the advisory

committee note, and the premise of Defendants' motion for stay, is missing. Here, there is *no appeal* of the *merits* of the case. Here, there is only an appeal of a mootness determination raising the issue of whether additional relief is appropriate. Simply put, the permissive advisory committee note is not triggered, so no permissive stay is warranted.

In fact, the cases that suggest deferring adjudication for an appeal have *only* employed that procedure when an appeal will or could actually <u>change the outcome of the merits</u>. *See, e.g., Kryder*, 321 F. Supp. 3d 803 (deferring because summary judgment may be reversed potentially changing prevailing party analysis); *United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, No. 5:13CV2145, 2016 U.S. Dist. LEXIS 45955, 2016 WL 1321521, at *1 (N.D. Ohio Apr. 5, 2016) (deferring ruling on request for attorneys' fees because there was an appeal on the merits that may affect prevailing party analysis); *Medison Am., Inc. v. Preferred Med. Sys., LLC*, No. 05-2390-V, 2008 U.S. Dist. LEXIS 130062, 2008 WL 11411339, at *2 (W.D. Tenn. Jan. 29, 2008) (same).

Here, and as briefed in Plaintiffs' motion for attorneys' fees (Doc. 129), that is not the case. The preliminary injunctions were issued based on an analysis of the merits (Doc. 47, 72, 77), were not undone on the merits (Doc. 123), and irrevocable relief was granted to the named Plaintiffs and the class that remained of record for a substantial period of time (Doc. 129) – enough time for Congress and the Department of Defense and the Department of the Air Force to rescind and correct most of the harm, permitting the vacating of those preliminary injunctions on grounds of mootness. (*See* Doc. 129.) That was enough to confer prevailing party status under applicable Sixth Circuit precedent. *See* Doc. 129; *Roberts v. Neace*, 65 F.4th 280 (6th Cir. 2023).

The question on appeal here will not undo those salient facts or the law; the appeal issue is merely whether *additional* relief is appropriate – specifically whether the Court can legally award

3

equitable restitution in the form of lost retirement points and back pay to reservists who were discriminated against.

Defendants contend that the appeal could somehow undo those salient events and determinations, and Defendants cite inapposite cases wherein a merits-based appeal could actually change the final outcome of the prevailing party analysis. *See, e.g., Nat'l Farmers' Org., Inc. v. Associated Milk Producers, Inc.*, 850 F.2d 1286, 1312 (8th Cir. 1988). Once again, that is not the case with the pending appeal. And the chances of the Sixth Circuit ultimately reversing course *on the merits*, given a still published and binding stay decision that weighed the merits, is near (if not) zero. *See Doster v. Kendall*, 48 F.4th 608 (6th Cir. 2022). In that regard, the chance of invoking *Sole v. Wyner*, 551 U.S. 74, 86 (2007), is near (if not) zero.

Defendants suggest that if the appellate court reverses, and litigation continues, that a fee application may look different (if by different, they mean higher in that more hours will be incurred and the rates will change under the *Rubin* factors because of the yearly inflationary adjustment, then they are correct). Yet that scenario is common with protracted civil rights litigation.

And case law is equally clear that, in those instances, an attorney fee application is appropriate where prevailing party status has been clearly established. In *Webster v. Sowders*, 846 F.2d 1032 (6th Cir. 1988), the Court summarized the law concerning interim awards of fees:

> Interim attorney fees awarded during the pendency of litigation are permissible and thus within the authority of the district court when the court has entered a concrete order that determines substantial rights of the parties, meaning when a party has prevailed on the merits of at least some of his claims. Interim fees are especially appropriate when a party has prevailed on an important matter in a case, even if the party ultimately does not prevail on all issues. The Supreme Court has declared that, particularly in complex cases of long duration, delaying a fee award until the conclusion of litigation would work substantial hardship on plaintiffs and their counsel and discourage the institution of actions that Congress intended to encourage by passage of attorney fee statutes.

