IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| HUNTER DOSTER, et al., | : Case No. 1:22-cv-84 |
| Plaintiffs, | : Judge Matthew W. McFarland |
| v. | : |
| HON. FRANK KENDALL, et al. | : |
| Defendants. | : |

### ORDER GRANTING DEFENDANTS' MOTION TO STAY (Doc. 134)

This matter is before the Court on Defendants' Motion to Stay (Doc. 134). Defendants initially sought to stay briefing on the issue of attorneys' fees. (*Id.*) Now that Plaintiffs' Motion for Attorneys' Fees has been fully briefed, Defendants request that the Court defer ruling on the matter. (Response, Doc. 140, Pg. ID 6409.) Plaintiffs oppose this request. (Reply, Doc. 143, Pg. ID 6671.) Thus, this matter is ripe for the Court's review. For the following reasons, the Court **GRANTS** Defendants' Motion to Stay (Doc. 134) as it relates to the resolution of this matter.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "In deciding whether to grant a stay, courts commonly consider factors such as: (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court." *Zimmers v. Eaton*

*Corp.*, No. 15-CV-2398, 2016 WL 1322343, at *2 (S.D. Ohio Apr. 5, 2016).

Defendants request that the Court stay this matter until the Sixth Circuit decides Plaintiffs' appeal of this Court's Order Granting Defendants' Renewed Motion to Dismiss (Doc. 127) and the Supreme Court decides *Lackey v. Stinnie*, No. 23-621 (2024). (Motion to Stay, Doc. 134, Pg. ID 6199.) The Court agrees that a stay is proper under these circumstances.

Plaintiffs' pending appeal in this case and the forthcoming Supreme Court decision both demonstrate the need for a stay. First, the Sixth Circuit's review of this Court's dismissal order may implicate the scope and appropriateness of attorneys' fees. Second, the Supreme Court granted certiorari in *Lackey v. Stinnie* on two pertinent questions: (1) "Whether a party must obtain a ruling that conclusively decides the merits in its favor, as opposed to merely predicting a likelihood of later success, to prevail on the merits under 42 U.S.C. § 1988" and (2) "Whether a party must obtain an enduring change in the parties' legal relationship from a judicial act, as opposed to a non-judicial event that moots the case, to prevail under 42 U.S.C. § 1988." Pet. for Cert., *Lackey v. Stinnie*, No. 23-621, 2023 WL 8544586, cert. granted, 144 S. Ct. 1390 (Apr. 22, 2024). These decisions will address issues directly related to the present matter. Accordingly, a stay will promote judicial economy, simplify the issues, and avoid piecemeal litigation. *See, e.g., N.B. by Bray v. HealthSource of Ohio, Inc.*, No. 1:23-CV-386, 2024 WL 476959, at *2 (S.D. Ohio Jan. 24, 2024).

Plaintiffs counter that they would be prejudiced by a delayed adjudication of attorneys' fees. (Plaintiffs' Response, Doc. 135, Pg. ID 6382.) While a stay may delay

adjudication of attorneys' fees, the Court does not find this to be unduly prejudicial given the current posture of the litigation. In any event, the other factors strongly support a stay in this matter. For these reasons, the Court finds a stay to be appropriate.

On a related note, Plaintiffs request permission to supplement their fee application within 30 days after the conclusion of the stay. (Response, Doc. 135, Pg. ID 6383-84.) The Court reserves ruling on this request until the parties submit their joint status report as described below.

Accordingly, the Court **ORDERS** the following:

1) Defendants' Motion to Stay (Doc. 134) is **GRANTED**;

2) This matter is **STAYED**;

3) The parties are **ORDERED** to file a joint status report within fourteen (14) days after both *Lackey* and Plaintiffs' appeal have been resolved; and

4) Plaintiffs' Motion for Leave to File Excess Pages (Doc. 142) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND

3