> It is true that a party may be considered "prevailing" under 42 U.S.C. § 1988 when, as here, he has secured preliminary but not yet permanent injunctive relief. However, to qualify a plaintiff as "prevailing" the preliminary relief obtained must represent an unambiguous indication of probable success on the merits, and not merely a maintenance of the status quo ordered because the balance of equities greatly favors the plaintiff. …

*Id.* at 1036 (internal citations and quotation marks omitted). *See also Doe v. Baum*, 2019 U.S. Dist. LEXIS 169625 (MIED 2019) (explaining that interim fees were not appropriate because the litigation had not yet reached the point where Plaintiff was a prevailing party); *Tucker v. City of Fairfield*, 2006 U.S. Dist. LEXIS 16996 (SDOH 2006) (same); *Arriola v. Kentucky*, 2019 U.S. App. LEXIS 24117 (6th Cir. 2019 (same).

Defendants unconvincingly argue that an adverse determination on the present appeal could inform the fee application analysis. (Doc. 134 at 5-6.) Yet Defendants fail to explain how that is or could be so. If the additional requested relief is not warranted, it is not warranted. But it would not change the fact that preliminary injunctions were issued based on an analysis of the merits and after a hearing (Doc. 47, 72, 77), were not undone on the merits (Doc. 123), and irrevocable relief was granted to the named Plaintiffs and the class that remained of record for a substantial period of time (Doc. 129) – enough time for Congress and the Department of Defense and the Department of the Air Force to rescind and correct most of the harm, permitting the vacating of those preliminary injunctions on grounds of mootness. (*See* Doc. 129.) Nor would it undermine the law that these events were enough to confer prevailing party status under applicable Sixth Circuit precedent. *See* Doc. 129; *Roberts v. Neace*, 65 F.4th 280 (6th Cir. 2023).

Defendants acknowledge they disagree with the foregoing analysis and intend, unsurprisingly, to oppose Plaintiffs' motion for fees. Defendants then bootstrap their disagreement into an issue that, they boldly assert, warrants a stay. (Doc. 134 at 6.) In support, Defendants cite

the unpublished *Price v. Medicaid Dir., Office of Med. Assistance*, No. 1:13-cv-74, 2016 WL 8201769, at *1 (S.D. Ohio Feb. 1, 2016). Yet that case also involved a stay in the face of an appeal on the merits, an appeal that could affect the prevailing party determination – something that is unquestionably not the case here.

> **2. There is a unanimous consensus among all the federal circuits that a preliminary injunction can confer prevailing party status. For this reason, it is extremely unlikely that the Supreme Court is going to depart from every single federal circuit in addressing that issue and denying prevailing party status in every instance of a preliminary injunction. And, the Sixth Circuit has one of the most onerous prevailing party standards in all of the federal circuits for a prevailing party, yet that standard is met here, and so *Lackey* will not be outcome determinative of the fee motion.**

Defendants next claim that the determination in *Lackey v. Stinnie*, No. 23-621, 2024 WL 1706013 (U.S. Apr. 22, 2024) may change the result in this case, warranting a stay. Not so. First, the Supreme Court has repeatedly been asked to review the Sixth Circuit's prevailing party law in a preliminary injunction context and has repeatedly declined to do so. *See Planned Parenthood Sw. Ohio Region v. Dewine*, 931 F.3d 530 (6th Cir. 2019), *cert. denied at Yost v. Planned Parenthood Sw. Ohio Region*, 207 L. Ed. 2d 1115 (2020); *Tennessee State Conf. of the NAACP v. Hargett*, 53 F.4th 406 (6th Cir. 2022), *cert. denied at Hargett v. Tenn. State Conf. of the NAACP*, 143 S. Ct. 2609 (2023).

As noted, the Sixth Circuit has one of the most onerous standards in the country for prevailing party status for preliminary injunctions. As Chief Judge Sutton recently explained in *Roberts v. Neace*, 65 F.4th 280, 284 (6th Cir. 2023), a preliminary injunction confers prevailing party status in the Sixth Circuit when "it mainly turns on the likelihood-of-success inquiry and changes the parties' relationship in a material and enduring way." Prevailing party status is not conferred by a preliminary injunction that does not address the merits, was hastily entered without a hearing, or that is undone on the merits. *Id.* And the court-ordered change requirement is met

where a court order stops the government from acting towards the plaintiffs in ways that the government previously resisted. *Id.* The Sixth Circuit also looks at the time period that the injunctive relief endured, with six months or longer counting towards enduring relief for First Amendment protected activities. *Id.* at 285.

Here, preliminary injunctions were issued based on an analysis of the merits and after a hearing (Doc. 47, 72, 77), were not undone on the merits (Doc. 123), and irrevocable relief was granted to the named Plaintiffs and the class that remained of record for a substantial period of time (Doc. 129) – enough time for Congress and the Department of Defense and the Department of the Air Force to rescind and correct most of the harm, permitting the vacating of those preliminary injunctions on grounds of mootness. (*See* Doc. 129.)  All of that is to say, again, that the relief to date satisfies the Sixth Circuit standard. *See Roberts v. Neace*, 65 F.4th 280, 284-285.

Other circuits have not imposed these onerous requirements for prevailing party determinations in preliminary injunctions. In the First Circuit, only a court-ordered "material alteration of the parties' legal relationship that has taken place as a result of the litigation" is required. *Hutchinson ex rel. Julien v. Patrick*, 636 F.3d 1, 8 (1st Cir. 2011). The same is true in the Second, Ninth, Tenth, Eleventh, and D.C. Circuits. *See Vacchio v. Ashcroft*, 404 F.3d 663, 674 (2d Cir. 2005); *Higher Taste v. City of Tacoma*, 717 F.3d 712 (9th Cir. 2013); *Kan. Judicial Watch v. Stout*, 653 F.3d 1230 (10th Cir. 2011); *Common Cause/Georgia v. Billups*, 554 F.3d 1340 (11th Cir. 2009); *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939 (D.C. Cir. 2005).

Yet the Sixth Circuit is joined in its analysis, of requiring a merits-based preliminary injunction that is on the books a fair amount of time, providing relief that is not undone on the merits, to be sufficiently enduring to grant prevailing party status, by the Third, Fourth, Seventh, and Eighth Circuits. *See People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226 (3d

Cir. 2007); *Stinnie v. Holcomb*, 77 F.4th 200 (4th Cir. 2023); *Dupuy v. Samuels*, 423 F.3d 714 (7th Cir. 2005); *N. Cheyenne Tribe v. Jackson*, 433 F.3d 1083 (8th Cir. 2006). Only the Fifth Circuit is an outlier requiring that the mooting event be in response (usually established through timing considerations) to the preliminary injunction. *See Dearmore v. City of Garland*, 519 F.3d 517 (5th Cir. 2008).

Regardless of whether the Supreme Court adopts the less stringent test employed by the First, Second, Ninth, Tenth, Eleventh, or D.C. Circuits, or the more stringent test employed by the Third, Fourth, Sixth, Seventh, and Eighth Circuits, the result is the same: Plaintiffs are prevailing parties under either of these tests. (*See* Doc. 129.)

Given *de novo* review of the prevailing party question in the Sixth Circuit, *Radvansky v. City of Olmsted Falls*, 496 F.3d 609, 619 (6th Cir. 2007), judicial economy favors resolving the fee question now, and the Sixth Circuit plainly can apply the outcome of *Lackey* to any fee appeal.

### 3. The factors for a stay are not met here.

Defendants point to *Griffith v. Menard, Inc.*, No. 2:18-CV-81, 2018 WL 1907348, at *2 (S.D. Ohio Apr. 23, 2018) (*quoting FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014)) and *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936) for the factors for a stay. Although there is no precise test for considering when a stay of further proceedings is appropriate, courts often consider "(1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court." *Griffith*, 2018 WL 1907348, at *2. Defendants argue that all these factors are in their favor, but that plainly is not the case. As to the first factor, and as demonstrated above, there is no need for a stay; further, a stay to await litigation that will not change the outcome of Plaintiffs'

8

prevailing party status, or to permit the Supreme Court to resolve a circuit split that will not change the outcome of Plaintiffs' prevailing party status, is unnecessary. As to the second factor, the stage of litigation is the eleventh hour – the Court has dismissed the matter and while that determination is on appeal, a stay is not warranted.

As to the third factor, Defendants have the gall to assert there will be no prejudice from their requested delay. Defendants are wrong. Plaintiffs will be prejudiced – a stay that could last a year or more and the delay of payment to counsel who have already devoted more than two years' worth of significant amounts of attorney time in highly contested litigation with the United States government (who has asymmetrical resources) is a hardship. As proof of wanting their cake and eating it too, Defendants complain about the lengthy pages of documentation contained in counsel's invoices, while completely ignoring the fact that if Defendants get their way, relatively small law firms must continue to await payment after having devoted significant resources combating Defendants' unconstitutional activities.

As to the fourth factor, there is no simplifying the issues that would result from a stay here – the Court should adjudicate the fee issue now, to permit prompt review, as an appeal of any fee award is forthcoming regardless of the determination, and it behooves everyone to address that issue now, rather than later so that the Sixth Circuit can weigh in.

Finally, and as noted, there is no burden that will be reduced by a stay. Appellate proceedings of any fee decision are going to occur, and it is most economical to have those occur sooner rather than later.

### 4. If this Court does grant a stay, Plaintiffs should be permitted, within 30 days after the conclusion of the stay, to supplement their fee application.

While Plaintiffs believe a stay would be inappropriate and would increase the burden on the instant firms in continuing to carry this litigation, if the Court grants a stay, it should permit

Plaintiffs, within 30 days of the lifting of any stay, to supplement their fee application. That supplementation would first be with respect to the then-current *Rubin* rates, which will have an inflationary adjustment for the passage of time (and depending on the length of the stay, some of the billing attorneys may move into other categories). Current year rates are awarded because they are "a reasonable way to account for the delay in payment to plaintiff's attorneys while this case has been pending." *See Lankford v. Reladyne, LLC*, 2016 U.S. Dist. LEXIS 85003 at *10 (SDOH 2016); *Barnes v. City of Cincinnati*, 401 F.3d 729, 745 (6th Cir. 2005) (using the "current" market rate in calculating plaintiff's attorney fees "because the litigation had been ongoing for nearly six years"); *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 617 (6th Cir. 2007) (awarding 2004 rates for work done in 2001, 2002, and 2003 to compensate the firm for waiting several years for payment); *Bank One, N.A. v. Echo Acceptance Corp.*, 595 F. Supp. 2d 798, 801 (SDOH 2009).

It would also include supplementation with respect to additional time incurred in this litigation.

## CONCLUSION

Defendants' stay motion should be denied. But if it is granted, Plaintiffs respectfully request permission to supplement their fee applications within 30 days of any lifting of a stay.

Respectfully submitted,

*/s/ Christopher Wiest*
Christopher Wiest (OH 0077931)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
513/257-1895 (c)
chris@cwiestlaw.com

*/s/ Thomas Bruns*
Thomas Bruns (OH 0051212)
Bruns Connell Vollmar Armstrong LLC
4555 Lake Forest Dr., Suite 330

*/s/ Aaron Siri*
Siri Glimstad, LLP
Aaron Siri (admitted PHV)
Elizabeth A. Brehm (admitted PHV)
Wendy Cox (admitted PHV)
200 Park Avenue, 17th Floor
New York, NY 10166
(212) 532-1091 (v)
(646) 417-5967 (f)
aaron@sirillp.com

Cincinnati, OH 45242
tbruns@bcvalaw.com
513-312-9890                                    *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon all Counsel of record, this 23 day of May, 2024, through CM/ECF, which will provide service to all counsel of record.

*/s/ Christopher Wiest*_____
Christopher Wiest (OH 0077931)